UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE No. 9:18-cv-81761-ROSENBERG/REINHART

CHIRON RECOVERY CENTER, LLC, a Florida
limited liability company; A.A., an individual; A.B., an
individual; A.E., an individual; A.M., an individual;
A.N., an individual; A.P., an individual; A.R., an
individual; B.B., an individual; B.J., an individual;
B.L., an individual; B.J.W., an individual; B.W., an
individual; C.B., an individual; C.C., an individual;
C.M., an individual; C.W., an individual; D.A., an
individual; D.C., an individual; D.R., an individual;
E.R., an individual; E.S., an individual; G.K., an
individual; J.B., an individual; J.R., an individual; J.W.,
an individual; J.M., an individual; K.B., an individual;
K.H., an individual; Ke.M., an individual; Ko.M., an
individual; K.N., an individual; K.R., an individual;
K.A.R., an individual; K.W., an individual; Ke.W., an
individual; M.H., an individual; M.L., an individual;
M.M., an individual; M.S.M., an individual; N.H., an
individual; N.M., an individual; N.T., an individual;
R.W., an individual; S.G., an individual; S.M., an
individual; S.A.P., an individual; S.P., an individual;
S.R., an individual; T.F., an individual; T.G., an
individual; W.G., an individual; and Z.Z., an individual,

Plaintiffs,

v.

UNITEDHEALTH GROUP, INCORPORATED, a
Minnesota corporation; UNITED HEALTHCARE
SERVICES, INC., a Minnesota corporation; UNITED
HEALTHCARE INSURANCE COMPANY, a
Connecticut corporation; and UNITED BEHAVIORAL
HEALTH, INC., a California corporation.

Defendants.
_____/

**SECOND AMENDED
COMPLAINT**

**FOR DAMAGES,
INJUNCTIVE RELIEF, AND
DECLARATORY RELIEF**

**Jury Trial Demanded**

## TABLE OF CONTENTS

**INTRODUCTION** ................................................................................................ 6

**PARTIES** ............................................................................................................ 8

Plaintiffs ................................................................................................................ 8

    A.    Chiron ......................................................................................................... 8

    B.    Individual Plaintiffs Listed on "Appendix I" ........................................... 9

    C.    Appendix II Plaintiffs ............................................................................. 15

    D.    Chiron's Standing to Represent Individual Plaintiffs ............................. 18

Defendants .......................................................................................................... 20

**JURISDICTION AND VENUE** ....................................................................... 23

**FACTS** ............................................................................................................. 24

    **Language of UnitedHealth's "Choice Plus" Plans** ..................................... 25

    **United's Role** ................................................................................................. 30

    **UHC, UHIC, and UBH's Course of Dealing with Chiron** ......................... 30

    **UBH's Untimely Adverse Benefit Determinations and Cross-Plan Offsets** ..... 32

    **UBH's Discriminatory Billing Guidelines** .................................................. 35

    **UBH's Cross-Plan Offsetting** ...................................................................... 36

    **UBH's Pretextual Records Requests and Arbitrary Denials** ....................... 37

    **Consequences of United Defendants' Scheme** ............................................ 43

CHIRON'S CAUSES OF ACTIONS UNDER FLORIDA LAW (COUNTS I – VII) .... 44

    COUNT I: BREACH OF IMPLIED-IN-FACT CONTRACT ......................... 44

    COUNT II: BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING ........... 45

    COUNT III: PROMISSORY ESTOPPEL ...................................................... 46

    COUNT IV: VIOLATION OF FLORIDA'S DECEPTIVE AND UNFAIR TRADE PRACTICES ACT ........................................................................................... 47

    COUNT V: COMMON-LAW FRAUD ......................................................... 48

    COUNT VI: NEGLIGENT MISREPRESENTATION .................................. 50

ERISA: COUNTS OF INDIVIDUAL PLAINTIFFS ........................................ 52

A.    Part A: Appendix I Plaintiffs' Causes of Action ....................................... 52

    COUNT VIII: DECLARATORY JUDGMENT ........................................... 52

B.    Part B: Appendix II Plaintiffs' Counts ..................................................... 54

    **1.**    **All Appendix II Plaintiffs: Counts for Breach of Fiduciary Duty** ............... 54

        **COUNT IX: BREACH OF FIDUCIARY DUTY** ............................................ 54

**COUNT X: BREACH OF FIDUCIARY DUTY** ............................................................... 54

**COUNT XI: BREACH OF FIDUCIARY DUTY** ............................................................. 55

**COUNT XII: BREACH OF FIDUCIARY DUTY** ............................................................ 55

C.   Part C: Benefits Due Counts (ERISA 501(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B) ...... 56

   2.   COUNTS XIII - XXXIII: W.G.'s Claims .......................................................... 56

   *(Chiron, as W.G.'s Assignee, v. UHIC and UBH)* ........................................... 56

   COUNT XIII: BENEFITS DUE .................................................................... 57

   (W.G.'s Claim Submitted 9/17/2018) ........................................................... 57

   COUNT XIV: BENEFITS DUE .................................................................... 58

   (W.G.'s Claim Submitted 9/24/2018) ........................................................... 58

   COUNT XV: BENEFITS DUE ..................................................................... 59

   (W.G.'s Claim Submitted 10/1/2018) ........................................................... 59

   COUNT XVI: BENEFITS DUE .................................................................... 60

   (W.G.'s Claim Submitted 10/8/2018) ........................................................... 60

   COUNT XVII: BENEFITS DUE ................................................................... 60

   (W.G.'s Claim Submitted 10/15/2018) ......................................................... 60

   COUNT XVIII: BENEFITS DUE .................................................................. 62

   (W.G.'s Claim Submitted 10/22/2018) ......................................................... 62

   COUNT XIX: BENEFITS DUE .................................................................... 63

   (W.G.'s Claim Submitted 10/29/2018) ......................................................... 63

   COUNT XX: BENEFITS DUE ..................................................................... 64

   (W.G.'s Claim Submitted 11/5/2018) ........................................................... 64

   COUNT XXI: BENEFITS DUE .................................................................... 64

   (W.G.'s Claim Submitted 11/12/2018) ......................................................... 64

   COUNT XXII: BENEFITS DUE ................................................................... 65

   (W.G.'s Claim Submitted 11/19/2018) ......................................................... 65

   COUNT XXIII: BENEFITS DUE .................................................................. 66

   (W.G.'s Claim Submitted 11/26/2018) ......................................................... 66

   COUNT XXIV: BENEFITS DUE .................................................................. 67

   (W.G.'s Claim Submitted 12/3/2018) ........................................................... 67

   COUNT XXV: BENEFITS DUE ................................................................... 68

   (W.G.'s Claim Submitted 12/10/2018) ......................................................... 68

   COUNT XXVI: BENEFITS DUE .................................................................. 69

   (W.G.'s Claim Submitted 12/17/2018) ......................................................... 69

COUNT XXVII: BENEFITS DUE ................................................................................. 70

(W.G.'s Claim Submitted 12/24/2019) ........................................................................ 70

COUNT XXVIII: BENEFITS DUE ............................................................................... 71

(W.G.'s Claim Submitted 1/4/2019) ............................................................................ 71

COUNT XXIX: BENEFITS DUE ................................................................................. 71

(W.G.'s Second Claim Submitted on 1/4/2019) .......................................................... 71

COUNT XXX: BENEFITS DUE .................................................................................. 72

(W.G.'s Claim Submitted 1/7/2019) ............................................................................ 72

COUNT XXXI: BENEFITS DUE ................................................................................ 73

(W.G.'s Claim Submitted 1/14/2019) .......................................................................... 73

COUNT XXXII: BENEFITS DUE ............................................................................... 74

(W.G.'s Claim Submitted 1/21/2019) .......................................................................... 74

3.   COUNTS XXXIII – LXXV: E.R.'s Claims ............................................................ 75

*(Chiron, as E.R.'s Assignee, v. UHC and UBH)* ....................................................... 75

Counts XXXI – LXXV: Chart of E.R.'s Claims ........................................................... 76

4.   *COUNTS LXXVI - XXXVI: S.R.'s Claims* .......................................................... 86

*(Chiron, as S.R.'s Assignee, v. UHC and UBH)* ....................................................... 86

5.   COUNTS LXXXVII - CXX: S.M.'s Claims ........................................................... 89

*(Chiron, as S.M.'s Assignee, v. UHC and UBH)* ...................................................... 89

6.   COUNTS CXXI - CXXVII: J.D.'s Claims .............................................................. 95

*(Chiron, as J.D.'s Assignee, v. UHC and UBH)* ....................................................... 95

**Chart of J.D.'s Claims** ........................................................................................... 96

7.   COUNTS CXXVII - CXXX: A.E.'s Claims ............................................................ 97

*(Chiron, as A.E.'s Assignee, v. UHC and UBH)* ...................................................... 97

**Chart of A.E.'s Claims** ........................................................................................... 98

8.   COUNTS CXXXI - CXLVII: K.H.'s Claims .......................................................... 99

*(Chiron, as K.H.'s Assignee, v. UHC and UBH)* ...................................................... 99

**Chart of K.H.'s Claims** ......................................................................................... 100

9.   COUNTS CXLVIII - CLII: M.M's Claims ........................................................... 103

*(Chiron, as M.M.'s Assignee, v. UHIC and UBH)* .................................................. 103

Chart of M.M.'s Claims ............................................................................................ 104

10.   COUNTS CLIII - CLIX: A.N.'s Claims ............................................................. 105

*(Chiron, as A.N.'s Assignee, v. UHIC and UBH)* ................................................... 105

Chart of A.N.'s Claims ............................................................................................. 106

11.    COUNTS CLX -  CLXXXIII: S.P.'s Claims ............................................................ 108

*(Chiron, as S.P.'s Assignee, v. UHC and UBH)* ...................................................... 108

Chart of S.P.'s Claims ......................................................................................... 109

12.    COUNTS: CLXXXIV - CCV: E.S.'s Claims ..................................................... 113

*(Chiron, as E.S.'s Assignee, v. UHC and UBH)* ...................................................... 113

Chart of E.S.'s Claims ......................................................................................... 114

13.    COUNTS CCVI - CCXXIV: E.Su.'s Claims....................................................... 119

*(Chiron, as E.Su.'s Assignee, v. UHC and UBH)* .................................................... 119

Chart of E.Su.'s Claims ....................................................................................... 120

14.    COUNTS CCXXV - CCXXIX: D.T.'s Claims .................................................... 124

*(Chiron, as D.T.'s Assignee, v. UHC and UBH)* ...................................................... 124

**Chart of D.T.'s Claims** ...................................................................................... 125

15.    COUNTS CCXXX - XXCCCVII: C.W.'s Claims ................................................ 126

*(Chiron, as C.W.'s Assignee, v. UHIC and UBH)* .................................................... 126

Chart of C.W.'s Claims ........................................................................................ 127

16.    COUNTS CCXXXVIII – CCXLIII: K.W.'s Claims ............................................ 129

*(Chiron, as K.W.'s Assignee, v. UHC and UBH)* ..................................................... 129

**Chart of K.W.'s Claims** ..................................................................................... 130

17.    COUNTS CCXLIII -   : D.D.'s Claims................................................................ 131

*(Chiron, as D.D.'s Assignee, v. UHC and UBH)* ..................................................... 131

**Chart of DD's Claims** ....................................................................................... 132

**18.    COUNT CCXCI: B.B.'s CLAIM** .................................................................. 138

**COUNT CCXCI: BENEFITS DUE** ................................................................ 138

Appendix I: Patients for Whom UHC Claimed Chiron Was "Overpaid" ...................... 142

Appendix II: Patients With Pending Claims or Benefits Denials ................................. 150

Appendix III. Legend of United's Recrods Request "Denial Codes" ............................ 155

## **INTRODUCTION**

"[T]he record is replete with evidence that [UnitedHealth's] Guidelines were viewed [by UnitedHealth] as an important tool for meeting utilization management targets, 'mitigating' the impact of the 2008 Parity Act, and keeping 'benex' down."[1]

1.     This case stems from an ongoing scheme by UnitedHealth Group Incorporated ("UnitedHealth") and its subsidiaries, United Healthcare Services, Inc. ("UHC"), United Healthcare Insurance Company ("UHIC"), and United Behavioral Health, Inc. ("UBH") (which operates under the brand name OptumHealth Behavioral Solutions) (collectively, "United" or the "United Defendants"), to do an end run around their obligations to provide behavioral health treatment. For years, UnitedHealth has sought to reduce "benex"—benefit expenses—by finding creative ways to avoid paying for behavioral health treatment.

2.     Much to UnitedHealth's dismay, the Mental Health Parity and Addiction Equity Act (the "Parity Act"), 29 U.S.C. § 1185a, prohibits it from creating restrictions on substance abuse treatment that are more stringent than its approach to other types of healthcare. Also, since passage of the Patient Protection and Affordable Care Act ("ACA"), UnitedHealth has been required to provide coverage for "[m]ental health and substance use disorder services, including behavioral health treatment." 42 U.S.C. § 18022.

3.     As a federal court recently found, however, UBH has evaded these obligations by developing treatment guidelines designed to reduce "benex." In this case, UBH applied those same

---

[1] *Wit v. United Behavioral Health*, No. 14-cv-02346-JCS, 2019 WL 1033730, at *48 (N.D. Cal. Feb. 28, 2019).

treatment guidelines to Plaintiffs, resulting in arbitrary denials of coverage. Additionally, in an extension of the same scheme, UBH imposed reimbursement guidelines that discriminate against behavioral health, imposing "bundling" requirements to reduce reimbursement, even though such requirements are not imposed on comparable treatments related to physical ailments.

4.      Another aspect of Defendants' scheme involves "cross-plan offsetting," a practice that violates its duties to plan beneficiaries under the federal Employee Retirement Income Security Act of 1974 ("ERISA").

5.      In March 2016, UnitedHealth switched its claims reimbursement guidelines without notifying any of the Plaintiffs, who include Chiron Recovery Services, LLC ("Chiron"), a small provider of substance abuse treatment, and ERISA beneficiaries (the "Individual Plaintiffs"), each of whom enrolled in UnitedHealth's "Choice Plus" Plan.[2] Because UnitedHealth failed to disclose a drastic shift in its payment guidelines, refusing to pay "separately" for urinalysis drug testing—a switch not reflected in the language of the plans—Chiron continued its routine, customary billing practices. For nearly two years, UnitedHealth kept paying Chiron the same as before. Then, in October 2018, UnitedHealth suddenly claimed it had "overpaid" Chiron for services rendered to about 40 different patients (the "Appendix I Plaintiffs").

6.      After a two-year lag, UnitedHealth decided to unilaterally "offset" its so-called "overpayments" by deducting the same amounts from the remaining patients at Chiron's facility on or after October 2018 (the "Appendix II Plaintiffs").

7.      UnitedHealth did this in blatant disregard for ERISA's time limits on adverse benefits determinations with regard to the Appendix I Plaintiffs, and other fiduciary duties owed to both sets of Individual Plaintiffs.

---

[2] Plan No. (80840) 911-87726-04.

8.      Prior to suit, the United Defendants indicated that they were subjecting all of the Appendix II Plaintiffs' pending claims to endless "records requests" *specifically because* of the pretext that Chiron had been "overbilling" since March 2016, by "separately" seeking payment for urinalysis drug testing.

9.      In addition to these ERISA-related issues, this case involves Defendants' willingness to deceive Chiron, a small provider that is now winding up its affairs due to the financial damage caused by Defendants' scheme. Chiron relied on the United Defendants' two-year course of representing, through explanations of benefits ("EOBs"), that the United Defendants did separately pay for urinalysis, as is standard practice in the industry. Chiron accepted a large number of patients with plans administered by United as a result. When United suddenly and arbitrarily cut off virtually all payment, using its alleged past "overpayment" as a pretext to make endless records requests followed by endless false assertions about records received, the sudden freeze of payment destroyed Chiron's business. As a result, Chiron now brings garden variety state law claims for fraudulent and negligent misrepresentation, promissory estoppel, violation of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), breach of implied-in-fact contract, and breach of the covenant of good faith and fair dealing.

**PARTIES**

**Plaintiffs**

**A.  Chiron**

10.      Chiron Recovery Center, LLC ("Chiron") is a limited liability company organized in the State of Florida with its principal place of business located in Palm Beach Gardens, Palm Beach County, State of Florida. Chiron is wholly owned by Addiction Management, LLC, which

is owned by Michael Matte and George Kelly. Both Matte and Kelly are citizens of Palm Beach County, Florida. Chiron provides recovery services to persons suffering from substance addiction.

### B. Individual Plaintiffs Listed on "Appendix I"

11.     The following Plaintiffs, whose dates of treatment are listed on "Appendix I" to this Second Amended Complaint, received treatment from Chiron at various times from 2016 up until October 2018. For treatment of these "Appendix I Plaintiffs," Chiron was paid by UnitedHealth and its wholly-owned subsidiaries for both treatment and urinalysis drug testing. However, in October 2018, UnitedHealth alleged for the first time that it had "overpaid" for the treatment of these Appendix I Plaintiffs by paying for their urinalysis drug testing. UnitedHealth does not dispute that all of the Appendix I Plaintiffs have health plans that cover substance abuse treatment and diagnostic testing, but alleges now that the charge for testing was "included" in the charge for substance abuse therapy. According to UnitedHealth's pre-suit representations, the health benefit plans at issue are self-funded employer plans. The employers who provide these plans are identified on the Appendix I Plaintiffs' health benefit cards by a "Group Number."

12.     A.A., an individual, has received recovery services from Chiron, and is a citizen of Salem, New Hampshire. A.A.'s UnitedHealth "Member Number" is XXXXX1796, and her Group Number is XXXX90.[3]

13.     A.B., an individual, has received recovery services from Chiron, and is a citizen of Kilgore, Texas. A.B.'s UnitedHealth "Member Number" is XXXXX6771 and her Group Number is XXXX94.

---

[3] To protect the Plaintiffs' privacy, their full names, member numbers, and group numbers are not being filed publicly. However, with the filing of this Second Amended Complaint, Plaintiffs are emailing all of this information in full, unredacted form to Defendants' counsel.

14.     A.M., an individual, has received recovery services from Chiron, and is a citizen of Port St. Lucie, Florida. A.M.'s UnitedHealth "Member Number" is XXXXX3249 and her Group Number is XXXX63.

15.     A.P., an individual, has received recovery services from Chiron, and is a citizen of West Palm Beach, Florida. A.P.'s UnitedHealth "Member Number" is XXXXX3249 and her Group Number is XXXX63.

16.     A.R., an individual, has received recovery services from Chiron, and is a citizen of West Palm Beach, Florida. A.R.'s UnitedHealth "Member Number" is XXXXX3861 and her Group Number is XXXX86.

17.     B.J., an individual, is either receiving, or has received, recovery services from Chiron, and is a citizen of Medina, Ohio. B.J.'s UnitedHealth "Member Number" is XXXXX5208 and his Group Number is XXXX26.

18.     B.L., an individual, has received recovery services from Chiron, and is a citizen of Centennial, Colorado. B.L.'s UnitedHealth "Member Number" is XXXXX1062 and his Group Number is XXXX50.

19.     B.J.W., an individual, has received recovery services from Chiron, and is a citizen of Whitman, Massachusetts. B.J.W's UnitedHealth "Member Number" is XXXX7002 and his Group Number is XXXX57.

20.     B.W., an individual, has received recovery services from Chiron, and is a citizen of Prospect, Kentucky. B.W.'s UnitedHealth "Member Number" is XXXX9615 and his Group Number is XXXX37.

21.     C.B., an individual, has received recovery services from Chiron, and is a citizen of Essington, Pennsylvania. C.B.'s UnitedHealth "Member Number" is XXXXX9928 and his Group Number is XXXX76.

22.     C.C., an individual, has received recovery services from Chiron, and is a citizen of St. Louis, Missouri. C.C.'s UnitedHealth "Member Number" is XXXXX8443 and his Group Number is XXXX09.

23.     C.G., an individual, has received recovery services from Chiron, and is a citizen of Augusta, Kansas. C.G.'s UnitedHealth "Member Number" is XXXXX8874 and his Group Number is XXXX73.

24.     C.M., an individual, has received recovery services from Chiron, and is a citizen of Pennsville, New Jersey. C.M.'s UnitedHealth "Member Number" is XXXXX5312 and his Group Number is XXXX27.

25.     D.A., an individual, has received recovery services from Chiron, and is a citizen of Seekonk, Massachusetts. D.A.'s UnitedHealth "Member Number" is XXXXX1796 and his Group Number is XXXX90.

26.     D.C., an individual, has received recovery services from Chiron, and is a citizen of Lake Park, Florida. D.C.'s UnitedHealth "Member Number" is XXXXX6855 and her Group Number is XXXX02.

27.     D.R., an individual, has received recovery services from Chiron, and is a citizen of Plainfield, Connecticut. D.R.'s UnitedHealth "Member Number" is XXXXX2171 and his Group Number is XXXX25.

28.     E.R., an individual, is either receiving, or has received, recovery services from Chiron, and is a citizen of Novi, Michigan. E.R.'s UnitedHealth "Member Number" is XXXXX5302 and his Group Number is XXXX33.

29.     E.S., an individual, has received recovery services from Chiron, and is a citizen of Nashua, New Hampshire. E.S.'s UnitedHealth "Member Number" is XXXXX9607 and his Group Number is XXXX16.

30.     G.K., an individual, has received recovery services from Chiron, and is a citizen of Rollsville, North Carolina. G.K.'s UnitedHealth "Member Number" is XXXXX7033 and his Group Number is XXXX84.

31.     J.R., an individual, has received recovery services from Chiron, and is a citizen of Fairview Heights, Illinois. J.R.'s UnitedHealth "Member Number" is XXXXX8204 and her Group Number is XXXX87.

32.     J.W., an individual, has received recovery services from Chiron, and is a citizen of Hazelwood, Missouri. J.W.'s UnitedHealth "Member Number" is XXXXX1901 and her Group Number is XXXX02.

33.     J.M., an individual, has received recovery services from Chiron, and is a citizen of Mansfield, Texas. J.M.'s UnitedHealth "Member Number" is XXXX770 and J.W.'s Group Number is XXXX60.

34.     K.B., an individual, has received recovery services from Chiron, and is a citizen of Campbell, Texas. K.B.'s UnitedHealth "Member Number" is XXXXX1224 and her Group Number is XXXX55.

35.     Ke.M., an individual, has received recovery services from Chiron, and is a citizen of Edison, New Jersey. Ke.M.'s UnitedHealth "Member Number" is XXXXX6695 and his Group Number is XXXX35.

36.     Ko.M., an individual, has received recovery services from Chiron, and is a citizen of Gainesville, Texas. Ko.M.'s UnitedHealth "Member Number" is XXXX120 and Ko.M.'s Group Number is XXXX60.

37.     K.N., an individual, is either receiving, or has received, recovery services from Chiron, and is a citizen of Orefield, Pennsylvania. K.N.'s UnitedHealth "Member Number" is XXXXX0705 and his Group Number is XXXX44.

38.     K.R., an individual, has received recovery services from Chiron, and is a citizen of Valley Park, Missouri. K.R.'s UnitedHealth "Member Number" is XXXXX9908 and his Group Number is XXXX93.

39.     K.A.R., an individual, has received recovery services from Chiron, and is a citizen of Englewood, Tennessee. K.A.R.'s UnitedHealth "Member Number" is XXXXX9405 and his Group Number is XXXX69.

40.     M.H., an individual, has received recovery services from Chiron, and is a citizen of Bixby, Oklahoma. M.H.'s UnitedHealth "Member Number" is XXXXX3182 and his Group Number is XXXX22.

41.     M.L., an individual, has received recovery services from Chiron, and is a citizen of Aurora, Indiana. M.L.'s UnitedHealth "Member Number" is XXXXX2378 and his Group Number is XXXX39.

42.     M.M., an individual, is either receiving, or has received, recovery services from Chiron, and is a citizen of Baldwin, New York. M.M.'s UnitedHealth "Member Number" is XXXXX8657 and his Group Number is XXXX22.

43.     N.H., an individual, has received recovery services from Chiron, and is a citizen of Tempe, Arizona. N.H.'s UnitedHealth "Member Number" is XXXXX7033 and his Group Number is XXXX21.

44.     N.M., an individual, has received recovery services from Chiron, and is a citizen of Gastonia, North Carolina. N.M.'s UnitedHealth "Member Number" is XXXXX7565 and his Group Number is XXXX28.

45.     N.T., an individual, has received recovery services from Chiron, and is a citizen of Stuart, Florida. N.T.'s UnitedHealth "Member Number" is XXXXX0283 and his Group Number is XXXX27.

46.     R.W., an individual, has received recovery services from Chiron, and is a citizen of Akron, Ohio. R.W.'s UnitedHealth "Member Number" is XXXXX5305 and his Group Number is XXXX94.

47.     S.G., an individual, has received, recovery services from Chiron, and is a citizen of Dover, New Hampshire. S.G.'s UnitedHealth "Member Number" is XXXXX0212 and his Group Number is XXXX52.

48.     S.M., an individual, has received recovery services from Chiron, and is a citizen of Gloversville, New York. S.M.'s UnitedHealth "Member Number" is XXXXX5357 and her Group Number is XXXX09.

49.     S.A.P., an individual, is either receiving, or has received, recovery services from Chiron, and is a citizen of North Babylon, New York. S.A.P.'s UnitedHealth "Member Number" is XXXXX7083 and his Group Number is XXXX94.

50.     S.P., an individual, has received recovery services from Chiron, and is a citizen of Hendersonville, Tennessee. S.P.'s UnitedHealth "Member Number" is XXXXX3611 and her Group Number is XXXX38.

51.     S.R., an individual, has received recovery services from Chiron, and is a citizen of Lake Mary, Florida. S.R.'s UnitedHealth "Member Number" is XXXXX2369 and her Group Number is XXXX88.

52.     T.F., an individual, has received recovery services from Chiron, and is a citizen of Fort Pierce, Florida. T.F.'s UnitedHealth "Member Number" is XXXXX8418 and her Group Number is XXXX36.

53.     T.G., an individual, has received recovery services from Chiron, and is a citizen of Dallas, Georgia. T.G.'s UnitedHealth "Member Number" is XXXXX1693. Plaintiffs have been unable to locate T.G.'s Group Number.

54.     Z.Z., an individual, has received recovery services from Chiron, and is a citizen of St. Louis, Missouri. Z.Z.'s UnitedHealth "Member Number" is XXXXX2562 and her Group Number is XXXX42.

**C.  Appendix II Plaintiffs**

55.     The following Plaintiffs, whose dates of treatment are listed on "Appendix II" to this Second Amended Complaint, were still receiving treatment at Chiron's facility in October 2018, when the United Defendants took the actions that gave rise to this lawsuit. At that time, because Chiron refused to "refund" monies allegedly "overpaid" for treatment of Appendix I

Plaintiffs, the United Defendants virtually shut off all payment for Chiron's treatment of these Appendix II Plaintiffs. Various pretexts were employed for the payment freeze, including medical records requests, various false statements about medical documentation provided, sudden terminations of plans with no prior notice, and so-called "offets" from the Appendix I Plaintiffs. According to UnitedHealth's pre-suit representations, the health benefit plans at issue are self-funded employer plans. The employers who provide these plans are identified on the Appendix II Plaintiffs' health benefit cards by a specific "Group Number."

56.     As described below, there is some overlap between the Appendix I Plaintiffs and the Appendix II Plaintiffs.

### 1.   "Appendix II" Plaintiffs Who are also Appendix I Plaintiffs

57.     E.R., described *infra* as an "Appendix I Plaintiff," is also an "Appendix II Plaintiff," as E.R. was still receiving services from Chiron in October 2018, and has health claims that have subsequently been denied.

58.     E.S., described *infra* as an "Appendix I Plaintiff," is also an "Appendix II Plaintiff," as E.S. was still receiving services from Chiron in October 2018, and has health claims that have subsequently been denied.

59.     S.M.

60.     S.P.

61.     S.R., described *infra* as an "Appendix I Plaintiff," is also an "Appendix II Plaintiff," as S.R. was still receiving services from Chiron in October 2018, and has health claims that have subsequently been denied.

### 2.   Appendix II Plaintiffs Who are Not Appendix I Plaintiffs

62.     A.E., an individual, is either receiving, or has received, recovery services from Chiron, and is a citizen of Aurora, Colorado.

63.     A.N., an individual, is either receiving, or has received, recovery services from Chiron, and is a citizen of Cincinnati, Ohio.

64.     B.B., an individual, is either receiving, or has received, recovery services from Chiron, and is a citizen of Mesa, Arizona. B.B.'s UnitedHealth "Member Number" is XXXXX9198 and her Group Number is XXXX48.

65.     C.W., an individual, is either receiving, or has received, recovery services from Chiron, and is a citizen of Epsom, New Hampshire. C.W.'s UnitedHealth "member number" is XXXXX2562 and his Group Number is XXXX42.

66.     D.D., is either receiving, or has received, recovery services from Chiron, and is a citizen of Lyndhurst, New Jersey. D.D.'s UnitedHealth "member number" is XXXXX2562 and his Group Number is XXXX42.

67.     D.T., is either receiving, or has received, recovery services from Chiron, and is a citizen of Augusta, Georgia. D.T.'s UnitedHealth "member number" is XXXXX4281 and his Group Number is XXXX44.

68.     E.Su., an individual, is either receiving, or has received, recovery services from Chiron, and is a citizen of Manchester, Connecticut. E.Su.'s UnitedHealth "Member Number" is XXXXXXX77-02 and his Group Number is XX3A.

69.     J.D., is either receiving, or has received, recovery services from Chiron, and is a citizen of New Rochelle, New York. J.D.'s UnitedHealth "Member Number" is XXXXX90-02 and his Group Number is XXXX18.

70.     K.H., an individual, is either receiving, or has received, recovery services from Chiron, and is a citizen of Little Suamico, Wisconsin. K.H.'s UnitedHealth "Member Number" is XXXXX4390 and his Group Number is XXXX40.

71.     K.W., an individual, is either receiving, or has received, recovery services from Chiron, and is a citizen of Edgefield, South Carolina. K.W.'s UnitedHealth "Member Number" is XXXXX5491 and his Group Number is XXXX07.

72.     Ma.M., an individual, is either receiving, or has received, recovery services from Chiron, and is a citizen of Boynton Beach, Florida. Ma.M.'s UnitedHealth "Member Number" is XXXXX1960 and his Group Number is XXXX48.

73.     W.G., an individual, is either receiving, or has received, recovery services from Chiron, and is a citizen of Lawrence, Georgia. W.G.'s UnitedHealth "Member Number" is XXXXX2213 and his Group Number is XXXX31.

### D.  Chiron's Standing to Represent Individual Plaintiffs

74.     Prior to obtaining treatment from Chiron, each Individual Plaintiff signed a power of attorney ("POA"). Each POA was identical in its language, except for the individual patient's name and other sensitive personal information. By signing these POAs, each patient agreed to:

> Hereby make, Constitute and appoint . . . Chiron Recovery LLC. my true and lawful attorney-in-fact TO ACT SEVERALLY in my name, place and stead to do and perform all and every act and thing whatsoever requisite and necessary in any way which I could or might do, if personally present, with respect to obtaining payment and/or reimbursement for hospital, medical, chemical dependency treatment and other health care  services rendered to the Principal by:
>
> Chiron Recovery LLC.
> 2700 PGA BLVD SUITE 203, Palm Beach Gardens, FL, 33410
>
> And any of its affiliates, including, but not limited to obtaining insurance, making of claims against insurers, or other third-party payers. Instituting and prosecuting and/ or defending litigation, arbitration and/ or other  dispute resolution proceedings, compromise and I or statement of claims and / or disputes, **obtaining**

**and/ or releasing records**, reports and statements, including but not limited to any and / or medical reports from prior treatments providers, subject to complying with federal confidentiality rules under 42-CFR Part 2, **as well as all other acts which may be helpful and appropriate to the accomplishments of such purposes, for the ultimate objective of Chiron Recovery LLC. collection of such services**.

(Emphasis added).

75.      At the same time, as a precondition to receiving treatment from Chiron, each Individual Plaintiff signed an assignment of benefits in favor of Chiron, as a means of satisfying their debt to Chiron for those treatment services. Aside from sensitive personal information, each assignment was identical, and stated:

> WHEREAS, THE UNDERSIGNED CLIENT HAS UNDERTAKEN TREATMENT BY Chiron Recovery Center LLC., AND
>
> WHEREAS, THE UNDERSIGNED CLIENT IS ENTITLED TO REIMBURSEMENT FOR THE COST OF SUCH SERVICES FROM AN INSURANCE COMPANY,
>
> IT IS HEREBY AGREED AS FOLLOWS: I, HEREBY ASSIGN ALL RIGHTS TO PAYMENTS BY MY MEDICAL INSURANCE PROVIDER United Healthcare FOR TREATMENT SERVICES TO Chiron Recovery Center LLC AND/OR BEHAVIORAL HEALTH SOLUTIONS, LLC. IN MAKING THIS ASSIGNMENT, I ACKNOWLEDGE THAT Chiron Recovery Center LC. AND/OR BEHAVIORAL HEALTH SOLUTIONS, LLC IS ACTUALLY THE OWNER OF ANY INSURANCE BENEFIT PAID BY MY INSURANCE COMPANY IN CONNECTION WITH MY TREATMENT.
>
> I AGREE TO TAKE ALL STEPS NECESSARY TO ASSIST Chiron Recovery Center, LLC. AND/OR BEHAVIORAL HEALTH SOLUTIONS, LLC. IN COLLECTING PAYMENT OF THOSE BENEFITS AND WILL NOT INTERFERE IN THE COLLECTION OF THOSE BENEFITS. IF I SHALL RECEIVE PAYMENT FROM MY INSURANCE COMPANY FOR THE TREATMENT PROVIDED BY Chiron Recovery Center LLC. AND/OR BEHAVIORAL HEALTH SOLUTIONS, LLC, I NEVERTHELESS REPRESENT THAT Chiron Recovery Center LLC. AND/ OR BEHAVIORAL HEALTH SOLUTIONS, LLC IS THE OWNER OF THOSE FUNDS AND I WILL DELIVER SUCH CHECKS AS I MAY RECEIVE TO Chiron Recovery Center, LLC. AND/OR BEHAVIORAL HEALTH SOLUTIONS, LLC AND ENDORSE SAID CHECKS FOR TO Chiron Recovery Center LLC. AND/OR BEHAVIORAL HEAL TH SOLUTIONS, LLC.

76.     Prior to accepting each Individual Patient, as a matter of course, Chiron called the Defendant whose name was listed on the patient's health identification card in order to verify benefits. While verifying benefits, Chiron, as a matter of course, asked if the particular Defendant would accept an assignment of benefits for that Individual Plaintiff, and the Defendants, in each instance (to the best of Chiron's recollection), verified that they do accept assignments. Given industry practice, it is likely that the United Defendants still retain records of these phone calls. Subsequently, as a matter of course, Chiron submitted claims on behalf of each patient and checked a box indicating that the claim was being submitted pursuant to an assignment of benefits.

77.     Chiron has also represented the Individual Plaintiffs during the United Defendants' post-October 2017 adverse benefits determinations, and, with regard to the Appendix II Plaintiffs, Chiron has represented them in internal appeals. In each instance, the United Defendants chose to deal with Chiron directly, and did not communicate directly to the patients either with respect to the initial adverse benefit determinations or the appeals.

**Defendants**

78.     The following allegations are based on, *inter alia*, UnitedHealth Group Incorporated's disclosures to the Security and Exchange Commission ("SEC"), as documented on the SEC's "EDGAR" site.[4]

79.     Defendant UnitedHealth Group, Incorporated ("UnitedHealth"), is a corporation incorporated in the State of Delaware but headquartered at 9900 Bren Road East, Minnetonka, Minnesota 55343. Consequently, UnitedHealth is a citizen of Minnesota.

---

[4] https://www.sec.gov/Archives/edgar/data/731766/000119312503075552/dex21.htm (visited 9/24/2019).

80.     Defendant United Healthcare Services, Inc. ("UHC"), is a Minnesota corporation. UHC is a wholly owned and wholly controlled subsidiary of UnitedHealth. UHC exists to benefit its parent company, UnitedHealth. In fact, UHC shares the exact same address as UnitedHealth: 9900 Bren Road East, Minnetonka, Minnesota 55343. Based upon these facts, Chiron alleges that UHC is an agent of UnitedHealth.

81.     Defendant United Behavioral Health ("UBH"), is a California corporation and is a subsidiary of UHC. UBH is a behavioral health administrator that does business as "Optum Behavioral Health". When UHC serves as the plan or claims administrator for a healthcare insurance plan, UBH serves as UHC's agent, making decisions regarding coverage for mental and behavioral health conditions.

82.     Defendant United Healthcare Insurance Company ("UHIC") is a Connecticut corporation.

83.     The UnitedHealth business structure involves a sprawling web of wholly-controlled subsidiaries. Correspondence with the UnitedHealth entities is often confusing because they sometimes fail to clearly identify which entities are part of a given communication. According to SEC disclosures and other sources, UnitedHealth's business is divided between the "UnitedHealthcare" brand, which focuses on health benefits, and the "Optum" brand, which focuses on health services. UHC and UHIC are entities within the "UnitedHealthcare" line of business. UBH, despite being a wholly-owned subsidiary and agent of UHC, is an entity within the "Optum" line of business.

84.     The great majority of the Individual Plaintiffs have health benefit identification cards stating that their plans are "Administered by United HealthCare Services, Inc." Both UHC and its subsidiary and agent—UBH, doing business as "Optum Behavioral Health"—have listed

their names on most correspondence Chiron has received regarding treatment rendered to the Individual Plaintiffs.

85.     Plaintiffs A.A., W.G., and K.W. possess health identification cards stating their health plans are "Administered by UnitedHealthcare Insurance Company and its affiliates." UHC is one such affiliate. Additionally, the "Detailed Benefits" forms for these patients, retrieved from UnitedHealth's website, state that their benefits are being administered by UBH, the behavioral health claims administrator that UHC has traditionally used as its agent in processing Chiron's claims for treatment to patients.

86.     Additionally, UHC's name appears directly on Chiron's correspondence with respect to K.W. Thus, even though K.W.'s health identification card states that UHIC "and its affiliates" administer his health plan, in practice, it is clear that UHC is making decisions with regard to K.W.'s health benefits.

87.     A.N. and S.B. possess health identification cards that do not specify an administrator, but state that their plans are "underwritten by UnitedHealthcare Insurance Company." However, when A.N. and S.B. log in to the UnitedHealth website with their personal information, their "Detailed Benefits" form states that their benefits were administered by UBH, UHC's agent for administration of claims for behavioral health treatment. Therefore, based upon Plaintiffs' course of dealing with UHC and UBH, A.N. and S.B. allege that UHC serves as the plan administrator or claims administrator for their plans.

88.     Notably, even when Chiron receives correspondence and payment decisions from "United Healthcare Insurance Company **and its Affiliates**," the correspondence **does not** originate from UHIC's own state of incorporation, Connecticut. Instead, these letters originate from the address of the "affiliates," namely, 990 Bren Road, Minnetonka, Minnesota 55323:



UNITEDHEALTHCARE INSURANCE
COMPANY AND ITS AFFILIATES
9900 Bren Road
Minnetonka  MN  553439664
Phone: (877) 842-3210
Payment Date: 01/04/2019
TIN:*****3941
NPI: 1417324054
Payment Number: 1TR27224481
Payment Amount: $859.53

Electronic Payments and Statements

CHIRON RECOVERY CENTER LLC
2700 PGA BLVD
PALM BEACH GARDENS  FL  33410

Electronic Provider Remittance Advice

That is the address shared by UHC and UnitedHealth. Chiron thus interprets such communications as being made by UnitedHealth itself, through UHC and its other wholly-controlled subsidiaries. It does not appear that these entities have any genuine, separate corporate existence.

89.     Lastly, Chiron, as attorney-in-fact for the Individual Plaintiffs, has been unable to locate the health identification cards for B.J. However, his "Detailed Benefits" form on the UnitedHealth website also says their benefits were administered by UBH. For that reason, based upon Plaintiffs' history of UBH serving as an agent of UHC in correspondence, B.J. alleges that UHC serves as the plan administrator or claims administrator for B.J.'s health plan.

## JURISDICTION AND VENUE

90.     This Court has subject-matter jurisdiction for Counts I–IV under 28 U.S.C. § 1332(a)(1) (providing for diversity jurisdiction), where damages amount to at least $75,000 exclusive of costs and attorney's fees, and the respective parties citizenships are diverse.

91.     This Court also has subject-matter jurisdiction for Counts V–VII under 28 U.S.C. § 1331 (providing for federal-question jurisdiction) and 29 U.S.C. § 1132(e)(1) (providing a cause of action under ERISA).

92.     Venue is proper under 28 U.S.C. § 1391(a)(2) and 29 U.S.C. § 1132(e)(2), as the causes of action arise in Palm Beach County, Florida.

93.     The West Palm Beach Division of this District is proper because the events or omissions giving rise to the Plaintiffs' claim occurred in Palm Beach County, Florida.

## FACTS

94.     From 2016-2018, at varying times, the Individual Plaintiffs listed on Appendix I received services for the treatment of substance addiction at Chiron. From 2018-2019, at varying times, the Individual Plaintiffs listed on Appendix II received services for the treatment of substance addiction at Chiron.

95.     UnitedHealth administers health care plans around the country through various wholly owned and controlled subsidiaries, operating under its business trade name UnitedHealthcare. In this case, as alleged in paragraphs ___, the Individual Plaintiffs' health plans were administered by UHC and, in possibly a few instances, by UHIC.

96.     Where a health insurance subscriber seeks benefits to cover behavioral health treatment, both UHC and UHIC delegate claims administration to UHC's agent and subsidiary, UBH. In turn, UBH provides verification of insurance coverage and authorizations to service providers to initiate and continue treatment. UBH not only issues authorizations for service, but issues the payments for behavioral health claims made on the Choice Plus Plan. UBH is wholly controlled by its parent company, UnitedHealth, and does not have a truly independent corporate existence, but instead exists to further the interests of UnitedHealth.

97.     Even when UHC is serving as an administrator for "self-funded" employer health plans, most of the self-funded plans contain stop-loss clauses, whereby any losses above a certain threshold will be paid for by UnitedHealth or other entities owned or controlled by it. According to UnitedHealth, stop-loss provisions "allow[] employers to manage the predictability of cash outflows and transfer a portion of the risk associated with a self-funded plan to a financially stable stop loss carrier." In most instances where UHC serves as a claims administrator, UnitedHealth, or one of its subsidiaries, serves as the stop-loss carrier. Consequently, claims denied or delayed

by UHC, through UBH, serve to increase the profitability of its parent company, UnitedHealth, and other companies it controls.

98.     When serving as the behavioral health administrator for health plans administered by UCH and UHIC, UBH uses its internally developed treatment and billing guidelines to determine whether to pay for treatment, including whether particular days of treatment are medically necessary.

99.     UBH's treatment guidelines pay scant attention to whether a day of treatment is medically necessary in the sense of improving long-term substance abuse disorders. Instead, those guidelines impermissibly guide UnitedHealth to deny benefits in order to reduce expenses, or "benex," regardless of whether doing so harms the plan beneficiaries.

100.     UBH's billing guidelines impose discriminatory requirements that substance abuse testing and outpatient treatment be "bundled," even though no such requirement is imposed on comparable medical and surgical services.

**Language of UnitedHealth's "Choice Plus" Plans**

101.     Each of the Individual Plaintiffs is a beneficiary of UnitedHealth's "Choice Plus" Plan. The Individual Plaintiffs' health ID card lists the "Plan Number" for that Plan as (80840) 911-87726-04. The Individual Plaintiffs' separate employers are identified by "Group Numbers," which are listed in partial form in this Second Amended Complaint, and will be filed under seal in a spreadsheet, as Exhibit "A."

102.     Based upon the experience of Plaintiff Chiron, each Choice Plus Plan that shares this Plan Number contains the same substance coverage and exclusions relating to behavioral health and substance abuse treatment (aside from the degree of patient financial responsibility, e.g., deductibles and co-payments).

103.    For example, Plaintiff N.H's Summary Plan Description ("SPD") describes "Substance-Abuse and Addictive Disorders Services" as "Covered Health Services." Under "Additional Coverage Details," his SPD further states that his Choice Plus Plan covers the following benefits and services:

### Substance-Related and Addictive Disorders Services

Substance-Related and Addictive Disorders Services include those received on an inpatient or outpatient basis in a Hospital, an Alternate Facility, or in a provider's office. All services must be provided by or under the direction of a properly qualified behavioral health provider.

Benefits include the following levels of care:

- Inpatient treatment.
- Residential Treatment.
- Partial Hospitalization/Day Treatment.
- Intensive Outpatient Treatment.
- Outpatient treatment.

Services include the following:

- Diagnostic evaluations, assessment and treatment planning.
- Treatment and/or procedures.
- Medication management and other associated treatments.
- Individual, family, and group therapy.
- Crisis intervention.
- Provider-based case management services.

Chiron has confirmed that the same language appears in the SPDs for S.R., K.N., J.R., and A.M. Based on Chiron's experience with plans that share the same name and plan number (in this case, Choice Plus Plan No. (80840) 911-87726-04), Chiron alleges that substantively identical substance abuse coverage language appears in each SPD. The only variations Chiron has located, aside from differences in patient responsibility, are stylistic. For example, the SPD applicable to B.L. and A.R. slightly rewords its statement of coverage as follows:

Benefits include the following services provided on either an inpatient or outpatient basis:

☐ diagnostic evaluations and assessment;

☐ treatment planning;
☐ referral services;
☐ medication management;
☐ individual, family, therapeutic group and provider-based case management;
☐ crisis intervention; and
☐ detoxification.

Benefits include the following services provided on an inpatient basis:

☐ Partial Hospitalization/Day Treatment; and
☐ services at a Residential Treatment Facility.

Benefits include the following services provided on an outpatient basis:

☐ Intensive Outpatient Treatment.

Similarly, Individual Plaintiff C.C.'s Choice Plus SPD states that it covers:

Substance-Related and Addictive Disorders Services - inpatient services (including partial hospitalization/day treatment and services at a residential treatment facility). Intensive outpatient program treatment; outpatient electro- convulsive treatment; psychological testing; extended outpatient treatment visits beyond 45 - 50 minutes in duration, with or without medication management; medication assisted treatment programs[.]

In another non-substantive rewording, S.R.'s Choice Plus SPD states:

**Substance-Related and Addictive Disorder Services**

Substance-Related and Addictive Disorder Services include those received on an inpatient basis in a Hospital or an Alternate Facility and those received on an outpatient basis in a provider's office or at an Alternate Facility.

Benefits include the following services provided on either an inpatient or outpatient basis:

■ diagnostic evaluations and assessment;
■ treatment planning;
■ referral services;
■ medication management;
■ individual, family, therapeutic group and provider-based case management;
■ crisis intervention; and
■ detoxification (sub-acute/non-medical).

Benefits include the following services provided on an inpatient basis:

■ Partial Hospitalization/Day Treatment; and
■ services at a Residential Treatment Facility.
Benefits include the following services provided on an outpatient basis:
■ Intensive Outpatient Treatment.

_____

Chiron has confirmed that similar language appears in D.D.'s SPD.

104.    Each UnitedHealth Choice Plus Plan states that it covers treatment and testing. None explain that UBH does not separately pay for evaluation, diagnoses, and treatment.

105.    The Choice Plus Plans for N.H., K.N., and J.R. also contain an "IMPORTANT NOTICE," which states: "Non-Network providers may bill you for any difference between the provider's billed charges and the Eligible Expense described here." This is slightly varied in other SPDs for other Individual Plaintiffs, such as S.R.'s SPD, which is reworded as: "It is your responsibility to pay the non-Network Provider the charges you incurred, including any difference between what you were billed and what the plan paid." Despite recognizing the importance of this liability, the Plan fails to inform N.H., or any other Choice Plus Plan beneficiary, that UBH does not approve separate payments for both outpatient substance abuse treatment and diagnostic testing, even though UBH purports to cover both.

106.    Finally, the SPDs for the Choice Plus Plan contain the following language regarding when pre-authorizations are required:

> **Prior Authorization Requirement**
>
> For:
>
> ■ A scheduled admission for Mental Health Services (including Partial Hospitalization/Day Treatment and an admission for services at a Residential Treatment facility), you must obtain authorization from the Claims Administrator five days before admission.
>
> ■ A non-scheduled admission (including Emergency admissions) you must provide notification as soon as is reasonably possible.
>
> In addition, you must obtain prior authorization from the Claims Administrator before the following services are received: Intensive Outpatient Treatment programs; outpatient electro-convulsive treatment; psychological testing; transcranial magnetic stimulation; extended outpatient treatment visits beyond 45 - 50 minutes in duration, with or without medication management.

For levels of service in which pre-authorization is require, the SPDs state: "If you fail to obtain prior authorization from or provide notification to the Claims Administrator as required, Benefits will be reduced to 50% of Eligible Expenses."

107.   In addition to the Choice Plus SPD, UBH provides each of the Individual Plaintiffs a list of "Detailed Benefits," accessible on UBH's website. Chiron has confirmed that, for Individual Plaintiffs D.A., A.A., A.B., C.B., K.B., D.C., C.C., A.E., S.G., C.G., K.H., N.H., M.H., B.J., R.J., G.K., M.L., B.L., J.M., K.Ma., Ko.M, C.M., N.M., A.M., S..M., A.N., K.N., S.A.P., E.R., A.R., S.R., D.R., J.R., K.R., E.S., D.T., C.W., J.W., and R.W., their UBH-provided Detailed Benefits list states:

> Benefits include the following services provided on either an inpatient or outpatient basis:
> - diagnostic evaluations and assessment;
> - treatment planning;
> - referral services;
> - medication management;
> - individual, family, therapeutic group and provider-based case management;
> - crisis intervention;
> - detoxification (sub-acute/non-medical);
> - Partial Hospitalization/Day Treatment;
> - services at a Residential Treatment Facility;
> - Intensive Outpatient Treatment.[5]

As shown above, UBH's first bullet point tells plan beneficiaries they are covered for diagnostic testing. Then, in the final bullet point, it separately states that they are covered for "Intensive

---

[5] Non-substantive rewordings are found in the Detailed Benefits forms for B.B., T.F., T.G., W.G., M.M., and Z.Z. For B.B. and M.M., the Detailed Benefits form states that covered substance abuse services include "[e]valuation, treatment, and/or procedures." For W.G., the Detailed Benefits form says it covers "[p]artial hospitalization/day treatment" and "[i]ntensive outpatient services related to diagnosis and treatment." For Z.Z., coverage is described as including "diagnoses[,] treatment planning[,] [and] [i]ntensive [o]utpatient [t]reatment[.]" For T.G., coverage is described as including "[o]utpatient services" and "[o]ffice visits, including evaluations, diagnostic and treatment services." For T.F., the wording is "[e]valuation, treatment and/or procedures."

Outpatient Treatment" and "Partial Hospitalization/Day Treatment"—exactly the programs that Chiron provides. UBH does not inform the plan beneficiaries that it intends to "bundle" payment for diagnostic testing services into payment of intensive outpatient treatment. This omission exposes beneficiaries to the risk that providers will "balance bill" them for the uncompensated diagnostic testing claims.

**United's Role**

108.     UHC, UHIC, and UBH have functioned and acted, and continue to function and act, as the third-party administrator of these self-funded health insurance plans within the meaning of such term under ERISA, because they make coverage and benefit decisions, as well as decides appeals. Additionally, as "third-party administrators," UHC, UHIC, and UBH act as fiduciaries under ERISA, implicating a number of fiduciary duties.

**UHC, UHIC, and UBH's Course of Dealing with Chiron**

109.     Since 2015, Chiron has accepted patients whose health plans were administered by UHC and UHIC, both of whom delegated behavioral health claims administration to UHC's agent, UBH. Since then, Chiron has charged consistent amounts to UBH for its services, and UBH has consistently approved payment of consistent amounts for specific treatment codes. Those treatment codes included H0015 (intensive outpatient treatment); H0035 (mental health partial hospitalization); H0005 (outpatient group therapy), H0047 (individual group therapy), and 80305 (urinalysis drug testing).

110.     The payment process had four steps: (i) verification of benefits ("VOBs"); (ii) pre-authorization of services (where the level of treatment required it); (iii) submission of electronic claims forms; and (iv) payments issued together with UBH's explanations of benefits ("EOBs").

111.    First, upon receiving a prospective patient's plan number and member ID number, Chiron would call UBH to verify that the patient's coverage was valid.

112.    Second, Chiron would call UBH and obtain verbal pre-authorizations of specific date ranges of treatment at specific levels of care. Each authorization came with an "approval" number. While some authorizations were only verbal, many others were followed by written authorizations. The written authorizations contained a "member name," "member ID," "approval" number, description of "service authorized," "days approved to date," and "effective dates" of authorization. Each written authorization also included the following language:

> United Behavioral Health, operating under the brand Optum TM has the responsibility to manage the mental health/substance abuse benefits for this member. Benefit coverage is authorized for the services indicated above. . . .
>
> In order to receive payment, claims must be received within 90 days of each service. For fastest processing of claims, please submit your claim electronically using [personal information]. When submitting your claim by mail, please send a completed UB92 claim form to:
>
> UBH Claims Department
> P.O. Box 30755
> Salt Lake City, UT 84130-0755 . . .
>
> Sincerely,
> Optum
>
> **Insurance coverage is provided by UnitedHealthcare Services, Inc.**[6]

Chiron relied on these authorizations as representations: (i) of continued coverage, (ii) that UBH knew of no facts that would prevent payment consistent with its past course of dealing, and (iii) proof that the treatment program was medically necessary for the dates of treatment.

---

[6] Chiron interprets this as meaning that UHC serves as the stop loss carrier for the Individual Plaintiffs' self-funded plans, which are subject to these pre-authorizations.

113.     Third, per the advice given in the pre-authorizations, Chiron submitted electronic claim forms to UBH. In its claim forms, Chiron checked a box indicating that the patient being treated had assigned his or her benefits to Chiron.

114.     Finally, UHC or UHIC would issue an EOB, not only approving payment, but specifically listing the treatment codes they had approved for payment. Consistently, for years, UHC and UHIC issued EOBs stating that they were paying for treatment therapy and, at the same time and for the same patient, paying for urinalysis drug testing (treatment code 80305).

115.     Chiron relied on this course of dealing in accepting patients.

**UBH's Untimely Adverse Benefit Determinations and Cross-Plan Offsets**

116.     During the time period of March 2016 through November 2018, the Individual Plaintiffs received services for the treatment of substance addiction at Chiron, which included, among other things, urinalysis. See Appendix I and Appendix 2 (annexed to the back end of the Complaint.

117.     Chiron repeatedly verified with UBH that each of the Individual Plaintiffs was covered by a UBH plan that covered the services provided by Chiron. Also, Chiron requested and received authorization from UnitedHealth, UBH, UHIC, and UHC to provide these covered services to the Individual Plaintiffs.

118.     Chiron's requests for authorization listed each of the services to be provided separately, including a separate and distinct charge for urinalysis. For each of the Individual Plaintiffs, UBH issued authorization codes to Chiron, approving each of the services requested and the corresponding tests. In reliance on the representations of UBH, Chiron rendered the authorized services to each of the Individual Plaintiffs and rendered claims for payment in total amount greater

than \$400,000. Despite specifically authorizing the treatment dates, UBH remunerated Chiron only \$212,360.74.

119.    On October 12, 2018, UBH sent a document to Chiron titled "Overpayment results" ("Overpayment Refund Request"). In this document, UBH claimed that it had "overpaid" \$212,360.74 to Chiron for laboratory services for the Individual Plaintiffs listed on Appendix I to this Complaint. In the letter, United claimed that these "overpayments" had occurred since 2016.[7]

120.    This Overpayment Refund Request constituted an "adverse benefit determination" as defined by ERISA:

> The term "adverse benefit determination" means:
>
> (i) Any of the following: A denial, reduction, or termination of, or a failure to provide or make payment (in whole or in part) for, a benefit, including any such denial, reduction, termination, or failure to provide or make payment that is based on a determination of a participant's or beneficiary's eligibility to participate in a plan, and including, with respect to group health plans, a denial, reduction, or termination of, or a failure to provide or make payment (in whole or in part) for, a benefit resulting from the application of any utilization review, as well as a failure to cover an item or service for which benefits are otherwise provided because it is determined to be experimental or investigational or not medically necessary or appropriate[.]

29 C.F.R. § 2560.503-1(m)(4)(i).

121.    UBH's adverse benefit determination, the Overpayment Refund Request, did not include the detailed information required by ERISA:

> [T]he plan administrator shall provide a claimant with written or electronic notification of any adverse benefit determination. . . . The notification shall set forth, in a manner calculated to be understood by the claimant – (i) The specific reason or reasons for the adverse determination; (ii) Reference to the specific plan provisions on which the determination is based; (iii) A description of any additional material or information necessary for the claimant to perfect the claim and an explanation of why such material or information is necessary; (iv) A description of the plan's review procedures and the time limits applicable to such procedures,

---

[7] For specific treatment periods, *see* Appendix I.

including a statement of the claimant's right to bring a civil action under section 502(a) of the Act following an adverse benefit determination on review . . .

*Id.* § 2560.503-1(g).

122.    Even more glaringly, the Overpayment Refund Request included many claims that UBH approved and UBH issued payment for in 2016 and 2017. In other words, UBH in many cases waited **more than a year** before informing Plaintiffs of its adverse benefits determinations. This extraordinary delay flies in the face of ERISA's timing requirements:

> [I]f a claim is wholly or partially denied, the plan administrator shall notify the claimant, . . . of the plan's adverse benefit determination within a reasonable period of time, but not later than 90 days after receipt of the claim by the plan, unless the plan administrator determines that special circumstances require an extension of time for processing the claim. If the plan administrator determines that an extension of time for processing is required, written notice of the extension shall be furnished to the claimant prior to the termination of the initial 90–day period. In no event shall such extension exceed a period of 90 days from the end of such initial period.

*Id.* § 2560.503-1(f)(1).

123.    These processing deficiencies constitute a breach of UBH's fiduciary duties to the Individual Plaintiffs.

124.    UBH sought to justify its retroactive adverse benefits determination based on an internally approved change to billing guidelines (by UBH) dated sometime in March 2016, which no longer approved remuneration for "bundled" services, such as the rehabilitative services and testing (e.g., urinalysis). UBH, UHC, and UnitedHealth failed to disclose this change to Chiron, and failed to inform Chiron that payment depended on these billing guidelines.

125.    Importantly, UBH **does not** contend that the Individual Plaintiffs' Plans require providers to "bundle" services. Its billing guidelines do not depend on the language of the Plans. The guidelines are generic and apply to UBH's administration of all health plans.

126.    It is undisputed that each Plan for each Individual Plaintiff covers substance abuse treatment, including both testing and outpatient service programs. However, UBH contends that Chiron's outpatient treatment is a service that contains laboratory testing, which UBH considers to be an "integral" element of the treatment itself. So in March 2016, without telling Chiron, UBH suddenly decided it should no longer need to pay separately for laboratory testing. This artificial limitation is, in its effect, a breach of the Choice Plus Plan's representation that it covers both diagnostic services (i.e., testing) and treatment. It is standard and customary for providers to bill for both. By refusing to pay for both testing and treatment, without informing Chiron or the Individual Plaintiffs, UBH has breached the Plan.

**UBH's Discriminatory Billing Guidelines**

127.    Because it is routine for behavioral health providers—and, indeed, providers of all types—to separately bill for treatment and diagnostic testing, UBH's new restrictions leave beneficiaries on the hook financially. UBH's SPDs consistently state that "[n]on-Network providers may bill [beneficiaries] for any difference between the provider's billed charges and the Eligible Expense described here." Yet UBH made no effort to ensure that Chiron knew of this restriction going in, nor did it attempt to negotiate with Chiron in an effort to ensure that plan beneficiaries would not be billed for testing charges that UBH decided to retroactively deny. In fact, prior to October 2018, the United Defendants consistently sent Chiron EOBs representing that separate payment for urinalysis testing was available. It was not until October 2018 that UBH revealed, for the first time, that in March 2018 it had posting this switch somewhere on a website.

128.    UBH's new restriction is also discriminatory. A search of UnitedHealth's guidelines does not reveal any comparable reimbursement restriction on other, similar programs that treat physical health disorders. This categorical exclusion of payment for both testing and

treatment as separate items, regardless of whether in-patient or outpatient, appears to apply only to behavioral health and nothing else.

129.     For example, although an online search demonstrates that UnitedHealth has developed clinical guidelines for treatment of sepsis, those guidelines do not indicate that UnitedHealth has imposed any restriction on separately paying for facility visits and testing. Likewise, no such restriction can be found for reimbursement of dialysis, another situation in which providers simultaneously treat patients and administer tests to monitor progress. There is no logical basis to conclude that, in the context of sepsis and dialysis, testing is less "integral" to treatment than it would be in the context of behavioral health. Yet while UnitedHealth's guidelines require behavioral health providers to "bundle" urinalysis charges with charges for treatment, no such requirement is imposed on providers of physical healthcare.

**UBH's Cross-Plan Offsetting**

130.     More than two years after implementing its new billing guidelines, UBH finally informed Chiron of those guidelines. Rather than applying these guidelines during the applicable window for benefit determination, UBH sought to apply them retroactively, going back more than two years.

131.     UBH's actions are after-the-fact adverse benefit determinations that create new liabilities for the Individual Plaintiffs to Chiron, in breach of UBH's fiduciary duties to the Individual Plaintiffs. By applying these "offsets" to the Individual Plaintiffs, UBH has denied coverage for treatment that UBH admits they were otherwise entitled to. Worse, these alleged "overpayments" were largely issued long after the deadline for issuing adverse benefits determinations to the original patients whose plans allegedly "overpaid."

132.     In breach of its duties, UBH, through its October 2018 Overpayment Refund Request, demanded Chiron refund $212,360.74. Chiron timely objected to UBH's demand. UBH then informed Chiron that it would exercise self-help by taking a credit for the $212,360.74 it claimed it was owed from approved claims for other UnitedHealth insureds receiving services from Chiron. After learning of UBH's improper withholding of payments to Chiron, counsel was engaged and demand was made upon United to cease and desist. UBH refused and continued to apply these untimely cross-plan offsets.

**UBH's Pretextual Records Requests and Arbitrary Denials**

133.     From 2015 to 2018, Chiron progressively began increasing its admission of patients with UBH health plans. Indicative of its scheme to violate the Parity Act and reduce "benex," the more patients Chiron admitted, the more it became a target of UBH's efforts to find arbitrary and creative methods of reducing payment.

134.     UBH's efforts reached their zenith in the third quarter of 2018, when it began demanding never-ending medical records from Chiron for service periods previously authorized at the time treatment was rendered. These medical records are voluminous and can take significant amount of time and expense to prepare, send, and review. In each instance, UBH represented that it would freeze all payment for each claim until completion of the review.

135.     In most instances, these requests were issued by the primary administrator, UHC or UHIC, but they requested that Chiron send the requested records to UBH. Specifically, UHC and UHIC told Chiron to send records to UBH's "Program and Network Integrity" ("PNI") team.

136.     According to UBH's website, the PNI team exists to "identify billing as well as payment patterns and trends which may require education or modification of practices or processes on the part of the Provider or Optum. Together with Providers, Optum is committed to identifying

and remediating potential Fraud, Waste, Abuse and Error and Payment Integrity Issues." In other words, a request to send records to PNI is tantamount to an accusation of fraud, waste, abuse, or error.

137.    Chiron complied with all records requests, even as it continued treating the Appendix II Plaintiffs.

**Non-Medical Nature of Review**

138.    During phone calls in early 2019, Chiron's Jill Scott was told by UBH's representatives that the records request was not, in fact, a medical review. No medical personnel were reviewing Chiron's files for medical necessity. Rather, UBH's employees at the PNI team with no medical background were engaging in an "administrative review."

**Payment Freeze and False Assertions About Documentation**

139.    As time went on, UBH ramped up its records requests and payment freezes until they applied to virtually every claim for every Appendix II Plaintiff. In almost every instance, UBH requested medical records for virtually every claim, Chiron provided the records, then UBH falsely asserted it had not received them.

140.    For example, on August 12, 2018, UBH claimed S.R.'s treatments "may have been billed with inaccurate information," so it asked Chiron to provide "[t]he patient's treatment records for any treatment related to this claim," including "records for every date of service on the claim." Similar requests followed on August 13, 14, 16, 20, and 23; September 16, 28, and 29; and October 5, 8, and 18. This list is non-exhaustive. UBH then issued EOBs saying it would pay "$0" for S.R.'s treatments, vaguely claiming documentation was "insufficient" or "did not support" the level of care (no specifics were given).

141.    In the same timeframe, the United Defendants engaged in the same pattern with regard to the other Individual Plaintiffs listed in Appendix II, including those facing life-threatening emergencies.

142.    In letters sent after its subsequent "reviews" of Chiron's records, UBH did not explain any detailed appeal process, nor did it identify any specific provision of any plan relied upon for its denials. During appeals of the Appendix II Plaintiffs, Chiron has even asked UBH To provide all documents relied on in issuing denials. No plan documents or plan language has been cited to date.

143.    UBH even issued pretextual records requests when it knew that it would be denying claims based upon its "bundling" policies.

**Claims Form 1500 vs. UB-04**

144.    During the same timeframe, UBH repeatedly denied claims for other arbitrary and inconsistent reasons. A large number of records request denials occurred after the PNI department "approved" the claim. Even after "approval" by PNI, the department that reviews for fraud and waste, UBH's claims department would deny the claim, demanding that Chiron re-submit claims on the improper claims form: a claims form "1500."

145.    A claims form 1500 is typically used by doctor's offices. For a facility-based provider such as Chiron, the proper claims form is a form UB-04.

146.     For instance, on December 24, 2018, Chiron submitted a claim on a UB-04 claims form, which is appropriate for a facility-based claim. On January 8, 2019, UBH denied the claim. Then UBH requested records regarding the same claim on January 11, 2019, and Chiron sent the requested records on January 21, 2019. On March 25, 2019, UBH's Program and Network Integrity Department approved the claim, only to result in a subsequent denial by UBH's Claims

Department on the same date. UBH's Claims Department requested that the claim be re-submitted on a claims form 1500—a form typically used by doctor's offices. Despite the unusual request, Chiron complied. Upon re-submission, UBH denied the claim again on April 10, 2019. The following day, Chiron's Dorothy Hendrix spoke to UBH's employee, "Mikey," **who told Hendrix to re-submit the claim again on a UB-04 form**—exactly what Chiron had done the first time, leading to a prior rejection of the same claim. Similar instances have occurred repeatedly and continuously since October 2018.

147.    It is apparent that the United entities do have employees who realize the proper form is a claims form UB-04. Yet after the October 2018 "overpayment" dispute, UHC, UHIC, and UBH's employees suddenly, inexplicably, began requiring Chiron to bill on a claims form 1500. They also, in many instances, began inexplicably denying "H" codes—treatment codes that are entirely appropriate for a UB-04 form, but inappropriate for a claims form 1500.

148.    In many of the counts below, the Appendix II Plaintiffs sue for benefits due for counts where the United Defendants denied claims on the basis of this false assertion regarding the proper claims form.

**United's True Motive**

149.    UHC, UHIC, and UBH are not actually reviewing the medical records in a reasonable and timely manner. The demand for medical records is a pretext to withhold payment from Chiron in an effort to reduce "benex." This is demonstrated by the inverse relationship between the scale of patients accepted by Chiron each year—resulting in increased bills to UBH—and the percentage of the billed charges that UBH approved for payment that year:



As the chart above demonstrates, UBH gradually denied more of Chiron's claims as it accepted more patients with UBH plans. Then, after Chiron billed for a substantial number of patients in 2018, UBH abruptly stopped paying for virtually any claim submitted for any of the Individual Plaintiffs.

150.    The same point is demonstrated by a review of how long UBH processes each claim. In 2015, when Chiron took in a relatively small number of patients to whom UBH served as the claims administrator, UBH processed claims relatively promptly. Yet as Chiron began accepting a larger number of UBH patients, the amount of time spent processing Chiron's claims and delaying payment gradually increased—before skyrocketing in the latter half of 2018, as UBH used this process to punish Chiron for disputing the Overpayment Refund Request:

---



**Treatment Guidelines**

151.    Additionally, UBH has also created treatment approval guidelines that focus on restricting care to the minimum level that it deems safe, without regard to effectiveness.

152.    For example, in numerous instances UBH has approved one or two days of treatment per week per Individual Plaintiff, while vaguely claiming that the surrounding days of treatment "do not support level of care billed." The practice of approving one to two days of treatment as medically necessary, while denying the surrounding days, is contrary to accepted American Society of Addiction Medicine ("ASAM") standards. It is inexplicable to approve treatment on a Monday, but claim the same records do not support treatment Tuesday-Friday.

153.    This practice appears to be based on UBH's treatment guidelines, which inappropriately cut costs, ignore accepted ASAM standards, and focus almost exclusively on acute

safety to the detriment of treatment necessary for an effective recovery. This is contrary to accepted standards and customs in behavioral health treatment.

**Consequences of United Defendants' Scheme**

154.   The United Defendants' scheme has driven Chiron to the point of insolvency, resulting in the company winding down its affairs. Since 2015, Chiron had relied on Defendants' past history of payments, including the familiar pattern of a VOB, then a pre-authorization, followed by a claim submission and then payment at a consistent price. By 2018, Chiron had relied on this pattern so much that a disproportionate number of its patients held UBH plans. Consequently, UBH's sudden, arbitrary freeze of all payments for all claims resulted in Chiron being driven out of business. Worst of all, UBH admits that Chiron's claims were for services covered by the Individual Plaintiffs' Choice Plus Plan. UBH's pretext for denying payments is not based on any Plan language; it is based solely on billing guidelines that UBH developed in March 2016, but did not disclose to Chiron until late 2018.

155.   By abruptly cutting off almost all payments to Chiron, UBH also threatened to create a life-threatening disruption to the treatment of the Individual Plaintiffs. However, Chiron mitigated the worst of these consequences by refusing to cease treatment until the Individual Plaintiffs could safely leave the program.

156.   To date, UnitedHealth, through UBH's endless requests for medical records, has withheld payment to Chiron in an amount many times greater than the $212,360.74 improperly withheld as a retro-denial for laboratory tests.

### CHIRON'S CAUSES OF ACTIONS UNDER FLORIDA LAW (COUNTS I – VII)

### COUNT I: BREACH OF IMPLIED-IN-FACT CONTRACT
### Total Payment Freeze
### (Chiron v. UBH)

157.    Chiron repeats and re-alleges the allegations set forth in paragraphs 1-100, 109-115, 122-126, and 133-156.

158.    UBH is the claims administrator who approves payment the Individual Plaintiffs for the costs of various medical services including substance-abuse counseling, treatment and related services under the ACA.

159.    Since 2015, Chiron has accepted patients whose health plans were administered by UBH. Chiron has charged consistent amounts to UBH for its services, and UBH approved payment of consistent amounts for specific treatment codes.

160.    The payment process had four steps, which are described in paragraphs 110 through 115.

161.    Chiron relied on this past course of dealing when it chose to accept patients who possessed UBH plans.

162.    After following these steps, Chiron provided services to the Individual Plaintiffs in in 2016, 2017, and 2018, and then rendered claims for the services to UBH.

163.    On October 12, 2018, UBH sent notice to Chiron that $212,630.74 previously paid for services provided to the Individual Plaintiffs were improper "overpayments" because the "monies were paid for laboratory services, which were already included in payments for the facility based behavioral health services."

164.    Laboratory services are not included as part of the other services rendered by Chiron to the Individual Plaintiffs. This is evidenced by the submission of requests for

authorization which utilized separate billing codes, including a specific and distinct code for the laboratory services described. UBH issued an authorization for each of the services which are billed separately.

165.    Chiron is not an "in-network" provider under a written contract with UBH and has not agreed to any limitations on the services for which it charges. UBH never previously informed Chiron of its new billing guidelines. On the contrary, from 2016-2018 it continued paying Chiron for both laboratory testing and separately for treatment services.

166.    UBH then exercised self-help and reduced or eliminated payments for authorized services to other patients, in order to "repay" itself.

167.    Such conduct by UBH is a material breach of the agreement to pay Chiron and amounts to bad faith.

168.    Chiron has been damaged by reason of the foregoing.

### COUNT II: BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING
### Withholding Money Based on Pretextual Records Requests
### Under Florida Law
### (Chiron v. UBH)

169.    Chiron repeats and re-alleges the allegations set forth in paragraphs 1-100, 109-115, 122-126, 133-156, and 158-166.

170.    Based on Chiron's course of dealing with UBH, described in paragraphs 110 through 115, the parties formed an implied-in-fact contract. Chiron relied on the parties' course of dealing in expecting payment, so long as it followed instructions communicated by UBH to Chiron. Chiron had a reasonable expectation that UBH would not arbitrarily deny payment.

171.    Instead of acting in good faith, UBH sought to reduce "benex" in the middle of 2018 by employing a never-ending series of arbitrary, bad faith records requests, inconsistent claims forms requests, and ultimately, denials.

172.    Chiron has been damaged by reason of the foregoing.

## COUNT III: PROMISSORY ESTOPPEL
### Demanding Refund for "Bundled Services"Under Florida Law
### (Chiron v. UnitedHealth, UBH, UHIC, and UHC)

173.     Chiron repeats and re-alleges the allegations set forth in paragraphs 1-100, 109-115, 122-126, and 133-156.

174.    UnitedHealth, UBH, UHIC, and UHC represented to Chiron that the Individual Plaintiffs had valid insurance and that services had been authorized.

175.    Defendants reasonably should have expected that Chiron would rely on this representation, particularly given their course of dealing with Chiron, described in paragraphs 110-115.

176.    After receiving verification and authorization, Chiron rendered services to Individual Plaintiffs and thereafter rendered invoices for the respective services.

177.    Chiron reasonably relied on the representations made by UBH to authorize and pay for these services.

178.    After Chiron rendered services and invoices for those services, which were paid pursuant to EOBs approving payment, UBH purported to "retroactively rescind" the respective authorizations and EOBs approving payment.

179.    Subsequently, UBH withheld payment for other authorized services for other patients under the guise of a "medical records review." In fact, this was a pretext to withhold payment. UBH has since imposed arbitrary, baseless, and never-ending claims that more records are needed to validate each claim. The upshot is that UBH essentially issued a total freeze on nearly all claims. In effect, UBH has removed coverage almost completely.

180.    Chiron would not have rendered service to Individual Plaintiffs but for the representations of UBH.

181.    By reason of the foregoing, Chiron has suffered harm.

182.    In these circumstances, UBH are estopped from withholding payment from Chiron for any urinalysis provided prior to the October 2018 Overpayment Refund Request.

### COUNT IV: VIOLATION OF FLORIDA'S DECEPTIVE AND UNFAIR TRADE PRACTICES ACT
### Under § 501.204, Fla. Stat.
### (Chiron v. UnitedHealth, UBH, UHIC, and UHC)

183.    Chiron repeats and re-alleges the allegations set forth in paragraphs 1-100, 109-115, 122-126, and 133-156.

184.    Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA") provides that "[u]nfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful." § 501.204, Fla. Stat.

185.    UnitedHealth, UBH, UHIC, and UHC are involved in an improper and deceptive scheme whereby providers such as Chiron are lured through a years-long course of dealing into treating patients to whom UBH serves as claims administrator, then, as a provider's claims increase, UBH arbitrarily cuts off payments for pretextual reasons, effectively removing coverage.

186.    UBH is involved in an unfair and deceptive scheme whereby UBH withholds payment on previously approved claims by falsely claiming that medical records demanded for review were not timely supplied by Chiron.

187.    UnitedHealth, UBH, UHIC, and UHC have actual knowledge that service providers rely on the verifications of insurance and authorizations for service supplied by insurance companies in agreeing to undertake the care of their insureds.

188.     The pretext of demanding medical records in order to avoid payment of claims is bad faith. This is aggravated by the fact that UBH is not timely reviewing the medical records it has demanded, and has intentionally increased the review time as Chiron has taken in a larger number of patients with UBH plans.

189.     UnitedHealth, UBH, UHIC, and UHC intend that service providers rely on the issuance of insurance verification and authorization so that UnitedHealth and its various controlled subsidiaries can continue to enjoy profitable business from insureds and their employers.

190.     Chiron necessarily engaged the services of an attorney to bring this action and will incur legal fees as a result. Chiron seeks recovery of such attorneys' fees.

## COUNT V: COMMON-LAW FRAUD
### (Chiron v. UnitedHealth, UBH, UHIC, and UHC)

191.     Chiron repeats and re-alleges the allegations set forth in paragraphs 1-70, 80-89, 94, 100-119, and 137-143.

192.     Chiron repeats and re-alleges the allegations set forth in paragraphs 1-100, 109-115, 122-126, and 133-156.

193.     Since 2015, Chiron has accepted patients whose health plans were administered by the United Defendants. Chiron has charged consistent amounts to UHC and UHIC for its services, and, following authorization by their common behavioral health claims agent, UBH, UHC and UHIC approved payment of consistent amounts for specific treatment codes.

194.     The payment process had four steps, which are described in paragraphs 110-115. When Chiron accepted the Individual Plaintiffs, it followed this four-step process. From 2016-18, UBH and UHC assured Chiron that each Individual Plaintiffs possessed valid healthcare insurance that covered substance abuse treatment and testing. See Appendix I and Appendix II.

195.    With respect to the Individual Plaintiffs in Appendix II, UBH's confirmation of coverage on each date constituted a misleading half–truth.

196.    Even while inducing Chiron to accept these patients, UBH was planning to impose such a high degree of arbitrary, undisclosed payment restrictions that its verifications of coverage were deeply misleading. In effect, UBH set out to use "records reviews" to remove their coverage almost completely.

197.    In the middle of 2018, after authorizing treatment by Chiron, UnitedHealth, UBH, UHIC, and UHC began withholding virtually all payment for all patients by claiming: (i) UBH was entitled to recover previous payments for earlier patients based on billing guidelines never previously disclosed to Chiron; (ii) UBH was entitled to withhold payment of previously approved claims due to medical record review; (iii) UBH was entitled to deny payment by falsely claiming that medical records were not produced on a timely basis by Chiron.

198.    UBH misled Chiron by portraying its records requests as a medical review that was needed to verify missing or incomplete information. It was not. During phone calls in early 2019, Chiron's Jill Scott learned from a UBH representative that the records request was not, in fact, a medical review. No medical personnel were reviewing Chiron's files for medical necessity. Rather, UBH employees with no medical background were engaging in an "administrative review."

199.    By portraying its records requests as a medical review, UBH made a misrepresentation to Chiron. As shown in paragraph 107, UBH made repeated misrepresentations from about August 2018 to the present by falsely claiming that Chiron had not provided records that supported its service, and falsely claiming that additional records were necessary to verify Chiron's services. UBH did this with respect to the claims submitted for services provided to the Individual Plaintiffs listed in Appendix II.

---

200.    These records requests, built on false statements, were designed to induce Chiron to expend substantial time and money. They were also designed to provide a pretext for UBH to freeze payment. UnitedHealth's ultimate goal was to deter Chiron from accepting patients ensured by UBH and UHC plans or to drive Chiron out of business.

201.    Additionally, on October 12, 2018, UBH sent notice to Chiron that $212,630.74 previously paid for services provided to the Individual Plaintiffs were "overpayments" because the "monies were paid for laboratory services, which were already included in payments for the facility based behavioral health services." UBH had never before disclosed its billing guidelines requiring "bundling" of laboratory testing and facility services. Yet it used this as a further pretext to intensify its false assertions that Chiron had not submitted full records for each claim.

202.    Using Chiron's alleged overbilling as a pretextual justification, UBH began requiring re-submittal of records for virtually every claim for every patient with a UBH plan. As a result, UBH grinded virtually all payments to Chiron to a halt. Between the sudden loss of cash flow and the costs of complying with UBH's records requests, Chiron was driven to the point of insolvency and is now forced to wind down its business. Chiron's damages thus include the loss of its entire business.

## COUNT VI: NEGLIGENT MISREPRESENTATION
### (Chiron v. UnitedHealth, UBH, UHIC, and UHC)

203.    Chiron repeats and re-alleges the allegations set forth in paragraphs 1-100, 109-115, 122-126, and 133-156.

204.    Since 2015, Chiron has accepted patients whose health plans were administered by UBH. Chiron has charged consistent amounts to UBH for its services, and UBH approved payment of consistent amounts for specific treatment codes.

205.    The payment process had four steps, which are described in paragraphs 110-115. When Chiron accepted the Individual Plaintiffs, it followed this four-step process. From 2016–18, UnitedHealth, UHC, and UBH assured Chiron that each Individual Plaintiffs possessed valid healthcare insurance that covered substance abuse treatment and testing. See Appendix I and Appendix II.

206.    From 2015-18, Chiron followed standard industry practice and billed separately for testing and treatment. For those years, UBH paid Chiron for both, without ever disclosing its internal billing guidelines that deemed testing to be "bundled" with treatment.

207.    For more than two years after implementing billing guidelines that required "bundling" of treatment and testing, UBH completely ignored those guidelines. UBH never once disclosed those guidelines to Chiron. On the contrary, from 2016-2018 it continued paying Chiron for both laboratory testing and separately for treatment services.

208.    This utter recklessness over the course of two years led Chiron to believe that UBH and UHC, like most insurers and plan administrators, pay separately for outpatient treatment and urinalysis testing. In reliance on these representations of coverage, past payments of both treatment and testing separately, and EOBs describing its rationale for paying for each treatment code, Chiron accepted a large number of patients with UBH health plans.

209.    On October 12, 2018, UBH sent Chiron its "Overpayment Refund Request" document. In this document, UBH claimed that it had "overpaid" $212,360.74 to Chiron for laboratory services for the Individual Plaintiffs since 2016. Then, for the first time, UBH provided Chiron a link to the internal billing guidelines that it had never bothered to mention to Chiron for two years.

210.    Using Chiron's alleged overbilling as a pretextual justification, UBH then intensified its issuance of arbitrary, excessive records requests for virtually every claim for every patient with a UBH plan. As a result, UBH grinded virtually all payments to Chiron to a halt. Between the sudden loss of cash flow and the costs of complying with UBH's records requests, Chiron was driven to the point of insolvency and is now forced to wind down its business. Chiron's damages thus include the loss of its entire business.

## ERISA: COUNTS OF INDIVIDUAL PLAINTIFFS

**A.**    **Part A: Appendix I Plaintiffs' Causes of Action**

### COUNT VIII: DECLARATORY JUDGMENT
### (Appendix I Plaintiffs, through their attorney-in-fact, v. UHC)

211.    Plaintiffs incorporate Paragraphs 1-108, 116-126, and 130-132 as if fully stated herein.

212.    From 2016-18, the Appendix I Plaintiffs received treatment from Chiron, as shown on Appendix I. Chiron submitted claims to UHC and UHIC, which UBH approved for payment, and which were "paid."

213.    On October 12, 2018, UBH sent Chiron its "Overpayment Refund Request" letter. In that letter, UBH alleged that on various dates over the past two years, the United entities had "overpaid" for treatments Chiron rendered to A.A., A.B., A.M., A.P., A.R., B.J., B.L., B.J.W., B.W., C.B., C.C., C.G., C.M., D.A., D.C., D.R., E.R., E.S., G.K., J.R., J.W., J.M., K.B., Ke.M., Ko.M., K.N., K.R., K.A.R., M.H., M.L., M.M., N.H., N.M., N.T., R.W., S.G., S.M.,  S.A.P., S.P., S.R., T.F., T.G., and Z.Z.

214.    Plaintiffs will file that refund letter under seal, as a supplement to this Second Amended Complaint. Plaintiffs will also file under seal a chart of the dates when Chiron submitted claims on behalf of the respective Appendix I Plaintiffs. This will show that in the large majority

of instances, United sent the October 12, 2018 letter far more than 90 days after receiving the claims of the respective Appendix I Plaintiffs.

215.    Against the wishes of the Appendix I Plaintiffs' attorney-in-fact, United then began converting the funds paid by Chiron for the Appendix I Plaintiffs' treatments into "offsets" for treatments provided to other patients. This was, in effect, a conversion of monies from the Appendix I Plaintiffs to the Appendix II Plaintiffs.

216.    In all instances of so-called "overpayment," United **did not** pay the Appendix I Plaintiffs directly. Instead, United paid Chiron, and United issued an EOB that accounted for those payments by linking them to Chiron's urinalysis drug testing. In a very real sense, it is United's accounting that determines whether a payment is "for" the Appendix I Plaintiffs, or "for" other patients. If United is permitted to re-allocate those payments to other patients, then, in effect, the Appendix I Plaintiffs now all have unpaid bills for urinalysis testing, and they have effectively been denied benefits they believed were due under their plan. Worst of all, this will have occurred far more than 90 days after claims were submitted and their urinalysis testing benefits were supposedly "approved."

217.    If the United entities are allowed to reach back years after a claim is submitted, violating ERISA's deadlines, to retroactively deny payment, this creates grave uncertainty for each Appendix I Plaintiff as to what benefits they are actually owed. It also raises the question of whether they might owe outstanding money to Chiron, or to any other patient who United says it does not need to pay as a result of the so-called "offset."

218.    It also creates grave uncertainty as to whether the Appendix I Plaintiffs' plan and claims administrators can simply ignore ERISA's deadlines for determining claims. ERISA generally requires administrators to approve or deny claims within 90 days after submission. If

they can simply approve payments, then deny them later in the guise of "offsets" to other patients, then no patient can ever be sure if an "approved" payment is actually, finally approved.

219.    The parties have a real, present dispute. Declaratory judgment would resolve this.

**B.    Part B: Appendix II Plaintiffs' Counts**

**1.    All Appendix II Plaintiffs: Counts for Breach of Fiduciary Duty**

**COUNT IX: BREACH OF FIDUCIARY DUTY**
**Treatment Guidelines Under ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3)**
**(Chiron, as Attorney-in-fact for Appendix II Plaintiffs, v. All Defendants)**

220.    Plaintiffs incorporate paragraphs 1-115 and 151-153 as if fully stated herein.

221.    The Defendants have breached their fiduciary duty under ERISA by their continued use of discriminatory treatment guidelines to reduce necessary treatment and to cut costs.

222.    Injunctive relief is appropriate, as there is no adequate remedy at law.

223.    Chiron seeks injunctive relief prohibiting Defendants from continuing to apply its improper treatment guidelines rather than an accepted standard, such as ASAM.

224.    Chiron also seeks that Defendants be required to re-process all claims improperly subjected to their discriminatory treatment guidelines.

**COUNT X: BREACH OF FIDUCIARY DUTY**
**Payment Guidelines Under ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3)**
**(Chiron, as Attorney-in-fact for Appendix II Plaintiffs, v. All Defendants)**

225.    Plaintiffs incorporate paragraphs 1-115 and 127-129 as if fully stated herein.

226.    The Defendants have breached their fiduciary duty under ERISA by their continued use of discriminatory billing guidelines to reduce necessary treatment and cut costs.

227.    Injunctive relief is appropriate, as there is no adequate remedy at law.

228.   Chiron seeks injunctive relief prohibiting Defendants from enforcing discriminatory billing guidelines that are more restrictive to behavioral health than are billing requirements for comparable treatment regimens, such as sepsis and dialysis.

## COUNT XI: BREACH OF FIDUCIARY DUTY
### Cross-Plan Offsetting Under ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3)
### (Chiron, as Attorney-in-fact for Appendix II Plaintiffs, v. All Defendants)

229.   Plaintiffs incorporate paragraphs 1-126 and 130-132 as if fully stated herein.

230.   The Defendants have breached their fiduciary duty under ERISA by their continued practice of cross-plan offsetting to reduce necessary treatment and cut costs.

231.   Injunctive relief is appropriate, as there is no adequate remedy at law.

232.   Chiron seeks injunctive relief prohibiting Defendants from enforcing "bundling" guidelines in the future with respect to billing that are more restrictive to behavioral health than are billing requirements for comparable treatment regimens, such as sepsis and dialysis.

## COUNT XII: BREACH OF FIDUCIARY DUTY
### Cross-Plan Offsetting Under ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3)
### (Chiron, as Attorney-in-fact for S.M., S.R., E.R.,
### E.Su., K.W., A.E., A.N., K.H., E.S., and S.P. v. All Defendants)

233.   Plaintiffs incorporate paragraphs 1-126 and 130-132 as if fully stated herein.

234.   As for Individual Plaintiffs S.M., S.R., E.R., E.Su., K.W., A.E., A.N., K.H., E.S., and S.P., Defendants' cross-plan offsetting scheme has resulted in $43,047.77 in monies taken from their claims and applied to others.

235.   Chiron seeks injunctive relief to reverse these and all claims that have been subjected to Defendants' cross-plan offsetting in the past.

236.   Chiron further seeks disgorgement of any monies Defendants have profited from their cross-plan offsetting scheme.

**C.** **Part C: Benefits Due Counts (ERISA 501(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B)**

**2.** **COUNTS XIII - XXXIII: W.G.'s Claims**

*(Chiron, as W.G.'s Assignee, v. UHIC and UBH)*

237.    For the following "W.G." count, Plaintiffs incorporate paragraphs 1-125 and 130-156 as if fully stated herein.

238.    Beginning on 8/15/2018, UHIC and UBH authorized Chiron to provide treatment to W.G., concluding that the treatment was medically necessary. Chiron treated W.G. until February 2019, resulting in 27 claims. In total, Chiron billed $130,815 for W.G.'s treatment prior to the termination of W.G.'s health plan.

239.    To date, by Chiron's calculation, UHIC has only "paid" $5,281.85 for W.G.'s treatments, for claims submitted on 8/20/2018, 8/27/2018, 9/3/2018, 10/1/2018, and 11/5/2018. These meager "payments" were applied to W.G.'s deductible, and only occurred after Chiron complied with time-consuming pretextual medical requests, followed by denials, which were then overturned after lengthy internal appeals.

240.    Most of W.G.'s claims were denied. Many of W.G.'s claims are outstanding and unresolved, with dates ranging from 164 days to 359 days since the claim was first submitted.

241.    Chiron, as W.G.'s assignee, has appealed these denials to UBH. These appeals have been decided arbitrarily, with most denials vaguely asserting that Chiron has not provided documentation that has, in fact, been provided.

242.    One of the very few specific reasons UBH has provided for denying dates of service is that W.G.'s claims should be billed on a "1500" claim form rather than a "UB-04" claim form. This is false. A UB-04 claims form is appropriate for a facility-based claim. A "1500" claims form is the type used by doctor's offices. In many instances, for numerous patients, representatives of the United entities have acknowledged that the correct claims form for Chiron's claims is a UB-

04. Nevertheless, UBH has repeatedly, and inexplicably, made this error to deny Chiron's claims since October 2018.

**COUNT XIII: BENEFITS DUE**
**(W.G.'s Claim Submitted 9/17/2018)**

243.    For the following "W.G." count, Plaintiffs incorporate paragraphs 1-125 and 130-156 as if fully stated herein.

244.    On 9/17/2018, Chiron submitted a claim for payment of services provided to W.G. on treatment dates 9/10/2018 – 9/16/2018. The claim included three days for mental health intensive outpatient treatment (treatment code H0015), and three instances of urinalysis drug testing (treatment code 80305, on 9/10/2018, 9/12/2018, and 9/13/2018). The total amount billed was $9,585.

245.    On 9/29/2018, UHIC sent Chiron its first records requests for W.G.'s treatments, asking that Chiron send records supporting the 9/17/2018 claim to UBH's PNI team.

246.    Chiron responded and send the records on 11/8/2018.

247.    On 11/19/2018, UHIC sent Chiron an EOB, denying the claim. The denial codes included: N706 (both for H0015 and 80305), and 252 (both for H0015 and 80305). Both are vague, documentation-related denial codes. 252 means: "An attachment/other documentation is required to adjudicate this claim." N706 means: "Missing documentation." UHIC and UBH failed to explain what documentation was missing.

248.    On 11/26/2018, Chiron was notified on a status call that the claim was denied.

249.    Chiron, as W.G.'s assignee and attorney-in-fact, then appealed the claim.

250.    On 1/7/2019, UBH's claims center denied the claim, requesting that it be re-billed on a claim form 1500—an inappropriate type of claims form for Chiron's services.

Notwithstanding Chiron's explanation that a UB-04 form is the proper claims form, UBH and UHIC still refuse to pay for the claim and have falsely re-asserted that documentation is missing.

251.    On 6/3/2019, during the appeal, Chiron even had to correct a false statement by UBH that documentation had not been received for dates 9/10/2018, 9/12/2018, and 9/13/2019. On that date, Chiron sent a sent, attaching the actual delivery receipt that showed UBH had received the records on 11/11/2019. Chiron also pointed out that UBH's claims team asserted that UBH did not receive this documentation even after the PNI team had reviewed the records and approved them, only for UBH's claims team to deny everything and require the claim to be re-submitted on a claim form 1500.

252.    Chiron, as W.G.'s assignee, is entitled to benefits for these service dates. Chiron therefore seeks benefits due in an amount consistent with UHIC's prior payments for the same treatment codes and consistent with B.B.'s health plan.

## COUNT XIV: BENEFITS DUE
### (W.G.'s Claim Submitted 9/24/2018)

253.    On 9/24/2018, Chiron submitted a claim for payment of services provided to W.G. on treatment dates 9/17/2018 – 9/23/2018. The claim included three days for mental health intensive outpatient treatment (treatment code H0015), and three instances of urinalysis drug testing (treatment code 80305, on 9/17/2018, 9/18/2018, and 9/20/2018). The total amount billed was $3,000.

254.    On 10/7/2018, UHIC sent Chiron its first records requests for W.G.'s treatments, asking that Chiron send records supporting the 9/24/2018 claim to UBH's PNI team. Chiron responded and send the records on 11/9/2018.

255.    Part of the claim was paid. $675.33 to deductible.

256.    Although the PNI team "approved" this claim, it has not been fully paid.

## COUNT XV: BENEFITS DUE
### (W.G.'s Claim Submitted 10/1/2018)

257.    On 10/1/2018, Chiron submitted a claim for payment of services provided to W.G. on treatment dates 9/24/2018 – 9/30/2018. The claim included one charge for outpatient group therapy (treatment code H0005), one instance of individual group therapy (treatment code H0047), one instance of urinalysis drug testing (treatment code 80305), and two instances of psychotherapy (treatment code 90834 on 9/24/2018 and 9/27/2018). The total amount billed was $3,000.

258.    On 10/12/2018, UHIC sent Chiron a records request, asking that Chiron send records supporting the claim to UBH's PNI team.

259.    Chiron responded and send the records on 11/13/2018.

260.    Chiron followed up with UBH on status calls on 10/5/2018, 11/12/2018, 11/16/2018, 11/26/2019, 12/18/2019, 1/2/2019, 3/6/2019, and 3/30/2019.

261.    On 12/6/2018, UBH's PNI team sent the claim to the "claims" team.

262.    On 1/7/2019, UBH sent Chiron a duplicative records request. Once again, Chiron sent the records supporting this claim on 2/6/2019.

263.    On 4/4/2019, UHIC sent Chiron an EOB, denying the claim for dates of service 9/24/2019 and 9/27/2019, falsely claiming Chiron had not provided records regarding the psychotherapy.

264.    Chiron, as W.G.'s assignee, is entitled to benefits for these service dates. Chiron therefore seeks benefits due in an amount consistent with UHIC's prior payments for the same treatment codes and consistent with W.G.'s health plan.

### COUNT XVI: BENEFITS DUE
#### (W.G.'s Claim Submitted 10/8/2018)

265.     On 10/8/2018, Chiron submitted a claim for payment of services provided to W.G. on treatment dates 10/1/2018 – 10/7/2018. The claim included one charge for outpatient group therapy (treatment code H0005), one instance of administration of individual psychotherapy (treatment code H0047), and one instance of urinalysis drug testing (treatment code 80305). The total amount billed was $3,000.

266.     On 10/19/2018, UHIC sent Chiron a records request, asking that Chiron send records supporting the claim to UBH's PNI team.

267.     Chiron responded and send the records on 11/27/2018.

268.     On 1/4/2019, UBH's PNI team sent the claim to the "claims" team.

269.     On 3/19/2019, UBH's claims team improperly demanded that Chiron re-bill the claim on a claim form 1500—the incorrect type of claims form.

270.     On 3/14/2019, UBH issued Chiron an EOB in which UBH claimed, falsely, that Chiron had submitted the bills on the "incorrect claims format" ("RMK Code N34") and that there was an "Incomplete/invalid progress note ("RMK Code N394"). Aside from UBH's false assertions about the proper claims form, no specific details were provided.

271.     Chiron, as W.G.'s assignee, is entitled to benefits for these service dates. Chiron therefore seeks benefits due in an amount consistent with UHIC's prior payments for the same treatment codes and consistent with W.G.'s health plan.

### COUNT XVII: BENEFITS DUE
#### (W.G.'s Claim Submitted 10/15/2018)

272.     On 10/15/2018, Chiron submitted a claim for payment of services provided to W.G. on treatment dates 10/8/2018 – 10/14/2018. The claim included one charge for outpatient group

therapy (treatment code H0005), one instance of individual psychotherapy (treatment code H0047), and one instance of urinalysis drug testing (treatment code 80305). The total amount billed was $3,000.

273.    On 10/25/2018, UHIC sent Chiron a records request, asking that Chiron send records supporting the claim to UBH's PNI team.

274.    Chiron responded and send the records on 11/27/2018.

275.    On 1/4/2019, UBH's PNI team sent the claim to the "claims" team.

276.    On 3/19/2019, UBH's claims team denied the claim and improperly demanded that Chiron re-bill the claim on a claim form 1500—the incorrect type of claims form.

277.    UBH issued EOBs to Chiron for this claim on 12/20/2018 and 1/17/2019. UBH denied the treatments, citing RMK or Adj. Codes N707 ("missing documentation"), N7 ("Missing/incomplete/invalid designated provider number"), and 252 ("An attachment/other documentation is required to adjudicate this claim"). No specific details were provided.

278.    Chiron appealed, and after the PNI team approved treatment code H0005 for 10/18/2018, UBH's claims team reversed that approval and denied the claim, asserting that UBH's "Reimbursement Policies and Procedures, policy number 2017RP511A" prohibits payment of that treatment code. On 6/3/2019, Chiron wrote a letter explaining that the reimbursement policy says no such thing, and that H0005 is the proper code for outpatient group therapy when submitted via a UB-04 form. UBH's denial appeared to stem from its improper application of "claims form 1500" standards (e.g., if the claim were billed on a 1500 claims form, the code for outpatient group therapy would be 90824, but on a UB-04 form, the correct code is H0005). This still has not been paid.

279.     During the appeal process, UBH continued to deny treatment code H0047 ("individual psychotherapy"), stating not only that the records provided are somehow insufficient, but adding that "the dates of service appear to be performed while patient was in a treatment program, and would be considered and integral component of the treatment program and are not separately reimbursable." This was incoherent. On 6/3/2019, Chiron reminded UBH that, on various authorization calls, UBH had reduced W.G.'s level of care to the lower level of individual psychotherapy. Hence, H0047 *became* the treatment program. This still has not been paid.

280.     Chiron, as W.G.'s assignee, is entitled to benefits for these service dates. Chiron therefore seeks benefits due in an amount consistent with UHIC's prior payments for the same treatment codes and consistent with W.G.'s health plan.

**COUNT XVIII: BENEFITS DUE**
**(W.G.'s Claim Submitted 10/22/2018)**

281.     On 10/22/2018, Chiron submitted a claim for payment of services provided to W.G. on treatment dates 10/15/2018 – 10/21/2018. The claim included one charge for outpatient group therapy (treatment code H0005), one instance of individual psychotherapy (treatment code H0047), and one instance of urinalysis drug testing (treatment code 80305). The total amount billed was $3,000.

282.     On 11/2/2018, UHIC sent Chiron a records request, asking that Chiron send records supporting the claim to UBH's PNI team.

260.     Chiron responded and send the records on 12/6/2018.

283.     Following the production of voluminous records requested by UBH and appeals, UBH refuses to pay for treatment code H0005. Once again, UBH's denial appeared to stem from its improper application of "claims form 1500" standards (e.g., if the claim were billed on a 1500

claims form, the code for outpatient group therapy would be 90824, but on a UB-04 form, the correct code is H0005). The claim still has not been paid.

284.    UBH also refuses to pay for treatment code H0047, despite the initial approval by its PNI team. UBH has stated that H0047 "ha[s] not been approved for additional payment. This date of service was supported for payment on the 1st review by the PNI coding team on 1/8/19. However after second review of the documentation that was sent, the HCPCS code submitted does not appear to be the most appropriate code for the service documented as provided." UBH failed to explain what the appropriate code would have been, but this appears, yet again, to be based on application of the codes that would be submitted with a 1500 claims form. On 7/3/2019, Chiron responded, asking which department performed the secondary review and why. UBH has not provided a clear response and has continued to deny payment.

285.    Chiron, as W.G.'s assignee, is entitled to benefits for these service dates. Chiron therefore seeks benefits due in an amount consistent with UHIC's prior payments for the same treatment codes and consistent with W.G.'s health plan.

## COUNT XIX: BENEFITS DUE
### (W.G.'s Claim Submitted 10/29/2018)

286.    On 10/29/2018, Chiron submitted a claim for payment of services provided to W.G. on treatment dates 10/22/2018 – 10/28/2018. The claim included one charge for outpatient group therapy (treatment code H0005), one instance of individual psychotherapy (treatment code H0047), and one instance of urinalysis drug testing (treatment code 80305).The total amount billed was $3,000.

287.    Following the production of voluminous records requested by UBH and appeals, UBH refuses to pay for treatment code H0005.

288.     Once again, UBH's denial appeared to stem from its improper application of "claims form 1500" standards (e.g., if the claim were billed on a 1500 claims form, the code for outpatient group therapy would be 90824, but on a UB-04 form, the correct code is H0005). The claim still has not been paid.

289.     Chiron, as W.G.'s assignee, is entitled to benefits for these service dates. Chiron therefore seeks benefits due in an amount consistent with UHIC's prior payments for the same treatment codes and consistent with W.G.'s health plan.

## COUNT XX: BENEFITS DUE
### (W.G.'s Claim Submitted 11/5/2018)

290.     On 11/5/2018, Chiron submitted a claim for payment of services provided to W.G. on treatment dates 10/29/2018 – 11/04/2018. The claim included one charge for outpatient group therapy (treatment code H0005), one instance of individual psychotherapy (treatment code H0047), and one instance of urinalysis drug testing (treatment code 80305). The total amount billed was $3,000.

291.     Following the production of voluminous records requested by UBH and appeals, UBH refuses to pay for treatment code H0005, using the pretext stated in paragraph 288 above.

292.     Chiron, as W.G.'s assignee, is entitled to benefits for these service dates. Chiron therefore seeks benefits due in an amount consistent with UHIC's prior payments for the same treatment codes and consistent with W.G.'s health plan.

## COUNT XXI: BENEFITS DUE
### (W.G.'s Claim Submitted 11/12/2018)

293.     On 11/12/2018, Chiron submitted a claim for payment of services provided to W.G. on treatment dates 11/5/2018 – 11/11/2018. The claim included one charge for outpatient group therapy (treatment code H0005), one instance of individual psychotherapy (treatment code

H0047), and one instance of urinalysis drug testing (treatment code 80305). The total amount billed was $3,000.

294.    On 11/24/2018, UHIC sent Chiron a records request, asking that Chiron send records supporting the claim to UBH's PNI team.

295.    Chiron responded and sent the records on 12/24/2018.

296.    In January 2019, UBH sent two EOBs, vaguely claiming "missing documentation," without elaboration.

297.    On 2/19/2019, after a partial approval by the PNI team, UBH's claims team requested that the claim be re-submitted, incorrectly, on a claims form 1500.

298.    On 2/24/2019, UBH requested that Chiron send medical records for this claim, again. On 3/4/2019, Chiron re-sent the records that support this claim.

299.    Chiron, as W.G.'s assignee, is entitled to benefits for these service dates. Chiron therefore seeks benefits due in an amount consistent with UHIC's prior payments for the same treatment codes and consistent with W.G.'s health plan.

## COUNT XXII: BENEFITS DUE
### (W.G.'s Claim Submitted 11/19/2018)

300.    On 11/19/2018, Chiron submitted a claim for payment of services provided to W.G. on treatment dates 11/12/2018 – 11/18/2018. The claim included one charge for outpatient group therapy (treatment code H0005), one instance of individual psychotherapy (treatment code H0047), and one instance of urinalysis drug testing (treatment code 80305). The total amount billed was $3,000.

301.    On 12/3/2018, UHIC sent Chiron a records request, asking that Chiron send records supporting the claim to UBH's PNI team.

302.    Chiron responded and sent the records on 1/9/2019.

303.     In January 2019, UBH sent two EOBs, vaguely claiming "missing documentation," without elaboration.

304.     On 2/14/2019, the claim was partially approved by UBH's PNI team. On 3/7/2019, UBH's claims team requested that the claim be re-submitted, incorrectly, on a claims form 1500.

305.     Ultimately, on 3/21/2019, UBH "paid" $129.81 toward W.G.'s deductible for a portion of the claim. For the bulk of treatments on this claim, UBH refuses to pay due to Chiron's correct use of a UB-04 claims form, and the insistence by some of UBH's staff that Chiron incorrectly bill on a 1500 claims form.

306.     Chiron, as W.G.'s assignee, is entitled to benefits for these service dates. Chiron therefore seeks benefits due in an amount consistent with UHIC's prior payments for the same treatment codes and consistent with W.G.'s health plan.

## COUNT XXIII: BENEFITS DUE
### (W.G.'s Claim Submitted 11/26/2018)

307.     On 11/26/2018, Chiron submitted a claim for payment of services provided to W.G. on treatment dates 11/19/2018 – 11/25/2018. The claim included one charge for outpatient group therapy (treatment code H0005), one instance of individual psychotherapy (treatment code H0047), and one instance of urinalysis drug testing (treatment code 80305). The total amount billed was $3,000.

308.     On 12/19/2018, UHIC sent Chiron a records request, asking that Chiron send records supporting the claim to UBH's PNI team.

309.     Chiron responded and sent the records on 1/2/2019.

310.     In January, February, and April 2019, UBH sent EOBs regarding this claim, vaguely claiming "missing documentation," without elaboration.

311.    On 2/14/2019, the claim was partially approved by UBH's PNI team. On 3/18/2019, UBH's claims team requested that the claim be re-submitted, incorrectly, on a claims form 1500.

312.    Ultimately, in April 2019, UBH "paid" $129.81 toward W.G.'s deductible for a portion of the claim. For the bulk of treatments on this claim, UBH refuses to pay due to Chiron's correct use of a UB-04 claims form, and the insistence by some of UBH's staff that Chiron incorrectly bill on a 1500 claims form.

313.    Chiron, as W.G.'s assignee, is entitled to benefits for these service dates. Chiron therefore seeks benefits due in an amount consistent with UHIC's prior payments for the same treatment codes and consistent with W.G.'s health plan.

## COUNT XXIV: BENEFITS DUE
### (W.G.'s Claim Submitted 12/3/2018)

314.    On 12/32018, Chiron submitted a claim for payment of services provided to W.G. on treatment dates 11/26/2018 – 12/2/2018. The claim included one charge for outpatient group therapy (treatment code H0005), one instance of individual psychotherapy (treatment code H0047), and one instance of urinalysis drug testing (treatment code 80305). The total amount billed was $3,000.

315.    On 12/17/2018, UHIC sent Chiron a records request, asking that Chiron send records supporting the claim to UBH's PNI team.

316.    Chiron responded and sent the records on 1/18/2019.

317.    In March, June, and July 2019, UBH sent EOBs regarding this claim, vaguely claiming "missing documentation," without elaboration.

318.    On 3/6/2019, the claim was partially approved by UBH's PNI team. On 4/24/2019 and 5/6/2019, UBH's claims team requested that the claim be re-submitted, incorrectly, on a claims form 1500.

319.     Following two "levels" of internal appeals, UBH still refuses to pay on this basis. The claim is still not resolved, despite nearly 300 days passing since it was submitted.

320.     Chiron, as W.G.'s assignee, is entitled to benefits for these service dates. Chiron therefore seeks benefits due in an amount consistent with UHIC's prior payments for the same treatment codes and consistent with W.G.'s health plan.

## COUNT XXV: BENEFITS DUE
### (W.G.'s Claim Submitted 12/10/2018)

321.     On 12/10/2018, Chiron submitted a claim for payment of services provided to W.G. on treatment dates 12/3/2018 – 12/9/2018. The claim included one charge for outpatient group therapy (treatment code H0005), one instance of individual psychotherapy (treatment code H0047), and one instance of urinalysis drug testing (treatment code 80305). The total amount billed was $3,000.

322.     On 12/27/2018, UHIC sent Chiron a records request, asking that Chiron send records supporting the claim to UBH's PNI team.

323.     Chiron responded and sent the records on 1/22/2019.

324.     In February and April 2019, UBH sent EOBs regarding this claim, vaguely claiming "missing documentation," without elaboration. In the April EOB, UHIC merely "paid" roughly $99 for a small portion of the claim, applying it to W.G.'s deductible.

325.     On 2/27/2019, the claim was partially approved by UBH's PNI team. On 3/26/2019, UBH's claims team requested that the claim be re-submitted, incorrectly, on a claims form 1500.

326.     Following extensive internal appeals, UBH still refuses to pay on this basis. The claim is still not resolved, despite over 250 days passing since it was submitted.

327.     Chiron, as W.G.'s assignee, is entitled to benefits for these service dates. Chiron therefore seeks benefits due in an amount consistent with UHIC's prior payments for the same treatment codes and consistent with W.G.'s health plan.

**COUNT XXVI: BENEFITS DUE**
**(W.G.'s Claim Submitted 12/17/2018)**

328.     On 12/17/2018, Chiron submitted a claim for payment of services provided to W.G. on treatment dates 12/10/2018 – 12/16/2018. The claim included one charge for outpatient group therapy (treatment code H0005), one instance of individual psychotherapy (treatment code H0047), and one instance of urinalysis drug testing (treatment code 80305). The total amount billed was $3,000.

329.     On 1/3/2019, UHIC sent Chiron a records request, asking that Chiron send records supporting the claim to UBH's PNI team.

330.     Chiron responded and sent the records on 1/22/2019.

331.     In February and April 2019, UBH sent EOBs regarding this claim, vaguely claiming "missing documentation," without elaboration. In the April EOB, UHIC merely "paid" $129.81 for a small portion of the claim, applying it to W.G.'s deductible.

332.     On 3/14/2019, the claim was partially approved by UBH's PNI team. On 3/26/2019, UBH's claims team requested that the claim be re-submitted, incorrectly, on a claims form 1500.

333.     Following extensive internal appeals, UBH still refuses to pay on this basis. The claim is still not resolved, despite over 250 days passing since it was submitted.

334.     Chiron, as W.G.'s assignee, is entitled to benefits for these service dates. Chiron therefore seeks benefits due in an amount consistent with UHIC's prior payments for the same treatment codes and consistent with W.G.'s health plan.

---

## COUNT XXVII: BENEFITS DUE
### (W.G.'s Claim Submitted 12/24/2019)

335.     On 12/24/2018, Chiron submitted a claim for payment of services provided to W.G. on treatment dates 12/17/2018 – 12/23/2018. The claim included one charge for outpatient group therapy (treatment code H0005), one instance of individual psychotherapy (treatment code H0047), and one instance of urinalysis drug testing (treatment code 80305). The total amount billed was $3,000.

336.     On 1/3/2019, UHIC sent Chiron a records request, asking that Chiron send records supporting the claim to UBH's PNI team.

337.     Chiron responded and sent the records on 1/15/2019.

338.     In March and April 2019, UBH sent EOBs regarding this claim, vaguely claiming "missing documentation," without elaboration.  In the April EOB, UHIC merely "paid" roughly $30 for a small portion of the claim, applying it to W.G.'s deductible.

339.     On 3/25/2019, the claim was partially approved by UBH's PNI team. On 3/28/2019, UBH's claims team requested that the claim be re-submitted, incorrectly, on a claims form 1500.

340.     Following extensive internal appeals, UBH still refuses to pay on this basis. The claim is still not resolved, despite over 250 days passing since it was submitted.

341.     Chiron, as W.G.'s assignee, is entitled to benefits for these service dates. Chiron therefore seeks benefits due in an amount consistent with UHIC's prior payments for the same treatment codes and consistent with W.G.'s health plan.

## COUNT XXVIII: BENEFITS DUE
### (W.G.'s Claim Submitted 1/4/2019)

342.     On 1/4/2019, Chiron submitted a claim for payment of services provided to W.G. on treatment dates 12/29/2018 – 12/30/2018. The claim included one charge for individual psychotherapy (treatment code H0047). The total amount billed was $750.

343.     On 1/15/2019, UHIC sent Chiron a records request, asking that Chiron send records supporting the claim to UBH's PNI team.

344.     Chiron responded and sent the records on 2/6/2019.

345.     In February and April 2019, UBH sent EOBs regarding this claim, vaguely claiming "missing documentation," without elaboration.

346.     On 3/5/2019, the claim was approved by UBH's PNI team. On 3/8/2019, UBH's claims team requested that the claim be re-submitted, incorrectly, on a claims form 1500.

347.     Following extensive internal appeals, UBH still refuses to pay on this basis. The claim is still not resolved, despite over 250 days passing since it was submitted.

348.     Chiron, as W.G.'s assignee, is entitled to benefits for these service dates. Chiron therefore seeks benefits due in an amount consistent with UHIC's prior payments for the same treatment codes and consistent with W.G.'s health plan.

## COUNT XXIX: BENEFITS DUE
### (W.G.'s Second Claim Submitted on 1/4/2019)

349.     On 1/4/2019, Chiron submitted a claim for payment of services provided to W.G. on treatment date 12/31/2018. The claim included one charge for individual psychotherapy (treatment code H0047). The total amount billed was $750.

350.     On 1/15/2019, UHIC sent Chiron a records request, asking that Chiron send records supporting the claim to UBH's PNI team.

351.     Chiron responded and sent the records on 2/7/2019.

352.     In March and April 2019, UBH sent EOBs regarding this claim, claiming "missing documentation" and "incorrect claim format," without further elaboration.

353.     On 3/25/2019, the claim was approved by UBH's PNI team. On 32/8/2019, UBH's claims team requested that the claim be re-submitted, incorrectly, on a claims form 1500.

354.     Following extensive internal appeals, UBH still refuses to pay on this basis. The claim is still not resolved, despite over 200 days passing since it was submitted.

355.     Chiron, as W.G.'s assignee, is entitled to benefits for these service dates. Chiron therefore seeks benefits due in an amount consistent with UHIC's prior payments for the same treatment codes and consistent with W.G.'s health plan.

## COUNT XXX: BENEFITS DUE
### (W.G.'s Claim Submitted 1/7/2019)

356.     On 1/7/2019, Chiron submitted a claim for payment of services provided to W.G. on treatment dates 1/2/2019 – 1/6/2019. The claim included one charge for outpatient group therapy (treatment code H0005) and one instance of urinalysis drug testing (treatment code 80305). The total amount billed was $2,250.

357.     On 1/16/2019, UHIC sent Chiron a records request, asking that Chiron send records supporting the claim to UBH's PNI team.

358.     Chiron responded and sent the records on 2/7/2019.

359.     In April 2019, UBH sent an EOB regarding this claim, claiming "missing documentation" and other variations of the same comment, without further elaboration. In the April EOB, UHIC merely "paid" $102.73 for a small portion of the claim, applying it to W.G.'s deductible.

360.    On 3/5/2019, the claim was approved by UBH's PNI team. On 3/29/2019, UBH's claims team requested that the claim be re-submitted, incorrectly, on a claims form 1500.

361.    Following extensive internal appeals, UBH still refuses to pay on this basis. The claim is still not resolved, despite over 200 days passing since it was submitted.

362.    Chiron, as W.G.'s assignee, is entitled to benefits for these service dates. Chiron therefore seeks benefits due in an amount consistent with UHIC's prior payments for the same treatment codes and consistent with W.G.'s health plan.

## COUNT XXXI: BENEFITS DUE
### (W.G.'s Claim Submitted 1/14/2019)

363.    On 1/14/2019, Chiron submitted a claim for payment of services provided to W.G. on treatment dates 1/7/2019 – 1/13/2019. The claim included one charge for outpatient group therapy (treatment code H0005), one instance of individual psychotherapy (treatment code H0047), and one instance of urinalysis drug testing (treatment code 80305). The total amount billed was $3,000.

364.    On 2/2/2019, UHIC sent Chiron a records request, asking that Chiron send records supporting the claim to UBH's PNI team.

365.    Chiron responded and sent the records on 2/6/2019.

366.    In April 2019, UBH sent an EOB regarding this claim, claiming "missing documentation" and other variations of the same comment, without further elaboration. In the April EOB, UHIC merely "paid" $102.73 for a small portion of the claim, applying it to W.G.'s deductible.

367.    On 3/25/2019, the claim was approved by UBH's PNI team. On 3/29/2019, UBH's claims team requested that the claim be re-submitted, incorrectly, on a claims form 1500 instead of the correct claims form, a UB0-04.

368.     Following extensive internal appeals, it appears thus denial was overturned in August of 2019. However, UBH still has not paid. The claim is still not resolved, despite over 200 days passing since it was submitted. It is also inexplicable that UBH overturned this denial, at least on paper—though UHIC still has not paid Chiron—while simultaneously upholding enormous numbers of denials on the basis of its employees' mistaken or (more likely) deceptive and pretextual assertions about the proper claims form.

369.     Chiron, as W.G.'s assignee, is entitled to benefits for these service dates. Chiron therefore seeks benefits due in an amount consistent with UHIC's prior payments for the same treatment codes and consistent with W.G.'s health plan.

### COUNT XXXII: BENEFITS DUE
### (W.G.'s Claim Submitted 1/21/2019)

370.     On 1/21/2019, Chiron submitted a claim for payment of services provided to W.G. on treatment dates 1/14/2019 – 1/20/2019. The claim included one charge for outpatient group therapy (treatment code H0005) and one charge for individual psychotherapy (treatment code H0047). The total amount billed was $1,600.

371.     On 2/2/2019, UHIC sent Chiron a records request, asking that Chiron send records supporting the claim to UBH's PNI team.

372.     Chiron responded and sent the records on 2/6/2019.

373.     In April 2019, UBH sent an EOB regarding this claim, claiming "missing documentation" and other variations of the same comment, without further elaboration. In the April EOB, UHIC paid $640—paying for only one day of treatment and not the other days. The notion that one day of treatment a week is "necessary," but the surrounding days are unnecessary, appears to be based on UBH's improper treatment guidelines, which improperly require a lower degree of treatment than needed for long-term recovery.

374.    Since July 1, 2019, Chiron has been appealing this claim. The appeal has been unfruitful.

375.    Chiron, as W.G.'s assignee, is entitled to benefits for these service dates. Chiron therefore seeks benefits due in an amount consistent with UHIC's prior payments for the same treatment codes and consistent with W.G.'s health plan.

### 3.    COUNTS XXXIII – LXXV: E.R.'s Claims
*(Chiron, as E.R.'s Assignee, v. UHC and UBH)*

376.    For the following "E.R." Counts, Plaintiffs incorporate paragraphs 1-125 and 130-156 as if fully stated herein.

377.    This paragraph is also incorporated into each of the following Counts. Given the volume of E.R.'s claims, Plaintiffs believe the core information for each Count is best conveyed via a chart, which contains, for each claim: (1) the Count of this Second Amended Complaint that seeks payment for that claim; (2) the date Chiron sent the claim to UHC; (3) the date of service authorization ("auth. date"); (4) dates of service ("DOS") the claim pertains to; (5) the treatment codes at issue ("CPT codes") in that claim; (6) total dollars billed; (7) date the Defendants (collectively, "United") requested records; (8) date Chiron sent records; (9) when, if at all, an EOB was issued paying part of the claim; (10) the amount of partial payment; and (11) denial codes ("RMK Codes" or "Adj. Codes") that United issued via particular EOBs to the claim.

378.    This paragraph is also incorporated into each of the following Counts. UHC began authorizing E.R.'s treatments on 4/17/2018. Due to the nature of some levels of treatment, not all weeks required an additional authorization call. For each of the Counts below, Chiron has appealed these claims on E.R.'s behalf, but has not been paid.

379.    Each and every claim on the following chart with a "United Req'd Records When?" column is a claim that UHC and UBH denied, in part, based upon false assertions that

documentation was not provided when it was, or based upon UHC and UBH's vague claim of "missing documentation," without elaboration.

380.    The following Counts also involve claims denied based upon UBH requesting that Chiron incorrectly use a claims form "1500" instead of the proper claims form (a "UB-04" form), or otherwise stem from UBH's claims staff improperly applying "1500" form coding (e.g., denying "H" codes because they are not proper on "1500" forms, even though they are proper on UB-04 claims forms).

381.    The chart below summarizes claims Chiron submitted for E.R.:

**Counts XXXI – LXXV: Chart of E.R.'s Claims**

| Count | Claim Sent When? | Auth. Date | DOS | CPT Codes | Total Billed ($) | United Req'd Records When? | Chiron Sent Records When? | EOB Paid When? | Paid What? ($) | EOB Denial Codes |
|---|---|---|---|---|---|---|---|---|---|---|
| XXXIII. | 5/21/18 | 4/26/18 | 5/14/18 to 5/20/18 | H0005, H0047, 80305 | 3,000 | | | 6/15/18 | 1600 | N706 ( EOB 8/9/18, applied to CPT codes H0005, H0047, DOS 5/14-5/16/18); 226 (EOB 8/22/18, codes 90834, DOS 5/14/18) |
| XXXIV. | 5/28/18 | 4/26/18 | 5/21/18 to 5/27/18 | H0005, H0047, 80305 | 3,000 | | | 9/6/18 | 862.08 | N706 ( EOB 8/23/18, applied to CPT codes H0005, H0047, DOS 5/21- |

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 5/23/18), B6, MA15 |
| XXXV. | 6/4/18 | 4/26/18 | 05/28/18 to 6/3/18 | H0005, H0047, 80305 | 3,000 | 6/25/18 | | | | N706 (EOB 8/30/18, codes H0005, H0047, 5/28-5/30/18) |
| XXXVI. | 6/11/18 | 4/26/18 | 6/4/18 to 6/10/18 | H0005, H0047, 80305 | 3,000 | | | 7/19/18 | 880 | N706( EOB 8/30/18, codes H0005, H0047, 6/4-6/7/18) |
| XXXVII. | 6/18/18 | 4/26/18 | 6/11/18 to 6/17/18 | H0005, H0047, 80305 | 3,000 | 8/10/18 | | 9/24/18 | 850 | I4, M80 (EOB 8/23/18, applied to CPT codes 90834, 90853, DOS 6/11/18), 239, MA15 |
| XXXVIII. | 7/9/18 | 6/25/18 | 7/2/18 to 7/5/18 | H0005, H0047, 80305 | 3,000 | 8/1/18 | | 4/18/19 | 940 | N706 (EOB 9/27/18, applied to CPT codes H0005, H0047, DOS 7/2-7/5/18); ( EOB 10/11/18, applied to CPT code 80305, DOS 7/2-7/5/18); (EOB 10/11/18, applied to |

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | CPT code 80305, DOS 7/2-7/5/18); MA67 |
| XXXIX. | 7/16/18 | 6/25/18 | 7/9/18 to 7/11/18 | H0005, H0047, 80305 | 3,000 | 9/16/18 | 9/7/18 | | | N706 (EOB 9/27/18, applied to CPT codes 80305, H0005, H0047, DOS 7/9-7/11/18); (EOB 11/8/18, applied to CPT codes 90834, 90853, DOS 7/9-7/11/18) |
| XL. | 7/23/18 | 6/25/18 | 7/16/18 to 7/18/18 | H0005, H0047, 80305 | 3,000 | 8/10/18 | | 2/14/19 | 940 | No Denial Codes Provided |
| XLI. | 7/30/18 | 6/25/18 | 7/23/18 to 7/25/18 | H0005, H0047, 80305 | 3,000 | 8/13/18 | 9/21/18 | 5/6/19, 5/9/19 | 660,940 | N77, M52, N34, all applied ( EOB 1/31/19, applied to CPT codes H0047, H0005, DOS 7/23-7/25/19); N705 (EOB 10/4/18, applied to CPT codes H0005, H0047, 80305, |

| | | | | | | | | | | DOS 7/23-7/25/18) |
|---|---|---|---|---|---|---|---|---|---|---|
| XLII. | 8/6/18 | 6/25/18 | 7/30/18 | H0005, 80305 | 850 | 8/14/18, 8/19/18 | 8/29/18 | 4/1/19 | 850 | N34, N77(EOB 1/31/19, applied to CPT code H0005, DOS 7/30/18); 252 |
| XLIII. | 8/6/18 | 7/23/18 | 8/1/18 | H0047 | 2250 | | 10/22/18 | 10/16/18 | 750 | VW |
| XLIV. | 8/13/18 | 7/23/18 | 8/6/18 to 8/12/18 | H0005, H0047, 80305 | 3,000 | 8/27/18 | 9/6/18 | | | HK, N706 |
| XLV. | 8/20/18 | 7/23/18 | 8/13/18 to 8/19/18 | H0005, H0047, 80305 | 3,000 | 9/1/18 | 9/21/2018 | | | HK, N706 |
| XLVI. | 8/27/18 | 7/23/18 | 8/20/18 to 8/26/18 | H0005, H0047, 80305 | 3,000 | 9/7/18 | 9/21/18 | | | HK, N706 |
| XLVII. | 9/4/18 | 8/23/18 | 8/27/18 to 9/2/18 | H0005, H0047, 80305 | 3,000 | 9/15/18 | | | | HK, N706( EOB 11/8/18, applied to CPT codes H0047, H0005, 80305, DOS 8/27-8/30/18) |
| XLVIII. | 9/10/18 | 8/23/18 | 9/3/18 to 9/9/19 | H0005, H0047, 80305 | 3,000 | 9/22/18 | 10/9/18 | | | N19( EOB 12/6/18, applied to CPT codes H0005, H0047, DOS 9/3-9/6/18) |

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| XLIX. | 9/17/18 | 8/23/18 | 9/10/18 to 9/16/18 | H0005, H0047, 80305 | 3,000 | 9/29/18 | 11/7/18 | | | N706(EOB 11/23/18, applied to CPT codes 80305, 8/10/13/18) |
| L. | 09/24/18 | 8/23/18 | 9/17/18 to 9/23/18 | H0005, H0047, 80305 | 3,000 | 10/5/18 | 11/7/18 | 6/27/19 | 250 | N706(EOB 11/29/18, applied to CPT codes H0047, H0005, DOS 9/17-9/20/18) |
| LI. | 10/1/18 | 9/24/18 | 9/24/18 to 9/30/18 | H0005, H0047, 80305 | 3,000 | 10/12/18 | 11/7/18 | | | N706(EOB 12/6/18, applied to CPT codes H0005, H0047, 80305, DOS 9/24-9/27/18) |
| LII. | 10/8/18 | 9/24/18 | 10/01/18 to 10/7/18 | H0005, H0047, 80305 | 3,000 | 10/19/18 | 10/31/18 | 6/20/19 | 850 | N706(EOB 12/13/18, applied to CPT codes 80305, DOS 10/1-10/4/18) |
| LIII. | 10/15/18 | 9/24/18 | 10/08/18 to 10/14/18 | H0005, H0047, 80305 | 3,000 | 10/25/18 | 11/8/18 | | | N706(EOB 12/20/18, applied to CPT codes H0047, H0005, 80305, DOS |

| | | | | | | | | | | 10/8-10/11/18) |
|---|---|---|---|---|---|---|---|---|---|---|
| LIV. | 10/22/18 | 9/24/18 | 10/15/18 to 10/21/18 | H0005, H0047, 80305 | 3,000 | 11/1/18 | 11/9/18 | | | N706(EOB 12/28/18, applied to CPT code 80305, DOS 10/15-10/18/18) |
| LV. | 10/29/18 | 9/24/18 | 10/22/18 to 10/28/18 | H0005, H0047, 80305 | 3,000 | 11/17/18 | 11/13/18 | 6/27/19 | 250 ($500 applied to patient deductible) | N706(EOB 1/10/19, applied to CPT codes 80305, H0047, H0005, DOS 10/22-10/25/18) |
| LVI. | 11/5/18 | 9/24/18 | 10/29/18 to 11/4/18 | H0005, H0047, 80305 | 3,000 | 11/18/18 | 11/27/18 | | | N706(EOB 1/10/19, applied to CPT codes 80305, H0047, H0005, DOS 10/29-10/31/18) |
| LVII. | 11/12/18 | 9/24/18 | 11/05/18 to 11/11/18 | H0005, H0047, 80305 | 3,000 | 11/24/18 | 11/27/18 | 3/28/19 | 190 | N706 (EOB 1/17/19, applied to CPT code 80305, DOS 11/5-11/7/18); (EOB 1/24/19, applied to CPT codes H0005, |

| | | | | | | | | | | H0047, DOS 11/5-11/7/18) |
|---|---|---|---|---|---|---|---|---|---|---|
| LVIII. | 11/19/18 | 9/24/18 | 11/12/18 to 11/18/18 | H0005, H0047, 80305 | 3,000 | 12/2/18 | 12/6/18 | 6/27/19 | 250 ($500 applied to patient deductible) | N706 (EOB 1/31/19, applied to CPT codes 80305, H0005, DOS 11/12-11/14/18); (EOB 6/20/19, applied to CPT code 90834, DOS 11/12/18) |
| LIX. | 11/26/18 | 9/24/18 | 11/19/18 to 11/25/18 | H0005, H0047, 80305 | 3,000 | 12/8/18 | 12/20/18 | 8/16/19 | 850 | XV,N34 (EOB 2/18/19, applied to CPT codes H0047, H0005, DOS 11/19-11/21/18) |
| LX. | 12/3/18 | 10/25/18 | 11/28/18 to 12/2/18 | H0005, H0047 | 1,600 | 12/16/18 | 1/2/19 | 8/1/19 | 935 | N706 (EOB 2/14/19, applied to CPT codes H0047, H0005, DOS 11/28-11/19/18) |
| LXI. | 12/10/18 | 10/25/18 | 12/3/18 to 12/9/18 | H0005, H0047, 80305 | 3,000 | 12/21/18 | 12/12/18 | | | N706 (EOB 2/14/19, applied to CPT codes 80305, |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | 12/3-12/5/18); (EOB 2/14/19, applied to CPT codes H0047, H0005, DOS 12/3-12/5/18) |
| LXII. | 12/17/18 | 10/25/18 | 12/10/18 to 12/16/18 | H0005, H0047, 80305 | 3,000 | 12/31/18 | 1/9/19 | | | N706 (EOB 2/28/19, applied to CPT codes 80305, H0005, H0047, DOS 12/10/18) |
| LXIII. | 12/24/18 | 10/25/18 | 12/18/18 | H0047 | 750 | 12/31/18 | 1/18/19 | 5/2/19 | 450 | N706 (EOB 3/7/19, applied to CPT code 80305, DOS 12/18/18) |
| LXIV. | 1/2/19 | 10/25/18 | 12/26/18 to 12/30/18 | H0005, H0047, 80305 | 3,000 | 1/17/19 | 1/18/19 | 4/25/19 | 138.3 | N706 (EOB 3/14/19, applied to CPT codes 80305, H0047, H0005, 12/26-12/27/18) |
| LXV. | 1/7/19 | 12/28/18 | 01/02/19 to 1/6/19 | H0005, H0047, 80305 | 3,000 | 1/17/19 | 1/30/19 | 5/23/19 | 133.56 (on 1500 claim form) | N706, (EOB 3/7/19, applied to CPT codes 80305, H0047, H0005, |

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 1/2-1/3/19) |
| LXVI. | 1/14/19 | 12/28/18 | 01/07/19 to 1/13/19 | H0005, 80305 | 2,250 | 2/2/19 | 1/18/19 | 4/18/19 | 75 | N706 (EOB 3/21/19, applied to CPT code H0005, 1/7-1/10/19) |
| LXVII. | 1/21/19 | 12/28/18 | 1/14/19 to 1/19/19 | H0005, H0047 | 1,600 | 1/26/19 | 1/18/19 | 4/25/19 | 0 ($800 applied to patient deductible) | N706 (EOB 3/21/19, applied to CPT codes H0005, H0047, DOS 1/14-1/17/19) |
| LXVIII. | 1/28/19 | 12/28/18 | 1/21/19 to 1/27/19 | H0005, H0047 | 1,600 | 2/1/19 | 1/29/19 | 4/18/19 | 480 | N706 (EOB 3/28/19, applied to CPT codes H0005, H0047, DOS 1/21-1/22/19) |
| LXIX. | 2/4/19 | 12/28/18 | 1/28/19 to 2/3/19 | H0005, H0047 | 1,600 | 2/9/19 | 1/30/19 | 5/9/19 | 0 ($800 applied to patient deductible) | N706 (EOB 4/4/19, applied to CPT codes H0005, H0047, DOS 1/28-1/29/19) |
| LXX. | 2/11/19 | 12/28/18 | 2/4/19 to 2/10/19 | H0005, H0047 | 1,600 | 2/12/19 | 2/26/19 | 5/23/19 | 63.14 (on claim form 1500) | HK N706 (EOB 4/25/19, applied to CPT codes H0047, H0005, |

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | DOS 2/6-2/7/19) |
| LXXI. | 2/18/19 | 12/28/18 | 2/11/19 to 2/17/19 | H0005, H0047 | 1,600 | 3/3/19 | 2/6/19 | 5/30/19 | 255 ($170 applied to patient deductible) | NE MA15, N34, XN |
| LXXII. | 2/25/19 | 12/28/18 | 2/18/19 to 2/24/19 | H0005, H0047 | 1,600 | 6/22/19 | 2/26/19 | | | |
| LXXIII. | 3/4/19 | 12/28/18 | 2/25/19 to 3/3/19 | H0005, H0047 | 1,600 | 3/18/19 | 2/26/19 | 5/30/19 | 480 (for DOS 2/25/19) | N706 (5/9/19, applied to CPT codes H0005, H0047, DOS 2/25-2/26/19) |
| LXXIV. | 3/11/19 | | 3/4/19 to 3/10/19 | H0005, H0047 | 1,600 | 3/25/19 | 3/5/19 | | | N657 (EOB 6/20/19, applied to CPT codes H0005, H0047, DOS 3/4-3/7/19); (EOB 7/5/19, applied to CPT codes H0005, H0047, DOS 3/4-3/7/19) |
| LXXV. | 3/18/19 | | 3/11/19 to 3/17/19 | H0005, H0047 | 1,600 | 3/31/19 | 3/22/19 | | | N683 (EOB 4/4/19, applied to CPT codes H0047, H0005, 3/11- |

| | | | | | | | | | | 3/12/19); (EOB 6/20/19, applied to CPT codes H0047, H0005, DOS 3/11-3/12/19) |
|---|---|---|---|---|---|---|---|---|---|---|

### 4.  *COUNTS LXXVI - XXXVI: S.R.'s Claims*

### *(Chiron, as S.R.'s Assignee, v. UHC and UBH)*

382.    For the following "S.R." Counts, Plaintiffs incorporate paragraphs 1-125 and 130-156 as if fully stated herein.

383.    This paragraph is also incorporated into each of the following "S.R." Counts. Given the volume of S.R.'s claims, Plaintiffs believe the core information for these Counts is best conveyed via a chart, which contains, for each claim: (1) the Count of this Second Amended Complaint that seeks payment for that claim; (2) the date Chiron sent the claim to UHC; (3) the date of service authorization ("auth. date"); (4) dates of service ("DOS") the claim pertains to; (5) the treatment codes at issue ("CPT codes") in that claim; (6) total dollars billed; (7) date the Defendants (collectively, "United") requested records; (8) date Chiron sent records; (9) when, if at all, an EOB was issued paying part of the claim; (10) the amount of partial payment; and (11) denial codes ("RMK Codes" or "Adj. Codes") that United issued via particular EOBs to the claim.

384.    This paragraph is also incorporated into each of the following "S.R." Counts. UHC began authorizing S.R.'s treatments on 6/11/2018. Due to the nature of some levels of treatment, not all weeks required an additional authorization call. For each of the Counts below, Chiron has appealed these claims on S.R.'s behalf, but has not been paid.

385.     Each Count with a "United Req'd Records When?" column involves claims UHC and UBH denied based upon false assertions that documentation was not provided when it was, or was otherwise denied based upon UHC and UBH's vague claim of "missing documentation," without elaboration.

386.     The following Counts also involve claims denied based upon UBH requesting that Chiron incorrectly use a claims form "1500" instead of the proper claims form (a "UB-04" form), or otherwise stem from UBH's claims staff improperly applying "1500" form coding (e.g., denying "H" codes because they are not proper on "1500" forms, even though they are proper on UB-04 claims forms).

387.     The chart below summarizes claims Chiron submitted for S.R.:

| Count | Claim Sent When | Auth Date | DOS | CPT Codes | Total Billed | United Req'd Records When? | Chiron Sent Records When? | EOB Paid When? | Paid What? ($) | EOB Denial Codes |
|---|---|---|---|---|---|---|---|---|---|---|
| LXXVI. | 6/11/18 | 6/11/18 | 06/08/18 to 6/10/18 | H0035x3, 80305 (6/8/18) | 8,585 | | | 7/19/18 | 859.53 to DED | NE (EOB 7/16/18, codes H0035x3, 80305 6/8-6/10/18), 94, 1, 242, 97 |
| XXVII. | 6/18/18 | 6/11/18 | 06/11/18 to 6/17/18 | H0035x7, 80305 (6/11/18, 6/13/18) | 19,565 | | | 7/19/18 | 2005.57 to DED | ND |
| XXVIII. | 6/25/18 | 6/13/18 | 06/18/18 to 6/24/18 | H0035x7, 80305 (6/18/18, 6/20/18) | 19,565 | | | 7/20/18 | 5414.70 | IX,MA15(EOB 7/31/18, codes H0035x7, 80305, 6/18-6/24/18) |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| LXXIX. | 7/9/18 | 7/2/18 | 07/02/18 to 7/8/18 | H0015x5, 80305 (7/2/18, 7/4/18, 7/5/18 | 13,175 | 8/15/18 | 9/26/18 | 3/8/19 | 8563.75 | HT,N19, MA15, IX(EOB 3/5/19, codes H0015x5, 7/2-7/6/18) |
| LXXX. | 8/6/18 | 8/8/18 | 08/01/18 to 8/5/18 | H0015x2, 80305 (8/1/18, 8/2/18) | 6,390 | 8/20/18 | 10/9/18 | 7/5/19 | 573.02 | HK,N706,MA15( EOB 10/8/18, codes 80305, H0015,8/1-8/2/18) |
| LXXXI. | 8/6/18 | 8/8/18 | 08/03/18 to 8/5/18 | H0015x3 | 5,385 | 8/20/18 | 10/2/18 | 8/19/19 | 859.53 | HK,N706,MA15( EOB 10/8/18, codes H0015x3, 8/3-8/5/18) |
| XXXII. | 8/20/18 | 8/10/18 | 08/13/18 to 8/19/18 | H0015x5, 80305 (8/13/18, 8/15/18, 8/16/18) | 13,175 | 9/24/18 | 11/5/18 | 9/5/19 | 859.53 | HK,N706,MA15( EOB 11/12/18, codes H0015x5,80305,8/13-8/17/18),(EOB 9/2/19, codes H0015x5, 8/13-8/17/18)ND |
| XXXIII. | 8/27/18 | 8/24/18 | 08/20/18 to 8/26/18 | H0015x5, 80305 (8/20/18, 8/22/18, 8/23/18) | 13,175 | 9/29/18 | 11/7/19 | 9/2/19 | 1432.55 | HK,N706,MA15( EOB 11/19/18, codes H0015x5, 80305, 8/20-8/24/18),(EOB 9/2/19, codes H0015x5,8/29-8/24/18)ND |
| XXXIV. | 9/10/18 | 8/31/18 | 09/03/18 to 9/9/18 | H0015x3.80305 (9/3/18, 9/5/18, 9/6/18) | 9,585 | 10/8/18 | 11/8/18 | 9/5/19 | 859.53 | HK,N706,MA159( EOB 12/31/18, codes 80305, 9/3-9/6/18) (EOB 11/26/18, codes H0015x3, 80305, 9/3-9/6/18) |

| XXXV. | 9/24/18 | 8/31/18 | 09/19/18 to 9/23/18 | H0005, H0047, 80305 | 3,000 | 12/8/18 | 1/7/19 | 4/22/19-partial | 165.22 | B6,N706(EOB 12/10/18,codes H005,H0047, 9/19-9/20/18)ND, (EOB 2/11/19, codes 90834,90853, 9/19-9/20/18)HR |
| XXXVI. | 10/1/18 | 8/31/18 | 09/24/18 to 9/30/18 | H0005, H0047, 80305 | 3,000 | 11/9/18 | 12/12/18 | 4/25/19 | 1400 | N706,B6(EOB 12/10/18, codes H0047, H0005, 9/24-9/27/18) QI,AU,M50 |

## 5.  **COUNTS LXXXVII - CXX: S.M.'s Claims**

### *(Chiron, as S.M.'s Assignee, v. UHC and UBH)*

388.    For the following "S.M." Counts, Plaintiffs incorporate paragraphs 1-125 and 130-156 as if fully stated herein.

389.    This paragraph is also incorporated into each of the following "S.M." Counts. Given the volume of S.M.'s claims, Plaintiffs believe the core information for these Counts is best conveyed via a chart, which contains, for each claim: (1) the Count of this Second Amended Complaint that seeks payment for that claim; (2) the date Chiron sent the claim to UHC; (3) the date of service authorization ("auth. date"); (4) dates of service ("DOS") the claim pertains to; (5) the treatment codes at issue ("CPT codes") in that claim; (6) total dollars billed; (7) date the Defendants (collectively, "United") requested records; (8) date Chiron sent records; (9) when, if at all, an EOB was issued paying part of the claim; (10) the amount of partial payment; and (11) denial codes ("RMK Codes" or "Adj. Codes") that United issued via particular EOBs to the claim.

390.    This paragraph is also incorporated into each of the following" S.M." Counts. UHC began authorizing S.M.'s treatments on 4/17/2018. Due to the nature of some levels of treatment, not all weeks required an additional authorization call. For each of the Counts below, Chiron has appealed these claims on S.M.'s behalf, but has not been paid.

391.    Each Count with a "United Req'd Records When?" column involves claims UHC and UBH denied based upon false assertions that documentation was not provided when it was, or was otherwise denied based upon UHC and UBH's vague claim of "missing documentation," without elaboration.

392.    The following Counts involve claims denied based upon UBH requesting that Chiron incorrectly use a claims form "1500" instead of the proper claims form (a "UB-04" form), or otherwise stem from UBH's claims staff improperly applying "1500" form coding (e.g., denying "H" codes because they are not proper on "1500" forms, even though they are proper on UB-04 claims forms): XCVII (claim sent 6/11/2018); XCVIII (claim sent 6/18/2018); CI (claim sent 7/2/2018); CII (claim sent 7/9/2018 for DOS 7/2 – 7/8/2018); and  CVII (claim sent  8/6/2018).

393.    The chart below summarizes claims Chiron submitted for S.M.:

| Count | Claim Sent When | Auth Date | DOS | CPT Codes | Total Billed | United Req'd Records When? | Chiron Sent Records When? | EOB Paid When? | Paid What? ($) | EOB Denial Codes |
|---|---|---|---|---|---|---|---|---|---|---|
| LXXXVII. | 4/9/18 | 4/4/18 | 04/04/18 to 4/8/18 | H0035x5,80305 (4/4/18, 4/5/18) | 14,775 | | | 6/11/18 | 1,432.55 | |
| LXXXVIII. | 4/16/18 | 4/4/18 | 04/09/18 to 4/15/18 | H0035x5,803054/9/18, 4/11/18) | 14,775 | | | 6/11/18 | 1,432.55 | |
| LXXXIX. | 4/23/18 | 4/13/18 | 04/14/18 to 4/15/18 | H0015x2 | 3,590 | | | 06/01/18 | 2,154 | |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| XC. | 4/23/18 | 4/14/18 | 04/16/18 to 4/22/18 | H0015x5,80305 (4/16/18, 4/18/18, 4/19/18) | 13,175 | | | 6/11/18 | 1,432.55 | |
| XCI. | 4/30/18 | 4/15/18 | 04/23/18 to 4/29/18 | H0015x5,80305 (4/23/18, 4/25/18, 4/26/18) | 13,175 | | | 6/29/18 | 1,432.55 | |
| XCII. | 5/7/18 | 5/1/18 | 05/01/18 to 5/6/18 | H0015x3,80305 (5/1/18, 5/3/18, 5/4/18) | 9,585 | | | 6/11/18 | 859.53 | |
| XCIII. | 5/14/18 | 5/4/18 | 05/07/18 to 5/13/18 | H0005,H0047,80305 | 3,000 | | | 6/11/18 | 1,200 | |
| XCIV. | 5/21/18 | 5/4/18 | 05/14/18 to 5/20/18 | H0005,80305 | 2,250 | | | 8/2/&8/6/18 | 552.50/910 | |
| XCV. | 5/28/18 | 5/4/18 | 05/21/18 to 5/27/18 | H0005,H0047,80305 | 3,000 | | | 7/30/18 | 880 | |
| XCVI. | 6/4/18 | 5/4/18 | 05/28/18 to 6/3/18 | H0005,H0047,80305 | 3,000 | 9/26/18 | 10/22/18 | | 162.98Take back | N706, (11/23/18) CODE90834, (5/28/18) |
| XCVII. | 6/11/18 | 5/4/18 | 06/04/18 to 6/10/18 | H0005,H0047,80305 | 3,000 | 8/13/18 | 9/18/18 | 8/16/18 | 2860 did 17 TB | N702,6/4/18, (8/02/19), 80305 |

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| XCVIII. | 6/18/18 | 6/6/18 | 06/11/18 to 6/17/18) | H0005,H0047,80305 | 3,000 | 9/16/18 | 10/22/18 | 7/9/18 | 375 + 825 takeback | IX, (2/18/19), CODE80305, (6/11/18) |
| XCIX. | 6/25/18 | 6/19/18 | 06/19/18 to 6/24/18 | H0035x6,80305 (6/20/18, 6/21/18) | 17,170 | 8/12/18 | 9/10/18 | 7/9/19 | | 7,429.75 | N174, (10/4/18) CODEH0035 (6/19/18) |
| C. | 7/2/18 | 6/19/18 | 06/25/18 to 7/1/18 | H0015x2, 80305 | 6,190 | 8/14/18 | 9/21/18 | | Pd add 6200.49 | N19,M52, N174 |
| CI. | 7/2/18 | 6/26/18 | 06/27/18 to 7/1/18 | H0015x4,80305 (6/27/18, 6/28/18) | 9,980 | 8/23/18 | 10/3/18 | 5/20/2019 | 6,200.49 | |
| CII. | 7/9/18 | 6/26/18 | 07/01/18 | H0015 | 1,795 | | | 8/3/18 | 1,166.75 | |
| CIII. | 7/9/18 | 6/26/18 | 07/02/18 to 7/8/18 | H0015x3,80305 (7/2/18, 7/4/18, 7/5/18) | 9,585 | 8/21/18 | 8/24/18 | 4/12/19 | pd 859.53 did TB/then pd 307.22 for a total of 1166.75, bu took back the 859.53 | N19,eob11/29/18CODE80305 (7/2-7/5/18) |
| CIV. | 7/16/18 | 7/5/18 | 07/09/18 to 7/15/18 | H0015x3,80305 (7/9/18, 7/11/18, 7/12/18) | 9,585 | 8/12/18 | 9/6/18 | | 0 | N19,N174 EOB9/27/18)CODEH0015 (7/9/18)7/12/19) |

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| CV. | 7/23/18 | 7/5/18 | 07/16/18 to 7/22/18 | H0015x3,80305 (7/23/18, 7/25/18, 7/26/18) | 9,585 | 8/16/18 | 9/27/18 | 1/31/19 | 1,166.75 | M52,N19EOB (1/31/19) CODEH0015 (7/16/18) &CODE80305 (7/18-7/19/18 |
| CVI. | 8/6/18 | 7/23/18 | 07/23/18 to 7/29/18 | H0005,H0047,80305 | 3,000 | 6/14/19 | 7/3/19 | 8/29/19 | 292.26 | |
| CVII. | 8/6/18 | 7/23/18 | 07/30/18 to 8/5/18 | H0005,80305 | 2,250 | | | | | |
| CVIII. | 8/13/18 | 8/7/18 | 08/06/18 to 8/12/18 | H0035x,80305 (8/6/18, 8/8/18) | 19,565 | 9/29/18 | 11/08/18 | | pd 2005.57 did TB, pd again 2005.57 did another TB | N706, (12/6/18), codeH0035-8/6-8/12/18 |
| CIX. | 8/20/18 | 8/7/18 | 08/13/18 to 8/19/18 | H0035x7,80305 (8/13/18, 8/15/18) | 19,565 | 10/5/18 | 11/9/18 | 5/16/19 &7/8/19 | 10897.25 final amt. first pymt was 1432.55 | N706EOB (12/13/18) CODEH0035, (8/13-8/19/18 |
| CX. | 8/27/18 | 8/20/18 | 08/20/18 to 8/26/18 | H0015x5,80305 (8/20/18, 8/22/18, 8/23/18) | 13,175 | 9/29/18 | 11/8/18 | 12/24/18 | | N706,EOB (12/6/18) CODE80305 (8/20&8/24/18) |
| CXI. | 9/3/18 | 8/29/18 | 08/27/18 to 9/2/18 | H0015x3,80305 (8/27/18, 8/29/18, 8/30/18) | 9,585 | 9/29/18 | 11/8/18 | 7/1/19 | 573.02,286.51 DID TAKE BACK, pd 573.02 again | N706 |

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| CXII. | 9/10/18 | 8/29/18 | 09/03/18 to 9/9/18 | H0015x3,80305 (9/3/18, 9/5/18, 9/6/18) | 9,585 | 10/20/18 | 11/13/18 | 1/4/19 | 859.53 | ND,EOB (12/31/18) CODEH0015, (09/3-9/6/18) |
| CXIII. | 9/17/18 | 8/29/18 | 09/10/18 to 9/16/18 | H0015x3,80305 (9/10/18, 9/12/18, 9/13/18) | 9,585 | 10/20/18 | 11/14/18 | 12/24/18 | 859.53 TB | ND,EOB (12/24/18) CODEH0015 (9/10-9/30/18) |
| CXIV. | 9/24/18 | 09/11/18 | 09/17/18 to 9/23/18 | H0015x3,80305 (9/17/18, 9/19/18, 9/19/18) | 9,585 | 10/18/18 | 11/13/18 | 12/24/18 | 859.53 TB | N706,HK, EOB (12/24/18) CODEH0015 (9/17-9/20/18)CODE80305 (9/17-9/20/18) |
| CXV. | 10/1/18 | 09/11/18 | 09/24/18 to 9/30/18 | H0015,80305 | 3,195 | 10/20/18 | 11/15/18 | 3/11/19 | 286.51 | N706,HK, MA15, EOB (3/11/19) CODEH0015 (9/24/18) |
| CXVI. | 10/1/18 | 9/26/18 | 09/26/18 to 9/30/18 | H0047 | 750 | 10/18/18 | 11/15/18 | 5/30/19 | 421.86 | IX,E5,NE EOB (5,17/2019)CODE90853 (9/26/18) |
| CXVII. | 10/1/18 | 9/26/18 | 09/27/18 to 9/30/18 | H0005,80305 | 2,250 | 10/18/18 | 11/15/18 | 6/3/19 | 595 | IX,E5,NE EOB (6/3/2019) CODE90834 (9/27/18) |
| CXVIII. | 10/8/18 | 9/26/18 | 10/01/18 to 10/7/18 | H0005,H0047,80305 | 3,000 | 12/7/18 | 1/2/19 | | | N706, N34, N174,EOB2/14/18) CODE80305 (10/1/18) |

| CXIX. | 10/15/18 | 9/26/18 | 10/08/18 top 10/14/18 | H0005,H0047,80305 | 3,000 | 12/7/18 | 1/2/19 | 5/30/19 | 425-only one day | N706, N702, MA67 |
|---|---|---|---|---|---|---|---|---|---|---|
| CXX. | 10/22/18 | 9/26/18 | 10/15/18 to 10/21/18 | H0005,H0047,80305 | 3,000 | 12/7/18 | 1/2/19 | | 0 | N706N706,HK,XW,Q1EOB2/18/19)CODEH0005(10/15/18)&H0047(10/17/18) |

### 6.  **COUNTS CXXI - CXXVII: J.D.'s Claims**

*(Chiron, as J.D.'s Assignee, v. UHC and UBH)*

394.    For the following "J.D." Counts, Plaintiffs incorporate paragraphs 1-125 and 130-156 as if fully stated herein.

395.    This paragraph is also incorporated into each of the following "J.D." Counts. Given the volume of J.D.'s claims, Plaintiffs believe the core information for these Counts is best conveyed via a chart, which contains, for each claim: (1) the Count of this Second Amended Complaint that seeks payment for that claim; (2) the date Chiron sent the claim to UHC; (3) the date of service authorization ("auth. date"); (4) dates of service ("DOS") the claim pertains to; (5) the treatment codes at issue ("CPT codes") in that claim; (6) total dollars billed; (7) date the Defendants (collectively, "United") requested records; (8) date Chiron sent records; (9) when, if at all, an EOB was issued paying part of the claim; (10) the amount of partial payment; and (11) denial codes ("RMK Codes" or "Adj. Codes") that United issued via particular EOBs to the claim.

396.    This paragraph is also incorporated into each of the following "J.D." Counts. For each of the Counts below, Chiron has appealed these claims on J.D.'s behalf, but has not been paid.

397.    The following Counts with a "United Req'd Records When?" column all involve claims denied based upon false assertions that documentation was not provided when it was, or was otherwise denied based upon UHC and UBH's vague claim of "missing documentation," without elaboration.

398.    The following Counts also involve claims denied based upon UBH requesting that Chiron incorrectly use a claims form "1500" instead of the proper claims form (a "UB-04" form), or otherwise stem from UBH's claims staff improperly applying "1500" form coding (e.g., denying "H" codes because they are not proper on "1500" forms, even though they are proper on UB-04 claims forms).

399.    The chart below summarizes claims Chiron submitted for J.D.:

**Chart of J.D.'s Claims**

| Count | Claim Sent When | Auth Date | DOS | CPT Codes | Total Billed | United Req'd Records When? | Chiron Sent Records When? | EOB Paid When? | Paid What? ($) | EOB Denial Codes |
|---|---|---|---|---|---|---|---|---|---|---|
| CXXI. | 10/29/18 | 10/22/18 | 10/22/18 to 10/28/18 | H0035x7, 80305(10/22/18, 10/24/18) | 19,565 | 12/6/18 | 1/7/19 | 1/28/19 | 2005.57 | |
| CXXII. | 11/5/18 | 10/26/18 | 10/29/18 to 10/31/18 | H0035x3, 80305 (10/29/18, 10/30/18) | 9,985 | 12/6/18 | 1/2/19 | 1/28/19 | 859 | |
| CXXIII. | 11/5/18 | 10/31/18 | 11/01/18 to 11/3/18 | H0035x2 | 4,790 | 12/12/18 | 1/2/19 | 1/15/19 | 573.02 | |
| CXXIV. | 11/5/18 | 11/3/18 | 11/03/18 to | H0015X2 | 3,590 | 12/12/18 | 1/2/19 | | | N163 (EOB |

| | | | 11/4/1 8 | | | | | | 1/24/1 9, codes 99199x 2, 11/3 to 11/4/1 8) |
|---|---|---|---|---|---|---|---|---|---|
| CXXV. | 11/12 /18 | | 11/05/ 18 to 11/11/ 18 | H0015x 7, 80305 (11/5/1 8, 11/7/1 8, 11/8/1 8) | 16, 765 | 12/12/ 18 | 1/10/1 9 | | M127 ( EOB 12/18/ 18, codes 99199x 7, 11/5 to 11/11/ 18) |
| CXXVI. | 11/19 /18 | | 11/12/ 18 to 11/18/ 18 | H0015x 5, 80305 (11/12/ 18, 11/14/ 18, 11/15/ 18) | 13, 175 | 12/12/ 18 | 1/10/1 9 | 3/27/1 9 | 1146.04 | |
| CXXVII. | 11/26 /18 | 11/15/ 18 | 11/19/ 18 to 11/25/ 18 | H0015, 80305 | 3, 195 | | | 2/20/1 9 | 286.51 | |

7. **COUNTS CXXVII - CXXX: A.E.'s Claims**

***(Chiron, as A.E.'s Assignee, v. UHC and UBH)***

400.    For the following "A.E." Counts, Plaintiffs incorporate paragraphs 1-125 and 130-156 as if fully stated herein.

401.    This paragraph is also incorporated into each of the following "A.E." Counts. Given the volume of A.E.'s claims, Plaintiffs believe the core information for these Counts is best conveyed via a chart, which contains, for each claim: (1) the Count of this Second Amended Complaint that seeks payment for that claim; (2) the date Chiron sent the claim to UHC; (3) the

date of service authorization ("auth. date"); (4) dates of service ("DOS") the claim pertains to; (5) the treatment codes at issue ("CPT codes") in that claim; (6) total dollars billed; (7) date the Defendants (collectively, "United") requested records; (8) date Chiron sent records; (9) when, if at all, an EOB was issued paying part of the claim; (10) the amount of partial payment; and (11) denial codes ("RMK Codes" or "Adj. Codes") that United issued via particular EOBs to the claim.

402.    This paragraph is also incorporated into each of the following "A.E." Counts. For each of the Counts below, Chiron has appealed these claims on A.E.'s behalf, but has not been paid.

403.    All of the following Counts with a "United Req'd Records When?" column involve claims denied based upon false assertions that documentation was not provided when it was, or was otherwise denied based upon UHC and UBH's vague claim of "missing documentation," without elaboration.

404.    The following Counts also involve claims denied based upon UBH requesting that Chiron incorrectly use a claims form "1500" instead of the proper claims form (a "UB-04" form), or otherwise stem from UBH's claims staff improperly applying "1500" form coding (e.g., denying "H" codes because they are not proper on "1500" forms, even though they are proper on UB-04 claims forms).

405.    The chart below summarizes claims Chiron submitted for A.E:

**Chart of A.E.'s Claims**

| Count | Claim Sent When | Auth Date | DOS | CPT Codes | Total Billed | United Req'd Records When? | Chiron Sent Records When? | EOB Paid When? | Paid What? ($) | EOB Denial Codes |
|---|---|---|---|---|---|---|---|---|---|---|
| CXXVIII. | 8/13/18 | 8/10/18 | 8/10/18 to 8/12/18 | H0035x3, 80305 | 8, 585 | 9/20/18 | 10/29/18 | 12/27/18 | 2634 | N683 ( EOB 8/27/18, codes |

| | | | | | | | | | H0035x 3, 8/10 to 8/12/1 8) |
|---|---|---|---|---|---|---|---|---|---|
| CXXIX. | 8/20/1 8 | | 8/13/1 8 to 8/19/1 8 | H0035x 7, 80305 (8/13/1 8, 8/15/1 8) | 19, 565 | 9/20/1 8 | 10/29/ 18 | 1/17/1 9 | 6096.3 Did TB | CY (EOB 1/14/1 9, codes H0035x 7, 80305, 8/13 to 8/19/1 8) |
| CXXX. | 8/27/1 8 | 8/14/1 8 | 8/20/1 8 to 8/26/1 8 | H0035x 3, 80305 (8/20/1 8, 8/22/1 8) | 9, 985 | 9/30/1 8 | 11/8/1 8 | 1/24/1 9 | 2612.7 | N19( EOB 1/24/1 9, codes 80305, 8/20 to 8/22/1 8) |

### 8. <u>COUNTS CXXXI - CXLVII: K.H.'s Claims</u>

### *(Chiron, as K.H.'s Assignee, v. UHC and UBH)*

406.    For the following "K.H." Counts, Plaintiffs incorporate paragraphs 1-125 and 130-156 as if fully stated herein.

407.    This paragraph is also incorporated into each of the following "K.H." Counts. Given the volume of K.H.'s claims, Plaintiffs believe the core information for these Counts is best conveyed via a chart, which contains, for each claim: (1) the Count of this Second Amended Complaint that seeks payment for that claim; (2) the date Chiron sent the claim to UHC; (3) the date of service authorization ("auth. date"); (4) dates of service ("DOS") the claim pertains to; (5) the treatment codes at issue ("CPT codes") in that claim; (6) total dollars billed; (7) date the Defendants (collectively, "United") requested records; (8) date Chiron sent records; (9) when, if

at all, an EOB was issued paying part of the claim; (10) the amount of partial payment; and (11) denial codes ("RMK Codes" or "Adj. Codes") that United issued via particular EOBs to the claim.

408.    This paragraph is also incorporated into each of the following "K.M." Counts. For each of the Counts below, Chiron has appealed these claims on K.H.'s behalf, but has not been paid.

409.    All of the following K.H. Counts involve claims denied based upon false assertions that documentation was not provided when it was, or was otherwise denied based upon UHC and UBH's vague claim of "missing documentation," without elaboration.

410.    The following Counts also involve claims denied based upon UBH requesting that Chiron incorrectly use a claims form "1500" instead of the proper claims form (a "UB-04" form), or otherwise stem from UBH's claims staff improperly applying "1500" form coding (e.g., denying "H" codes because they are not proper on "1500" forms, even though they are proper on UB-04 claims forms).

411.    The chart below summarizes claims Chiron submitted for K.H.:

**Chart of K.H.'s Claims**

| Count | Claim Sent When | Auth Date | DOS | CPT Codes | Total Billed | United Req'd Records When? | Chiron Sent Records When? | EOB Paid When? | Paid What? ($) | EOB Denial Codes |
|---|---|---|---|---|---|---|---|---|---|---|
| CXXXI. | 3/26/18 | 3/23/18 | 03/23/18 to 3/25/18 | H0035x3, 80305 | 8,585 | 6/24/18 | 4/6/18 | | 975.33 to DED | |
| CXXXII. | 4/2/18 | | 03/26/18 to 3/30/18 | H0035x6, 80305(3/26/18, 3/28/18) | 17,170 | 6/24/18 | 4/6/18 | | 1306.66 to DED | |
| CXXXIII. | 4/9/18 | 04/01/18 | | H0035 | 2,395 | 5/21/18 | 5/23/18 | | 0 | |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| CXXXIV. | 4/9/18 | | 04/02/18 to 4/8/18 | H0035x7, 80305(4/2/18, 4/4/18) | 19,565 | 5/21/18 | 5/23/18 | | 1575.77 to DED |
| CXXXV. | 4/16/18 | 4/10/18 | 04/09/18 | H0035, 80305 | 3,795 | 5/21/18 | 5/23/18 | | |
| CXXXVI. | 4/17/18 | | 04/10/18 to 4/15/18 | H0015x6, 80305(4/11/18, 4/12/18) | 13,570 | 5/21/18 | 5/23/18 | | 1350.66 to DED |
| CXXXVII. | 4/23/16 | 4/17/18 | 04/16/18 to 4/22/18 | H0015x4 580305(4/10/18, 4/12/18, 4/13/18) | 13,175 | 5/21/18 | 5/23/18 | | 1125.55 to DED |
| CXXXVIII. | 5/7/16 | 4/25/18 | 04/23/18 to 4/29/18 | H0015x4, 80305(4/23/18, 4/25/18, 4/26/18) | 11,380 | 5/21/18 | 5/23/18 | | 900.44 to DED |
| CXXXIX. | 5/14/18 | | 04/30/18 to 5/6/18 | H0015, 80305 | 3,195 | 5/31/18 | 6/4/18 | | |
| CXL. | 5/21/18 | | 05/02/18 to 5/6/18 | H0005, H0047, 80305 | 3,000 | n/a | n/a | 6/21/18 | N362 ( EOB 7/30/18, codes 80305, 5/2/18) (EOB 8/9/18, codes 90853, 5/3/18) |
| CXLI. | 5/28/18 | | 05/07/18 to 5/13/18 | H0005, H0047, 80305 | 3,000 | 11/19/18 | 12/24/18 | 7/23/18 | N362(EOB 8/9/18, codes |

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 90853x 3, 90834x 2, 5/7 to 5/17/1 8) |
| CXLII. | 6/4/1 8 | | 05/14/ 18 to 5/20/1 8 | H0005, H0047, 80305 | 3, 000 | | | | | MA130 (EOB 8/16/1 8, codes H0005, H0047, 5/14 to 5/17/1 8) |
| CXLIII. | 6/11/ 18 | | 05/21/ 18 to 5/27/1 8 | H0005, H0047, 80305 | 3, 000 | | | | 386.43 | |
| CXLIV. | 6/18/ 18 | | 05/28/ 18 to 6/3/18 | H0005, 80305 | 2, 250 | | | | 675 | |
| CXLV. | 6/25/ 18 | | 06/04/ 18 to 6/10/1 8 | H0005, H0047, 80305 | 3, 000 | 6/30/1 8 | 8/2/18 | | 1503.49 | N706( EOB 8/23/1 8, codes H0005, H0047, 6/4 to 6/7/18) (EOB 9/6/18, codes 80305, 6/4 to 6/7/18) |
| CXLVI. | 6/25/ 18 | | 06/13/ 18 to 6/17/0 8 | H0047 | 2, 150 | 8/14/1 8 | 9/27/1 8 | 8/17/1 8 | 17.76 | N70622 6(EOB 8/30/1 8, codes H0047, 6/13/1 8) |
| CXLVII. | 6/25/ 18 | | 06/21/ 18 | H0047 | 750 | | | 8/6/18 | 17.76 | B13, ( EOB 8/28/1 |

| | | | | | | | | | | 8, codes 90853, 6/21/18) |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | |

### 9.   **COUNTS CXLVIII - CLII: M.M's Claims**

*(Chiron, as M.M.'s Assignee, v. UHIC and UBH)*

412.    For the following "M.M." Counts, Plaintiffs incorporate paragraphs 1-125 and 130-156 as if fully stated herein.

413.    This paragraph is also incorporated into each of the following "M.M." Counts. Given the volume of M.M.'s claims, Plaintiffs believe the core information for these Counts is best  conveyed via a chart, which contains, for each claim: (1) the Count of this Second Amended Complaint that seeks payment for that claim; (2) the date Chiron sent the claim to UHC; (3) the date of service authorization ("auth. date"); (4) dates of service ("DOS") the claim pertains to; (5) the treatment codes at issue ("CPT codes") in that claim; (6) total dollars billed; (7) date the Defendants (collectively, "United") requested records; (8) date Chiron sent records; (9) when, if at all, an EOB was issued paying part of the claim; (10) the amount of partial payment; and (11) denial codes ("RMK Codes" or "Adj. Codes") that United issued via particular EOBs to the claim.

414.    This paragraph is also incorporated into each of the following "M.M." Counts. Due to the nature of some levels of treatment, not all weeks required an additional authorization call. For each of the Counts below, Chiron has appealed these claims on M.M.'s behalf, but has not been paid.

415.    All of the following Counts involve claims denied based upon false assertions that documentation was not provided when it was, or was otherwise denied based upon UHC and UBH's vague claim of "missing documentation," without elaboration.

416.    The following Counts involve claims denied based upon UBH requesting that Chiron incorrectly use a claims form "1500" instead of the proper claims form (a "UB-04" form), or otherwise stem from UBH's claims staff improperly applying "1500" form coding (e.g., denying "H" codes because they are not proper on "1500" forms, even though they are proper on UB-04 claims forms).

417.    The chart below summarizes Counts involving claims Chiron submitted for M.M.:

**Chart of M.M.'s Claims**

| Count | Claim Sent When | Auth Date | DOS | CPT Codes | Total Billed | United Req'd Records When? | Chiron Sent Records When? | EOB Paid When? | Paid What? ($) | EOB Denial Codes |
|-------|------|------|------|------|------|------|------|------|------|------|
| XLVIII. | 7/9/18 | 7/10/18 | 7/9 to 7/15/18 | H0035x7, 80305(7/9/18, 7/11/18, 7/12/18) | 19, 565 | 8/10/18 | 9/7/18 | Went to DED (deductible) | 1, 575.77 | |
| CXLIX. | 7/23/18 | 7/16/18 | 7/16 to 7/22/18 | H0035x7, 80305(7/16/18, 7/18/18) | 19, 565 | 8/10/18 | 9/7/18 | Went to DED (1003.74 of it) | 1575.77 | N19 (EOB 10/4/18, codes 80305, 7/16 to 7/18/18) |
| CL. | 7/30/18 | 7/20/18 | 7/23 to 7/28/18 | H0015x6, 80305(7/23/18, 7/25/18, 7/26/18) | 17, 170 | 8/19/18 | 9/27/18 | Went to DED (405.19 | 1350.66 | N706 (EOB 10/11/18, codes H0015x6, 7/23 to 7/28/18) |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| CLI. | 8/6/18 | 7/24/18 | 7/30 to 7/31/18 | H0015x2, 80305(7/30/18) | 4, 990 | 8/23/18 | 10/5/18 | Went to DED (135.07) | 450.22 | N19 ( EOB 3/21/19, codes 80305, 7/30/18) |
| CLII. | 8/6/18 | 7/31/18 | 8/1 to 8/3/18 | H0015x4, 80305(7/1/18, 8/2/18) | 9, 980 | 9/10/18 | 10/4/18 | Went to DED ( 202.60 ) | 675.36 | N19 (EOB 3/28/19, codes 80305, 8/1 to 8/2/18) |

### 10. **COUNTS CLIII - CLIX: A.N.'s Claims**

### *(Chiron, as A.N.'s Assignee, v. UHIC and UBH)*

418.    For the following "A.N." Counts, Plaintiffs incorporate paragraphs 1-125 and 130-156 as if fully stated herein.

419.    This paragraph is also incorporated into each of the following "A.N." Counts. Given the volume of A.N.'s claims, Plaintiffs believe the core information for these Counts is best conveyed via a chart, which contains, for each claim: (1) the Count of this Second Amended Complaint that seeks payment for that claim; (2) the date Chiron sent the claim to UHC; (3) the date of service authorization ("auth. date"); (4) dates of service ("DOS") the claim pertains to; (5) the treatment codes at issue ("CPT codes") in that claim; (6) total dollars billed; (7) date the Defendants (collectively, "United") requested records; (8) date Chiron sent records; (9) when, if at all, an EOB was issued paying part of the claim; (10) the amount of partial payment; and (11) denial codes ("RMK Codes" or "Adj. Codes") that United issued via particular EOBs to the claim.

420.     This paragraph is also incorporated into each of the following "A.N." Counts. Due to the nature of some levels of treatment, not all weeks required an additional authorization call. For each of the Counts below, Chiron has appealed these claims on A.N.'s behalf, but has not been paid.

421.     All of the following Counts involve claims denied based upon false assertions that documentation was not provided when it was, or was otherwise denied based upon UHC and UBH's vague claim of "missing documentation," without elaboration.

422.     The following Counts also involve claims denied based upon UBH requesting that Chiron incorrectly use a claims form "1500" instead of the proper claims form (a "UB-04" form), or otherwise stem from UBH's claims staff improperly applying "1500" form coding (e.g., denying "H" codes because they are not proper on "1500" forms, even though they are proper on UB-04 claims forms).

423.     The chart below summarizes claims Chiron submitted for A.N.:

**Chart of A.N.'s Claims**

| Count | Claim Sent When | Auth Date | DOS | CPT Codes | Total Billed | United Req'd Records When? | Chiron Sent Records When? | EOB Paid When? | Paid What? ($) | EOB Denial Codes |
|---|---|---|---|---|---|---|---|---|---|---|
| CLIII. | 10/22/18 | 10/16/18 | 10/15/18 to 10/21/18 | H0035x7, 80305(10/15/18, 10/17/18) | 19, 565 | 10/25/18 | 11/13/18 | 1/17/2019 | 1575.77, took back 553.60 of it | N706, ( EOB 12/28/18, codes H0035x7, 80305, 10/15 to 10/21/18)N19 |
| CLIV. | 10/29/18 | 10/19/18 | 10/22/18 to | H0035x2, | 6, 190 | 11/12/18 | 12/10/18 | 2/4/19 | 450.22 | N706( EOB |

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | 10/24/18 | 8030 5(10/22/18) | | | | | | 1/4/19, codes H0015x5, 80305, 10/24 to 10/28/18) |
| CLV. | 10/29/18 | 10/23/18 | 10/24/18 to 10/28/18 | H0015x5, 80305(10/24/18, 10/26/18, 10/27/18) | 11,775 | 11/9/18 | 12/10/18 | 2/4/19 | 1,125.55 | N706(EOB 1/4/19, codes H0015x5, 80305, 10/24 to 10/28/18) |
| CLVI. | 11/5/18 | 10/23/18 | 10/29/18 to 11/4/18 | H0015x3, 80305(10/29/18, 10/31/18) | 8,185 | 11/20/18 | 12/24/18 | 2/1/19 | 225.11 | N706(EOB 1/10/19codes H0015x3, 80305, 10/29 to 10/31/18) |
| CLVII. | 11/5/18 | 10/31/18 | 11/01/18 to 11/4/18 | H0015x2, 80305(11/1/18) | 4,990 | 11/20/18 | 12/24/18 | 2/4/19 | 225.11 | N706(EOB 1/10/19codes H0015x2, 80305, 11/1 to 11/2/18) |
| CLVIII. | 11/12/18 | 10/31/18 | 11/05/18 to 11/11/18 | H0015x5, 80305(11/5/18, 11/7 | 13,175 | 11/23/18 | 12/24/18 | 2/18/19 | 1,125.55 | N706, HK(EOB 1/17/19, codes H0015x |

| | | | | /18, 11/8 /18) | | | | | | 5, 80305x 3, 11/5 to 11/9/1 8) |
|---|---|---|---|---|---|---|---|---|---|---|
| CLIX. | 11/1 9/18 | 11/7/18 | 11/12 /18 to 11/18 /18 | H015 x3, 8030 5(11/ 12/1 8, 11/1 4/18) | 8, 185 | 1/2/19 | 1/9/19 | 2/21/1 9 | 675.33 | N706( EOB 1/24/1 9, codes H0015x 3, 80305, 11/12 to 11/14/ 18) |

## 11. COUNTS CLX - CLXXXIII: S.P.'s Claims

### (Chiron, as S.P.'s Assignee, v. UHC and UBH)

424.   For the following "S.P." Counts, Plaintiffs incorporate paragraphs 1-125 and 130-156 as if fully stated herein.

425.   This paragraph is also incorporated into each of the following "S.P." Counts. Given the volume of S.P.'s claims, Plaintiffs believe the core information for these Counts is best conveyed via a chart, which contains, for each claim: (1) the Count of this Second Amended Complaint that seeks payment for that claim; (2) the date Chiron sent the claim to UHC; (3) the date of service authorization ("auth. date"); (4) dates of service ("DOS") the claim pertains to; (5) the treatment codes at issue ("CPT codes") in that claim; (6) total dollars billed; (7) date the Defendants (collectively, "United") requested records; (8) date Chiron sent records; (9) when, if at all, an EOB was issued paying part of the claim; (10) the amount of partial payment; and (11) denial codes ("RMK Codes" or "Adj. Codes") that United issued via particular EOBs to the claim.

426.    This paragraph is also incorporated into each of the following "S.P." Counts.. For each of the Counts below, Chiron has appealed these claims on S.P.'s behalf, but has not been paid for all treatment codes due to assertions about records.

427.    All of the following Counts involve claims denied based upon false assertions that documentation was not provided when it was, or was otherwise denied based upon UHC and UBH's vague claim of "missing documentation," without elaboration.

428.    The following Counts involve claims denied based upon UBH requesting that Chiron incorrectly use a claims form "1500" instead of the proper claims form (a "UB-04" form), or otherwise stem from UBH's claims staff improperly applying "1500" form coding (e.g., denying "H" codes because they are not proper on "1500" forms, even though they are proper on UB-04 claims forms).

429.    The chart below summarizes Counts involving claims Chiron submitted for S.P.:

**Chart of S.P.'s Claims**

| Count | Claim Sent When | Auth Date | DOS | CPT Codes | Total Billed | United Req'd Records When? | Chiron Sent Records When? | EOB Paid When? | Paid What? ($) | EOB Denial Codes |
|---|---|---|---|---|---|---|---|---|---|---|
| CLX. | 3/12/18 | 3/7/18 | 03/07/18 to 3/11/18 | H0035x5, 80305(3/7/18, 3/8/18) | 14, 775 | | | 4/12/18 | 6345.86 | |
| CLXI. | 3/19/18 | | 03/12/18 to 3/18/18 | H0035x7, 80305(3/12/18, 3/14/18) | 19, 565 | | | 4/12/18 | 8060.43 | |
| CLXII. | 3/26/18 | | 03/19/18 to 3/25/18 | H0035x4, 80305(3/19/18, | 12, 380 | | | 4/30/18 | 5488.56 | |

| | | | 3/21/1 8 | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| CLXIII. | 3/26 /18 | 3/2 6/1 8 | 03/23/ 18 to 3/25/1 8 | H0015x 3, 80305(3 /23/18) | 6, 785 | | | 4/26/1 8 | 842.31 |
| CLXIV. | 4/2/ 18 | 3/2 9/1 8 | 03/26/ 18 to 4/1/18 | H0015x 5, 80305(3 /26/18, 3/28/1 8, 3/29/1 8) | 13, 175 | | | 4/26/1 8 | 1990.01 |
| CLXV. | 4/9/ 18 | | 04/02/ 18 to 4/8/18 | H0015x 5, 80305(4 /2/18, 4/4/18, 4/5/18) | 13, 175 | | | 5/5/18 | 1990.01 |
| CLXVI. | 4/16 /18 | | 04/09/ 18 to 4/15/1 8 | H0015x 3, 80305(4 /9/18, 4/11/1 8, 4/12/1 8) | 9, 585 | | | 4/22/1 9 | 1721.55 |
| CLXVII. | 4/23 /18 | | 04/16/ 18 to 4/22/1 8 | H0015, 80305(4 /16/18, 4/18/1 8, 4/19/1 8) | 9, 585 | | | 5/14/1 8 | 1721.55 |
| CLXVIII. | 4/30 /18 | 4/2 7/1 8 | 04/23/ 18 to 4/29/1 8 | H0015x 3, 80305(4 /23/18, 4/25/1 8, 4/26/1 8) | 9, 585 | | | 5/21/1 8 | 1721.55 |
| CLXIX. | 5/7/ 18 | | 04/30/ 18 to 5/6/18 | H0015, 80305 | 3, 195 | | | 5/28/1 8 | 573.85 |

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| CLXX. | 5/7/18 | | 05/03/18 to 5/6/18 | H0015x2, 80305(5/2/18, 5/3/18) | 6, 390 | | | 5/28/18 | 1147.3 | |
| CLXXI. | 5/14/18 | 5/11/18 | 05/07/18 to 5/13/18 | H0015x2, 80305(5/7/18, 5/10/18) | 6, 390 | | | 6/11/18 | 1147.3 | |
| CLXXII. | 5/21/18 | | 05/14/18 to 5/20/18 | H0015x2, 80305(5/14/18, 5/16/18) | 6, 390 | | | 6/14/18 | 1147.3 | |
| CLXXIII. | 5/21/18 | 5/17/18 | 05/17/18 to 5/20/18 | H0005, H0047, 80305 | 3, 000 | | | 8/8/18 | 950 | |
| CLXXIV. | 5/28/18 | | 05/21/18 to 5/27/18 | H0005, H0047, 80305 | 3, 000 | | | 7/26/18 to 4/18/19 | 750.40, 5/21/18 H0047 unpaid | N706( EOB 8/16/18, codes H0005, H0047, 5/21 to 5/24/18) |
| CLXXV. | 6/4/18 | | 05/28/18 | H0005, H0047, 80305 | 3, 000 | 8/17/18 | 10/1/18 | 7/19/18 to UA Only | 1400, 5/28/18, 5/30/18, H0005, H0047 Unpaid | M80, (EOB 9/13/18, codes 90834, 90853, 5/28/18**they did not include other date)N7069EO B 9/13/18, codes80 |

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 305, 5/28 to 5/30/18) |
| CLXXVI. | 6/11/18 | | 06/04/18 | H0005, H0047, 80305 | 3,000 | | | 7/16/18 to UA | 1400, 6/4/18, 6/7/18 | N706(EOB 9/13/18, codes H0005, H0047, 6/4 to 6/7/18) |
| CLXXVII. | 6/18/18 | | 06/11/18 | H0005, H0047, 80305 | 3,000 | 3/26/19, | 4/5/18 | 10/4/18 | 700, 6/11/18, 6/13/18 H0005, H0047, Unpaid 2250 | N706(EOB 9/13/18, codes H0005, H0047, 6/11 to 6/13/18), HK |
| CLXXVIII. | 6/25/18 | | 06/18/18 | H0005, H0047, 80305 | 3,000 | 9/16/18 | 10/26/18 | 12/17/18 | 950 TB, 6/18/18 unpaid , H0005 | |
| CLXXIX. | 7/2/18 | | 06/25/18 | H0005, H0047, 80305 | 3,000 | 8/8/18, | 9/9/18 | 7/5/19 | 2250 | N706( EOB 9/27/18, code 80305, 6/25 to 6/27/18) |
| CLXXX. | 7/9/18 | | 7/2/18 to 07/05/18 | H0005, H0047, 80305 | 3,000 | 8/29/18 | 9/26/18 | | | |
| CLXXXI. | 7/16/18 | | 07/09/18 | H0005, H0047, 80305 | 3,000 | 9/2/18 | 10/7/18 | | | N706, (EOB 4/25/19, codes 80305, H0005, H0047, 7/9 to |

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | 7/12/18)N394 (EOB 4/25/19, codes H0047, H0005, 7/9 to 7/12/18), N34(EOB 4/25/19, codes 80305, 7/9 to 7/12/18) |
| CLXXXII. | 7/23/18 | | 07/16/18 | H0005, H0047, 80305 | 3,000 | 9/7/18 | 10/11/18 | | | |
| CLXXXIII. | 7/30/18 | | 07/23/18 | H0005, H0047, 80305 | 3,000 | 8/31/19 | 9/28/18 | | | |

## 12. **COUNTS: CLXXXIV - CCV: E.S.'s Claims**

### *(Chiron, as E.S.'s Assignee, v. UHC and UBH)*

430.    For the following "E.S." Counts, Plaintiffs incorporate paragraphs 1-125 and 130-156 as if fully stated herein.

431.    This paragraph is also incorporated into each of the following "E.S." Counts. Given the volume of E.S.'s claims, Plaintiffs believe the core information for these Counts is best conveyed via a chart, which contains, for each claim: (1) the Count of this Second Amended Complaint that seeks payment for that claim; (2) the date Chiron sent the claim to UHC; (3) the date of service authorization ("auth. date"); (4) dates of service ("DOS") the claim pertains to; (5) the treatment codes at issue ("CPT codes") in that claim; (6) total dollars billed; (7) date the Defendants (collectively, "United") requested records; (8) date Chiron sent records; (9) when, if

at all, an EOB was issued paying part of the claim; (10) the amount of partial payment; and (11) denial codes ("RMK Codes" or "Adj. Codes") that United issued via particular EOBs to the claim.

432.    This paragraph is also incorporated into each of the following "E.S." Counts. Due to the nature of some levels of treatment, not all weeks required an additional authorization call. For each of the Counts below, Chiron has appealed these claims on E.S.'s behalf, but has not been paid.

433.    All of the following Counts involve claims denied based upon false assertions that documentation was not provided when it was, or was otherwise denied based upon UHC and UBH's vague claim of "missing documentation," without elaboration.

434.    The following Counts also involve claims denied based upon UBH requesting that Chiron incorrectly use a claims form "1500" instead of the proper claims form (a "UB-04" form), or otherwise stem from UBH's claims staff improperly applying "1500" form coding (e.g., denying "H" codes because they are not proper on "1500" forms, even though they are proper on UB-04 claims forms).

435.    The chart below summarizes Counts involving claims Chiron submitted for E.S.:

**Chart of E.S.'s Claims**

| Count | Claim Sent When | Auth Date | DO S | CPT Codes | Total Billed | United Req'd Record s When? | Chiron Sent Record s When? | EOB Paid When? | Paid What? ($) | EOB Denial Codes |
|---|---|---|---|---|---|---|---|---|---|---|
| CLXXXIV. | 3/12/18 | 3/7/18 | 03/0 5/18 to 3/11 /18 | H0035x 5, 80305(3 /5/18, 3/7/18) | 14, 775 | | | 4/12/1 8 | 6384.4 | |
| CLXXXV. | 3/12/18 | 3/12 /18 | 03/1 0/18 to | H0015x 2 | 3, 590 | | | 4/12/1 8 | 272.86 | |

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | 3/11/18 | | | | | | | |
| CLXXXVI. | 3/19/18 | 3/12/18 | 03/12/18 to 3/18/18 | H0015x5, 80305(3/12/18, 3/14/18, 3/15/18) | 13, 175 | | | 4/12/18 | 3771.25 | CY, EOB (4/23/18)CODE(80305(3/12/18) |
| CLXXXVII. | 3/26/18 | 3/16/18 | 03/19/18 to 3/25/18 | H0015x3, 80305(3/19/18, 3/21/18, 3/22/18) | 13, 175 | 4/14/18 | 6/7/18 | 8/2/18 | 3, 771.25 | N706, (EOB 6/7/18, codes H0015x5, 80305, 3/19 to 3/23/18) N77, B6, MA15 |
| CLXXXVIII. | 4/2/18 | 3/16/18 | 03/26/18 to 4/1/18 | H0015, 80305 | 3, 195 | | | 4/26/18 | 573.85 | |
| CLXXXIX. | 4/23/18 | 4/17/18 | 04/16/18 to 4/21/18 | H0035x5, 80305(4/16/18, 4/18/18) | 14, 775 | 11/16/18 | 6/18/18 | 4/22/19 | 4354.50 did TB | N706, (EOB 3/21/19, codes H0035x5, 80305, 4/16 to 4/20/18) N77, (EOB 3/21/19, codes H0035x5, 80305 4/16 to 4/20/18) |
| CXC. | 4/23/18 | 4/20/18 | 04/21/18 to 4/22/18 | H0015x2 | 3, 590 | | | 5/10/18 | 268.46 | |

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| CXCI. | 4/30/18 | 4/20/18 | 04/23/18 to 4/29/18 | H0015x5, 80305(4/23/18, 4/25/18, 4/26/18) | 13, 175 | | | 5/17/18 | 1990 | |
| CXCII. | 5/7/18 | 4/20/18 | 04/30/18 | H0015, 80305 | 3, 195 | | | 5/24/18 | 252.54 | |
| CXCIII. | 5/7/18 | 5/4/18 | 05/1/18 to 5/6/18 | H0015x3, 80305(5/2/18, 5/4/18) | 8, 185 | | | 5/24/18 | 1281.94 | |
| CXCIV. | 5/14/18 | 5/4/18 | 05/7/18 to 5/9/18 | H0015x2, 80305(5/7/18, 5/9/18) | 6, 390 | | | 6/7/18 | 1147.68 | N706 |
| CXCV. | 5/14/18 | 05/09/18 | 05/10/18 to 5/13/18 | H0005, H0047, 80305 | 3, 000 | 6/8/18 | 6/13/18 | 7/30/18 | 925 | N702(EOB 8/2/18, codes 9834, 9853, 5/10 to 5/11/18), N706(EOB 8/2/18, codes H0005, H0047, 5/10 to 5/11/18), |
| CXCVI. | 5/21/18 | 05/09/18 | 05/14/18 to 5/20/18 | H0005, H0047, 80305 | 3, 000 | | | 8/2/18 | 200 | N706(EOB 8/9/18, codes H0005, H0047, 80305, 5/14 to 5/16/18) |

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| CXCVII. | 5/28/18 | 05/09/18 | 05/21/18 to 5/27/18 | H0005, H0047, 80305 | 3,000 | 6/22/18 | 7/23/18 | | | N706(EOB 8/16/18, codes H0005, H0047, 5/21 to 5/23/18) |
| CXCVIII. | 6/4/18 | 05/09/18 | 05/28/18 to 6/3/8 | H0005, H0047, 80305 | 3,000 | | | 8/13/18 | 950.91 | N702(EOB 8/28/18, codes 80305, 5/28/18) |
| CXCIX. | 6/11/18 | 06/05/18 | 05/31/18 | H0015 | 1,795 | | | 4/18/19 | 134.23 | n/a |
| CC. | 6/18/18 | 06/05/18 | 06/1/18 | H0015 | 1,795 | 8/31/18 | 10/1/18 | 4/15/19 | 134.23 | N706(EOB 9/27/18, codes H0015 x1, 6/1/18) |
| CCI. | 6/25/18 | 06/05/18 | 06/04/18 to 6/10/18 | H0015x4, 80305(6/4/18, 6/6/18) | 9,980 | 7/16&11/18 | 12/24/18 | 3/28/19 | 1416.14 | N19, N394(EOB 1/31/19, codes H0035x1, 80305, 11/19/18) (EOB 3/7/19, codes 80305, H0015x3, 6/4 to 6/7/18) (EOB 3/28/19, codes H0015x5, 6/4 to 6/7/18) |
| CCII. | 11/19/18 | 11/14/18 | 11/12/18 to | H0035x7, 80305(1 | 19,565 | 12/7/18 | 12/28/18 | 3/14/19 | 2,701.8 | N394, (EOB 3/14/19, |

| | | | 11/18/18 | 1/12/18, 11/14/18) | | | | | | codes H0035x7, 80305, 11/12 to 11/18/18)N19(EOB 3/14/19, codes H0035x7, 80305, 11/12 to 11/18/18) |
|---|---|---|---|---|---|---|---|---|---|---|
| CCIII. | 11/19/18 | 11/14/18 | 11/19/18 to 11/25/18 | H0035x1, 80305 | 3,795 | 12/11/18 | 1/18/19 | n/a | n/a | N706(EOB 1/31/19, codes H0035x1, 80305, 11/19/18) |
| CCIV. | 11/26/18 | 11/27/18 | 11/20/18 to 11/25/18 | H0015x4, 80305(11/21/18, 11/22/18) | 9,980 | 12/11/18 | 1/18/19 | 4/11/19 | 930.48 | N706(EOB 1/31/19, codes H0015x4, 80305, 11/20 to 11/23/18) |
| CCV. | 11/26/18 | 11/27/18 | 11/26/18 to 12/2/18 | H0015x2, 80305 | 4,990 | 12/16/18 | 1/18&1/24/19 | 4/11/19 | 465.24 | N706 ( EOB 4/18/19, codes H0015x2, 80305, 11/26 to 11/27/18) |

13. **COUNTS CCVI - CCXXIV: E.Su.'s Claims**

*(Chiron, as E.Su.'s Assignee, v. UHC and UBH)*

436.    For the following "E.Su." Counts, Plaintiffs incorporate paragraphs 1-125 and 130-156 as if fully stated herein.

437.    This paragraph is also incorporated into each of the following "E.Su." Counts. Given the volume of E.Su.'s claims, Plaintiffs believe the core information for these Counts is best conveyed via a chart, which contains, for each claim: (1) the Count of this Second Amended Complaint that seeks payment for that claim; (2) the date Chiron sent the claim to UHC; (3) the date of service authorization ("auth. date"); (4) dates of service ("DOS") the claim pertains to; (5) the treatment codes at issue ("CPT codes") in that claim; (6) total dollars billed; (7) date the Defendants (collectively, "United") requested records; (8) date Chiron sent records; (9) when, if at all, an EOB was issued paying part of the claim; (10) the amount of partial payment; and (11) denial codes ("RMK Codes" or "Adj. Codes") that United issued via particular EOBs to the claim.

438.    This paragraph is also incorporated into each of the following "E.Su." Counts. UHC began authorizing E.Su.'s treatments on 4/17/2018. Due to the nature of some levels of treatment, not all weeks required an additional authorization call. For each of the Counts below, Chiron has appealed these claims on E.Su.'s behalf, but has not been paid.

439.    All of the following Counts with a "United Req'd Records When?" column involve claims denied based upon false assertions that documentation was not provided when it was, or was otherwise denied based upon UHC and UBH's vague claim of "missing documentation," without elaboration.

440.    The following Counts also involve claims denied based upon UBH requesting that Chiron incorrectly use a claims form "1500" instead of the proper claims form (a "UB-04" form),

or otherwise stem from UBH's claims staff improperly applying "1500" form coding (e.g., denying "H" codes because they are not proper on "1500" forms, even though they are proper on UB-04 claims forms).

441.   The chart below summarizes claims Chiron submitted for E.Su.:

**Chart of E.Su.'s Claims**

| Count | Claim Sent When | Auth Date | DOS | CPT Codes | Total Billed | United Req'd Records When? | Chiron Sent Records When? | EOB Paid When? | Paid What? ($) | EOB Denial Codes |
|---|---|---|---|---|---|---|---|---|---|---|
| CCVI. | 7/9/18 | 7/3/18 | 7/02/18 to 7/8/18 | H0035x7, 80305(7/2/18, 7/4/18) | 19, 565 | N/A | N/A | 8/2/18 | 2682.40 did TB | M115(EOB 8/9/18, codes H0035x7, 80305, 7/2 to 7/8/18) |
| CCVII. | 7/16/18 | 7/9/18 | 7/09/18 to 7/15/18 | H0035x3, 80305 (7/9/18, 7/11/18) | 9, 985 | N/A | N/A | 8/10/18 | 1149.60 did TB | M115(EOB 8/16/18, codes H0035x3, 80305, 7/9 to 7/11/18) |
| CCVIII. | 7/23/18 | 7/17/18 | 7/16/18 to 7/22/18 | H0015x5, 80305(7/16/18, 7/18/18) | 16, 765 | N/A | N/A | 8/27/18 | 362.34 did TB, then paid 2513 | M115, N20, N522 (EOB 8/23/18, codes H0015x7, 80305, 7/16 to 7/22/18) |

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| CCIX. | 8/6/18 | 7/17/18 | 7/23/18 to 7/29/18 | H0015x5, 80305 (7/23/18, 7/25/18, 7/26/18) | 13, 175 | N/A | N/A | 8/23/18 | 1805 | M115, N20(EOB 8/23/18, codes H0015x7, 80305, 7/23 to 729/18) |
| CCX. | 8/6/18 | 7/26/18 | 7/30/18 to 7/31/18 | H0015x2 | 4, 990 | N/A | N/A | 8/23/18 | 718 | M115, N20(EOB 8/23/18, codes H0015x2, 80305, 7/30 to 7/31/18) |
| CCXI. | 8/6/18 | 7/26/18 | 8/1/18 to 8/5/18 | H0015x2, 80305(8/1/18, 8/2/18) | 6, 390 | N/A | N/A | 8/31/18 | 4, 906.23 | NO RMK CODE |
| CCXII. | 8/13/18 | 8/2/18 | 8/06/18 to 8/12/18 | H0015x3, 80305 ( 8/6/18, 8/8/18, 8/9/18) | 9, 585 | 9/11/18 | 10/22/18 | 12/13/18 | 4, 160.67 | M127, N19(EOB 12/13/18, codes H0015x3, 80305, 8/6 to 8/9/18) |
| CCXIII. | 8/20/18 | 8/2/18 | 8/13/18 to 8/19/18 | H0015x2, 80305(8/13/18, 8/15/18) | 6, 390 | 9/24/18 | 10/22/18 | 7/18/19 | 4900.2/718 | N464(EOB 6/13/19, codes H0015, 80305, 8/16/18)M127, MA67, N20, |

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | (EOB 12/7/18, codes H0015x 2, 80305, 8/138/15/18) |
| CCXIV. | 8/20/18 | 8/22/18 | 8/16/18 to 8/19/18 | H0015, 80305 | 3,195 | 9/24/18 | 10/22/18 | | | N464 |
| CCXV. | 8/27/18 | 8/22/18 | 8/20/18 to 8/26/18 | H0015x 3, 80305(8/20/18, 8/22/18, 8/23/18) | 9,585 | 9/26/18 | 10/24/18 | 12/13/18 | 4,169.28 | M127, (EOB 12/13/18, codes H0015x 3, 80305, 8/20 to 8/23/18)N19(EOB 12/13/18, codes H0015x 3, 80305, 8/20 to 8/23/18) |
| CCXVI. | 9/3/18 | 8/22/18 | 8/27/18 to 8/31/18 | H0015x 3, 80305(8/27/18, 8/29/18, 8/30/18) | 9,585 | 9/24/18 | 11/7/18 | 1/17/19 | 2,477.01 | M127, N20, N19, N115(EOB 1/17/19, codes H0015x 3, 80305, 8/27 to 8/30/18) |

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| CCXVII. | 9/10/18 | 9/14/18 | 09/03/18 to 9/9/18 | H0015x 3, 80305(9/3/18, 9/5/18, 9/6/18) | 9, 585 | 9/28/18 | 10/30/18 | 12/15/18 | 1, 346 | |
| CCXVIII. | 9/17/1 | 9/14/18 | 09/10/18 to 9/16/18 | H0015x 2, 80305(9/10/18, 9/12/18) | 6, 390 | 10/2/18 | 11/7/18 | 12/22/18 | 897.5 | |
| CCXIX. | 9/24/18 | 9/14/18 | 09/17/18 to 9/23/18 | H0005, H0047, 80305 | 3, 000 | N/A | N/A | N/A | N/A | |
| CCXX. | 10/1/18 | 9/12/18 | 09/24/18 to 9/30/18 | H0005, H0047, 80305 | 3, 000 | N/A | N/A | N/A | N/A | |
| CCXXI. | 10/8/18 | 9/12/18 | 10/1/18 to 10/7/18 | H0005, H0047, 80305 | 3, 000 | N/A | N/A | 7/20/19 | 136.11 to for 10/1 only | |
| CCXXII. | 10/15/18 | 9/12/18 | 10/8/18 to 10/14/18 | H0005, H0047, 80305 | 3, 000 | N/A | N/A | 12/8/18 | 58.5 | N/A |
| CCXXIII. | 10/22/18 | 9/12/18 | 10/15/18 to 10/21/18 | H0005, H0047, 80305 | 3, 000 | 11/5/18 | 11/16/18 | 7/27/19 | 177.02 | N/A |
| CCXXIV. | 10/29/18 | 10/19/18 | 10/22/18 to 10/28/18 | H0005, H0047, 80305 | 3, 000 | N/A | N/A | 7/27/19 | 0 | N/A |

## 14. <u>COUNTS CCXXV - CCXXIX: D.T.'s Claims</u>

### *(Chiron, as D.T.'s Assignee, v. UHC and UBH)*

442.    For the following "D.T." Counts, Plaintiffs incorporate paragraphs 1-125 and 130-156 as if fully stated herein.

443.    This paragraph is also incorporated into each of the following "D.T." Counts. Given the volume of D.T.'s claims, Plaintiffs believe the core information for these Counts is best conveyed via a chart, which contains, for each claim: (1) the Count of this Second Amended Complaint that seeks payment for that claim; (2) the date Chiron sent the claim to UHC; (3) the date of service authorization ("auth. date"); (4) dates of service ("DOS") the claim pertains to; (5) the treatment codes at issue ("CPT codes") in that claim; (6) total dollars billed; (7) date the Defendants (collectively, "United") requested records; (8) date Chiron sent records; (9) when, if at all, an EOB was issued paying part of the claim; (10) the amount of partial payment; and (11) denial codes ("RMK Codes" or "Adj. Codes") that United issued via particular EOBs to the claim.

444.    This paragraph is also incorporated into each of the following "D.T." Counts. Due to the nature of some levels of treatment, not all weeks required an additional authorization call. For each of the Counts below, Chiron has appealed these claims on D.T.'s behalf, but has not been paid.

445.    The following Counts with a "United Req'd Records When?" column involve claims denied based upon false assertions that documentation was not provided when it was, or was otherwise denied based upon UHC and UBH's vague claim of "missing documentation," without elaboration.

446.    The following Counts also involve claims denied based upon UBH requesting that Chiron incorrectly use a claims form "1500" instead of the proper claims form (a "UB-04" form),

or otherwise stem from UBH's claims staff improperly applying "1500" form coding (e.g., denying "H" codes because they are not proper on "1500" forms, even though they are proper on UB-04 claims forms).

447.    The chart below summarizes claims Chiron submitted for D.T.:

**Chart of D.T.'s Claims**

| Count | Claim Sent When | Auth Date | DOS | CPT Codes | Total Billed | United Req'd Records When? | Chiron Sent Records When? | EOB Paid When? | Paid What? ($) | EOB Denial Codes |
|---|---|---|---|---|---|---|---|---|---|---|
| CCXXV. | 12/24/18 | 12/26/18 | 12/21/18 to 12/23/18 | H0035x3, 80305(12/21/18 | 8, 585 | 1/13/19 | 1/25/19 | | | WY |
| CCXXVI. | 12/31/18 | 12/26/18 | 12/21/18 to 12/23/18 | H0035x5, 80305(12/24/18, 12/26/18) | 14, 775 | 1/13/19 | 1/30/19 | | | WY(EOB 3/21/19, codes 80305, H0035x3, 12/21 to 12/23/18) |
| CCXXVII. | | | 12/24/18 to 12/28/18 | | | | | | | WY(EOB 3/21/19, codes 80305, H0035x3, 12/21 to 12/23/18) |
| CCXXVIII. | 1/7/19 | 12/28/18 | 12/29/18 to 12/30/18 | H0015x2 | 3, 590 | 1/6/19 | 1/30/19 | | | WY(EOB 3/21/19, codes |

| | | | | | | | | | | H0035x5, 80305, 12/24 to 12/28/18) |
|---|---|---|---|---|---|---|---|---|---|---|
| CCXXIX. | 1/7/19 | 12/28/18 | 12/31/18 to 1/6/19 | H0015, 80305 | 3, 195 | 1/13/19 | 1/25/19 | | | WY(EOB 3/21/19, codes H0015x3, 80305, 12/29 to 12/31/18) |

### 15. **COUNTS CCXXX - XXCCCVII: C.W.'s Claims**

**(Chiron, as C.W.'s Assignee, v. UHIC and UBH)**

448.    For the following "C.W." Counts, Plaintiffs incorporate paragraphs 1-125 and 130-156 as if fully stated herein.

449.    This paragraph is also incorporated into each of the following "C.W." Counts. Given the volume of C.W.'s claims, Plaintiffs believe the core information for these Counts is best conveyed via a chart, which contains, for each claim: (1) the Count of this Second Amended Complaint that seeks payment for that claim; (2) the date Chiron sent the claim to UHC; (3) the date of service authorization ("auth. date"); (4) dates of service ("DOS") the claim pertains to; (5) the treatment codes at issue ("CPT codes") in that claim; (6) total dollars billed; (7) date the Defendants (collectively, "United") requested records; (8) date Chiron sent records; (9) when, if at all, an EOB was issued paying part of the claim; (10) the amount of partial payment; and (11) denial codes ("RMK Codes" or "Adj. Codes") that United issued via particular EOBs to the claim.

450.    This paragraph is also incorporated into each of the following "C.W." Counts. Due to the nature of some levels of treatment, not all weeks required an additional authorization call. For each of the Counts below, Chiron has appealed these claims on C.W.'s behalf, but has not been paid.

451.    All of the following Counts with a "United Req'd Records When?" column involve claims denied based upon false assertions that documentation was not provided when it was, or was otherwise denied based upon UHC and UBH's vague claim of "missing documentation," without elaboration.

452.    The following Counts also involve claims denied based upon UBH requesting that Chiron incorrectly use a claims form "1500" instead of the proper claims form (a "UB-04" form), or otherwise stem from UBH's claims staff improperly applying "1500" form coding (e.g., denying "H" codes because they are not proper on "1500" forms, even though they are proper on UB-04 claims forms).

453.    The chart below summarizes claims Chiron submitted for C.W.:

**Chart of C.W.'s Claims**

| Count | Claim Sent When | Auth Date | DOS | CPT Codes | Total Billed | United Req'd Records When? | Chiron Sent Records When? | EOB Paid When? | Paid What? ($) | EOB Denial Codes |
|---|---|---|---|---|---|---|---|---|---|---|
| CCXXX. | 10/8/18 | 10/4 /18 | 10/04/ 18 to 10/7/1 8 | H0035 x4, 80305 | 10, 980 | 10/27/1 8 to 11/28/1 9 | 1/2/19 | | | N706(EOB 12/13/18, codes H0035 x 4, 80305, 10/4 to 10/7/18) |
| CCXXXI. | 10/15/1 8 | 10/8 /18 | 10/08/ 18 to 10/14/ 18 | H0035 x7, 80305( 10/8/ 18, | 19, 565 | 10/27/1 8 to 11/5/18 | 11/28/18 | 2/18/ 19 | 6096. 3 | N706(EOB 12/20/18, codes H0035x7, 80305, |

| | | | 10/10/18 | | | | | | 10/8 to 10/14/18 |
|---|---|---|---|---|---|---|---|---|---|---|
| CCXXXII. | 10/22/18 | | 10/15/18 to 10/21/18 | H0035 x5, 80305(10/16/18 10/17/18) | 14,775 | 11/3/18 to 11/12/18 | 12/6/18 | 2/14/19 | 4354.5 | N706(EOB 12/28/18, codes H0035x5, 80305, 10/15 to 10/19/18) |
| CCXXXIII. | 10/22/18 | 10/17/18 | 10/20/18 to 10/21/18 | H0015 x2 | 3,590 | 10/27/18 to 11/5/18 | 11/28/18 | 2/14/19 | 444.74 | N706(EOB 12/20/18, codes H0015x2, 10/20 to 10/21/18) |
| CCXXXIV. | 10/29/18 | 10/20/18 | 10/22/18 to 10/28/18 | H0015 x7, 80305(10/22/18, 10/24/18, 10/25/18) | 16,765 | 10/27/18 to 11/5/18 | 11/28/18 | 2/18/19 | 1628.34 | N706(EOB 1/4/19, codes H0015x 7, 80305, 10/22 to 10/28/18) |
| CCXXXV. | 11/5/18 | | 10/29/18 to 10/31/18 | H0015 x3, 80305(10/29/18, 10/31/18 | 8,185 | 11/18/18 to 11/27/18 | 12/20/18 | | | N706 ( EOB 1/10/19, codes H0015x3, 80305) |
| CCXXXVI. | 11/5/18 | | 11/01/18 to 11/4/18 | H0015 x4, 80305 | 8,580 | 11/17/18 to 11/27/18 | 12/20/18 | 3/7/19 | 930.48 | N706 (EOB 1/10/19, codes H0015 x4, 80305, 11/1 to 11/4/18) |
| CCXXXVII. | 11/12/18 | | 11/05/18 to 11/11/18 | H015x 5, 80305(11/5/18, 11/7/18, | 13,175 | 11/24/18 to 12/5/18 | 12/12/18 | 3/4/19 | 1163.1 | N706 |

| | | | | 11/8/ 18) | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|

## 16. COUNTS CCXXXVIII – CCXLIII: K.W.'s Claims

### (Chiron, as K.W.'s Assignee, v. UHC and UBH)

454.    For the following "K.W." Counts, Plaintiffs incorporate paragraphs 1-125 and 130-156 as if fully stated herein.

455.    This paragraph is also incorporated into each of the following "K.W." Counts. Given the volume of D.T.'s claims, Plaintiffs believe the core information for these Counts is best conveyed via a chart, which contains, for each claim: (1) the Count of this Second Amended Complaint that seeks payment for that claim; (2) the date Chiron sent the claim to UHC; (3) the date of service authorization ("auth. date"); (4) dates of service ("DOS") the claim pertains to; (5) the treatment codes at issue ("CPT codes") in that claim; (6) total dollars billed; (7) date the Defendants (collectively, "United") requested records; (8) date Chiron sent records; (9) when, if at all, an EOB was issued paying part of the claim; (10) the amount of partial payment; and (11) denial codes ("RMK Codes" or "Adj. Codes") that United issued via particular EOBs to the claim.

456.    This paragraph is also incorporated into each of the following "K.W." Counts. Due to the nature of some levels of treatment, not all weeks required an additional authorization call. For each of the Counts below, Chiron has appealed these claims on K.W.'s behalf, but has not been paid.

457.    All of the following Counts with a "United Req'd Records When?" column involve claims denied based upon false assertions that documentation was not provided when it was, or was otherwise denied based upon UHC and UBH's vague claim of "missing documentation," without elaboration.

458. The following Counts also involve claims denied based upon UBH requesting that Chiron incorrectly use a claims form "1500" instead of the proper claims form (a "UB-04" form), or otherwise stem from UBH's claims staff improperly applying "1500" form coding (e.g., denying "H" codes because they are not proper on "1500" forms, even though they are proper on UB-04 claims forms).

459. The chart below summarizes Counts involving claims Chiron submitted for K.W.:

**Chart of K.W.'s Claims**

| Count | Claim Sent When | Auth Date | DOS | CPT Codes | Total Billed | United Req'd Records When? | Chiron Sent Records When? | EOB Paid When? | Paid What? ($) | EOB Denial Codes |
|---|---|---|---|---|---|---|---|---|---|---|
| CCXXXVIII. | 9/10/18 | 9/5/18 | 09/04/18 to 9/9/18 | H0035x6, 80305(9/3/18, 9/5/18) | 17, 170 | 9/23/18 | 11/07/18 | N/A | N/A | |
| CCXXXIX. | 9/17/18 | 9/7/18 | 09/10/18 to 9/14/18 | H0035x5, 80305(9/10/18, 9/12/18) | 14, 775 | 9/29/18 | 11/08/18 | N/A | N/A | N706(EOB 11/23/18, codes H0035x5 80305 9/10 to 9/14/18) |
| CCXL. | 9/17/18 | 9/14/18 | 09/15/18 to 9/16/18 | H0015x2 | 3, 590 | 9/29/18 | 11/08/18 | N/A | N/A | N706(EOB 11/23/18, codes H0015x2, 9/15 to 9/16/18) |
| CCXLI. | 9/24/18 | 9/14/18 | 09/17/18 to 9/23/18 | H0015x5, 80305(9/17/18, 9/19/18, 9/20/18 | 13, 175 | 10/7/18 | 11/08/18 | 12/20/18 | 450.22 (take back done) | N706(EOB 11/29/18, codes H0015x5, 80305 9/17 to 9/21/18) |

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| CCXLII. | 10/1/18 | 9/21/18 | 09/24/18 to 9/30/18 | H0015x5, 80305(9/24/18, 9/26/18, 9/27/18) | 13, 175 | 10/12/18 | 11/13/18 | 12/28/18 | 1125.55 (take back done) | N706(EOB 12/6/18, codes H0015x5, 80305, 9/24 to 9/28/18) |
| CCXLIII. | 10/8/18 | 10/1/18 | 10/01/18 to 10/7/18 | H0015x3, 80305(101/18, 10/3/18) | 8, 185 | 10/20/18 | 11/13/18 | 12/28/18 | 225.11 did TB | N706(EOB 12/13/18, codes H0015x3, 80305, 10/1 to 10/4/18) |

### 17. **COUNTS CCXLIII - ____: D.D.'s Claims**

#### *(Chiron, as D.D.'s Assignee, v. UHC and UBH)*

460.     For the following "D.D." Counts, Plaintiffs incorporate paragraphs 1-125 and 130-156 as if fully stated herein.

461.     This paragraph is also incorporated into each of the following "D.D." Counts. D.D.'s health ID card and other documents list his claims administrator as "UMR." Plaintiffs sue UHC for these counts because UMR **is** UHC. On the website for "UMR," there appears a copyright symbol next to the words: "United Healthcare Services, Inc." Further, Plaintiffs are unable to locate any "UMR" entity that is separate from UHC. Due to these facts, Plaintiffs allege that UMR is merely a brand for a line of business within UHC. Chiron, as D.D.'s assignee, thus sues UHC and its behavioral health claims agent, UBH.

462.     This paragraph is also incorporated into each of the following "D.D." Counts." Given the volume of D.D.'s claims, Plaintiffs believe the core information for Counts XXI – LXXIII is best  conveyed via a chart, which contains, for each claim: (1) the Count of this Second Amended Complaint that seeks payment for that claim; (2) the date Chiron sent the claim to UHC;

(3) the date of service authorization ("auth. date"); (4) dates of service ("DOS") the claim pertains to; (5) the treatment codes at issue ("CPT codes") in that claim; (6) total dollars billed; (7) date the Defendants (collectively, "United") requested records; (8) date Chiron sent records; (9) when, if at all, an EOB was issued paying part of the claim; (10) the amount of partial payment; and (11) denial codes ("RMK Codes" or "Adj. Codes") that United issued via particular EOBs to the claim.

463.     This paragraph is also incorporated into each of the following "D.D." For each of the Counts below, Chiron has appealed these claims on D.D.'s behalf, but has not been paid.

464.     Each Count with a "United Req'd Records When?" column involves claims UHC and UBH denied based upon false assertions that documentation was not provided when it was, or was otherwise denied based upon UHC and UBH's vague claim of "missing documentation," without elaboration.

465.     The following Counts also involve claims denied based upon UBH requesting that Chiron incorrectly use a claims form "1500" instead of the proper claims form (a "UB-04" form), or otherwise stem from UBH's claims staff improperly applying "1500" form coding (e.g., denying "H" codes because they are not proper on "1500" forms, even though they are proper on UB-04 claims forms).

466.     The chart below summarizes claims Chiron submitted for D.D..

**Chart of DD.'s Claims**

| Count | Claim Sent When | Auth Date | DOS | CPT Codes | Total Billed | United Req'd Records When? | Chiron Sent Records When? | EOB Paid When? | Paid What? ($) | EOB Denial Codes |
|-------|-----------------|-----------|-----|-----------|--------------|----------------------------|---------------------------|----------------|----------------|------------------|
|       |                 |           |     |           |              |                            |                           |                |                |                  |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| CCXLIV. | 5/28/18 | 5/21/18 | 5/21/18 to 5/27/18 | H0035x7, 80305 (5/21/18, 5/23/18) | 19,565.00 | | | 7/25/18 | 8,589.58 |
| CCXLV. | 6/4/18 | | 5/28/18 to 5/31/18 | H0035x4, 80305 (5/28/18, 5/30/18) | 12,380.00 | | | 6/22/18 | 7,664.00 |
| CCXLVI. | 6/4/18 | | 6/01/18 to 6/3/18 | H0035x3 | 7,185.00 | | | 6/22/18 | 5,748.00 |
| CCXLVII. | 6/11/18 | 6/4/18 | 6/04/18 to 6/10/18 | H0035x7, 80305 (6/4/18, 6/6/18,) | 19,565.00 | | | 10/23/18 | 5,958.85 |
| CCXLVIII. | 6/18 | | 6/11/18 to 6/17/18 | H0035x1, 80305 (6/6/18) | 3,795.00 | | | 6/29/18 | 1,916.00 |
| CCXLIX. | 6/18/18 | 6/12/18 | 6/12/18 to 6/17/18 | H0015x6, 80305 (6/13/18, 6/15/18) | 13,570.00 | | | 6/29/18 | 8,616.00 |
| CCL. | 6/25/18 | | 6/18/18 to 6/24/18 | H0015x7, 80305 (6/18/18, 6/20/18, 6/21/18) | 16,765.00 | | | 9/11/18 | 12,565.00 |
| CCLI. | 7/2/18 | | 6/25/18 to 6/30/18 | H0015x6, 80305 (6/25/18, 6/27/18, 6/28/18) | 14,970.00 | | | 7/24/18 | 8,616.00 |
| CCLII. | 7/2/18 | | 7/01/18 | H0015 | 1,795.00 | | | 7/24/18 | 1,436.00 |
| CCLIII. | 7/9/18 | | 7/02/18 to 7/8/18 | H0015x5, 80305 (7/2/18, 7/4/18, 7/5/18) | 13,175.00 | | | 7/24/18 | 7,180.00 |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| CCLIV. | 7/16/18 | | 7/9/18 to 7/15/18 | H0015x5, 80305 (7/9/18, 7/11/18, 7/12/18) | 13,175.00 | | | 7/31/18 | 7,180.00 |
| CCLV. | 7/23/18 | | 7/16/18 to 7/22/18 | H0015x3, 80305 (7/16/18, 7/18/18, 7/19/18) | 9,585.00 | | | 8/7/18 | 4,308.00 |
| CCLVI. | 7/30/18 | | 7/23/18 to 7/29/18 | H0015x3, 80305 (7/25/18, 7/25/18, 7/26/18) | 9,585.00 | | | 8/17/18 | 4,308.00 |
| CCLVII. | 8/6/18 | | 7/30/18 | H0015, 80305 | 3,195.00 | | | 8/17/18 | 1,436.00 |
| CCLVIII. | 8/6/18 | | 8/01/18 to 8/5/18 | H0015x2, 80305 (8/1/18, 8/2/18) | 6,390.00 | | | 8/21/18 | 2,872.00 |
| CCLIX. | 8/13/18 | | 8/6/18 to 8/12/18 | H0015x3, 80305 (8/6/18, 8/8/18, 8/9/18) | 9,585.00 | | | 8/28/18 | 4,308.00 |
| CCLX. | 8/20/18 | | 8/13/18 to 8/19/18 | H0015x3, 80305 (8/13/18, 8/15/18, 8/16/18) | 9,585.00 | | | 8/31/18 | 4,308.00 |
| CCLXI. | 8/27/18 | | 8/20/18 to 8/26/18 | H0015x3, 80305 (8/20/18, 8/22/18, 8/23/18) | 9,585.00 | | | 9/11/18 | 4,308.00 |
| CCLXII. | 9/3/18 | | 8/27/18 to 8/31/18 | H0015, 80305 | 3,195.00 | 11/2/18 | 11/9/18 | 12/31/18 | 1,436.00 |
| CCLXIII. | 9/3/18 | | | H0005, H0047, 80305 | 3,000.00 | | | 12/31/18 | ^^ |

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| CCLXIV. | 9/10/18 | | 9/03/18 to 9/9/18 | H0005, H0047, 80305 | 3,000.00 | 11/2/18 | 11/9/18 | 12/31/18 | 1,280.00 | |
| CCLXV. | 9/17/18 | | 9/10/18 to 9/16/18 | H0005, H0047, 80305 | 3,000.00 | 11/2/18 | 11/9/18 | 12/16/18 | 1,280.00 | |
| CCLXVI. | 9/24/18 | | 9/17/18 to 9/23/18 | H0005, H0047, 80305 | 3,000.00 | 11/2/18 | 11/27/18 | 12/28/18 | 1,280.00 | |
| CCLXVII. | 10/1/18 | | 9/24/18 to 9/30/18 | H0005, H0047, 80305 | 3,000.00 | 11/16/18 | 11/27/18 | 12/28/18 | 1,280.00 | |
| CCLXVIII. | 10/8/18 | | 10/01/18 to 10/7/18 | H0005, H0047, 80305 | 3,000.00 | 11/16/18 | 11/26/18 | 11/8/18 | 1,280.00 | |
| CCLXIX. | 10/15/18 | | 10/8/18 to 10/14/18 | H0005, H0047, 80305 | 3,000.00 | 11/16/18 | 11/26/18 | 12/31/18 | 1,280.00 | |
| CCLXX. | 10/22/18 | | 10/15/18 to 10/21/18 | H0005, H0047, 80305 | 3,000.00 | 11/26/18 | 12/7/18 | 12/28/18 | 1,280.00 | |
| CCLXXI. | 10/29/18 | | 10/22/18 to 10/28/18 | H0005, H0047, 80305 | 3,000.00 | 12/5/18 | 12/22/18 | 5/8/19 | 1,280.00 | |
| CCLXXII. | 11/5/18 | | 10/29/18 to 10/31/18 | H0005, 80305 | 2,250.00 | | | 11/20/18 | 680.00 | |
| CCLXXIII. | 11/5/18 | | 11/01/18 to 11/4/18 | H0047 | 750 | 1/7/19 | 1/23/19 | 5/28/19 | 600.00 | |
| CCLXXIV. | 11/12/18 | | 11/5/18 to 11/11/18 | H0005, H0047, 80305 | 3,000.00 | | | 12/18/18 | 1,280.00 | |
| CCLXXV. | 11/19/18 | | 11/12/18 to 11/18/18 | H0005, H0047, 80305 | 3,000.00 | | | 12/20/18 | 1,280.00 | |
| CCLXXVI. | 11/26/18 | | 11/19/18 to 11/25/18 | H0005, H0047, 80305 | 3,000.00 | | | 12/28/18 | 1,280.00 | |

---

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| CCLXXVII. | 12/3/18 | | 11/26/18 to 11/30/18 | H0005, H0047, 80305 | 3,000.00 | | | 1/2/19 | 1,280.00 | |
| CCLXXVIII. | 12/10/18 | | 12/03/18 to 12/9/18 | H0005, H0047, 80305 | 3,000.00 | 1/11/19 | 2/14/19 | | | |
| CCLXXIX. | 12/17/18 | | 12/10/18 to 12/16/18 | H0005, 80305 | 2,250.00 | 1/11/19 | 2/14/19 | | 680.00 | |
| CCLXXX. | 12/26/18 | | 12/17/18 to 12/23/18 | H0005, H0047, 80305 | 3,000.00 | 1/11/19 | 2/14/19 | | | |
| CCLXXXI. | 1/3/19 | | 12/29/18 to 12/30/18 | H0047 | 750 | 1/11/19 | 2/14/19 | | 232.60 | N350 (EOB 3/20/19, codes H0047, 12/29/18) |
| CCLXXXII. | 1/3/19 | | 12/31/18 | H0047 | 750 | 1/11/19 | 2/14/19 | | | |
| CCLXXXIII. | 1/7/19 | | 01/02/2019 to 1/6/19 | H0005, 80305 | 2,250.00 | TER MED | | | | |
| CCLXXXIV. | 1/15/19 | | 01/11/209 to 1/13/19 | H0047 | 750 | | | | | N30 ( EOB 1/30/19, codes H0047, 1/11/19) |
| CCLXXXV. | 1/21/19 | | 01/14/2019 to 1/20/19 | H0005, H0047, 80305 | 3,000.00 | | | | | N30 ( EOB 2/6/19, codes H0005, HJ00 |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | 47, 8030 5, 1/14-1/15/ 19) |
| CCLXXXVI. | 1/21/ 19 | | 01/31/2 019 | H0005, H0047, 80305 | 3,000.00 | | | | N30 ( EOB 2/21/ 19, codes H000 5, H004 7, 1/28-1/30/ 19) |
| CCLXXXVII. | 2/11/ 19 | | 02/04/2 019 to 2/9/19 | H0005, H0047 | 1,600.00 | | | | N30 ( EOB 2/21/ 19, codes 9921 3, 2/4/1 9) |
| CLXXXVIII. | 2/18/ 19 | | 02/8/20 19 to 2/10/19 | H0005, H0047 | 1,600.00 | | | | N30 ( EOB 2/27/ 19, codes H000 5, H004 7, 2/4-2/8/1 9 |
| CCLXXXIX. | 2/11/ 19 | | 02/11/2 019 to 2/17/19 | H0005, H0047 | 1,600.00 | | | | N30 ( EOB 2/27/ 19, codes H000 5, |

| | | | | | | | | | | H004 7, 2/11- 2/17/ 19) |
|---|---|---|---|---|---|---|---|---|---|---|
| CCXC. | 3/5/1 9 | | 02/25/2 019 | H0035x 7, 80305 (5/21/18 , 5/23/18) | 5,385.00 | | | | | N30 ( EOB 3/15/ 19, codes H000 5, 2/25/ 19) |

**18. COUNT CCXCI: B.B.'s CLAIM**

    *(Chiron, as Assignee of B.B., v. UHIC and UBH*)

**COUNT CCXCI: BENEFITS DUE**
**(B.B.'s Claim Submitted 7/2/2018)**

467.    For the following "B.B." count, Plaintiffs incorporate paragraphs 1-125 and 130-156 as if fully stated herein.

468.    Beginning on 6/6/2018, UHIC and UBH authorized Chiron to provide treatment to B.B., concluding that the treatment was medically necessary. UHIC, through UBH, again authorized services on 6/11/2018, 6/18/2018, 6/25/2018, and 7/25/2018. At first, UHIC paid for these benefits, except when it applied patient responsibility (e.g., deductible, co-pay, and co-insurance. This changed in September 2018, when the United Defendants evaluated B.B.'s claim for services rendered near the end of June 2018.

469.    On 7/2/2018, Chiron submitted a claim for payment of services provided to B.B. on treatment dates 6/25/2018-6/30/2018. The claim included five days for mental health intensive outpatient treatment (treatment code H0015), and two instances of urinalysis drug testing (treatment code 80305, on 6/25/2018 and 6/27/2018). The total amount billed was $13,175.

---

470.    On 8/31/2018, UHIC sent Chiron its first records requests for B.B.'s treatments, asking that Chiron send records supporting the 7/2/2018 claim to UBH's PNI team.

471.    Chiron responded and send the records on 10/31/2018.

472.    To follow up, Chiron called UBH regarding the status of the 7/2/2018 claim on several occasions, including 11/12/2018, 11/28/2018, and 1/28/2019.

473.    During the 11/28/2018 call, UBH informed Chiron that it had partially denied B.B.'s 7/2/2018 claim. UHIC did not issued an explanation of benefits ("EOB") until 2/14/2019. Chiron, as B.B.'s assignee, then appealed, leading to another EOB for the same claim on 6/24/2019.

474.    Ultimately, UHIC approved payment for treatments rendered on 6/25/2018, but denied payment for treatments provided on 6/26/2018 – 6/29/2018. To deny these dates of service entirely, UHIC employed vague "RMK Codes" and "Adj. Codes" including: M52 (applied via the 2/14/2019 EOB to treatment codes H0015 and 80305), M19 (applied via 2/14/19 EOB to code 80305), M52 (applied to H0015 for service dates 6/26/18 - 6/28/18), 242 (applied to H0015 for service date 6/25/18), 16 (applied to H0015 for 6/27/18 – 6/28/2018, and to 80305 for 6/27/2018), 97 (applied to 80305 for 6/25/18), and 32 (applied to H0015 for 6/29/18).

475.    These denials all appear to be false and arbitrary assertions that, somehow, Chiron's documentation was sufficient to establish B.B.'s need for treatment on Monday, June 25, 2018, but not sufficient to establish medical necessity the remainder of the same week.

476.    Additionally, the "97" code applied to 80305 was an assertion that urinalysis was already "included" in the charge for intensive outpatient therapy.

477.    Chiron, as assignee, therefore seeks benefits due in an amount consistent with UHIC's prior payments for the same treatment codes and consistent with B.B.'s health plan.

## DEMAND FOR A JURY TRIAL

Plaintiffs hereby demand a jury trial on all issues so triable.

## CERTIFICATE OF SERVICE

I hereby certify that on September 25, 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I further certify that on this date, a copy of this document is being served on those users registered to receive electronic Notices of Electronic Filing generated by CM/ECF, as specified on the Service List below

CONRAD & SCHERER LLP
633 South Federal Highway, 8th Floor
Fort Lauderdale, FL 33301
Telephone:     (954) 462-5500
Facsimile:     (954) 463-9244

/s/  *Irwin R. Gilbert*
Irwin R. Gilbert
Fla. Bar No. 99473
igilbert@conradscherer.com
Jimmy W. Mintz
Fla. Bar No. 113363
jmintz@conradscherer.com
Eric M. Yesner
Fla. Bar No. 127219
eyesner@conradscherer.com

*Counsel for Plaintiffs*

**<u>SERVICE LIST</u>**
David Spector, Esq.
david.spector@hklaw.com
Sandra Heller, Esq.
sandra.heller@hklaw.com
Andrew Loewenstein, Esq.
andrew.loewenstein@hklaw.com
Darcie Thompson, Esq.
darcie.thompson@hklaw.com
HOLLAND & KNIGHT LLP
222 Lakeview Avenue, Suite 1000
West Palm Beach, FL 33401
Telephone:      (561) 833-2000
Facsimile:      (561) 650-8399

*Counsel for Defendants*

**Appendix I: Patients for Whom UHC Claimed Chiron Was "Overpaid"**

| Patient Name | Date of Verification of Benefits | Date of Pre Authorization | Dates of Service Covered |
|---|---|---|---|
| D.A. | 5/17/2017 | 5/23/2017 | 5/19-5/23/17 |
| | | 5/23/2017 | 5/23-5/26/17 |
| | | 5/30/2017 | 5/27-5/30/17 |
| | | 5/31/2017 | 5/31-6/5/17 |
| | | 6/5/2017 | 6/6-6/12/17 |
| A.A. | 1/30/2017 | 2/3/2017 | 2/3-2/8/17 |
| | | 3/14/2017 | 3/14-4/6/17 |
| A.B. | 6/30/2016 | 11/23/2016 | 11/25-12/2/16 |
| | | 11/18/2016 | 11/17/2016 to11/24/16 |
| | | 11/08/2016 | 11/09/2016 to 11/16/16 |
| | | 11/04/2016 | 11/5/2016 to11/8/16 |
| | | 11/01/2016 | 10/31/2016 to11/4/16 |
| C.B. | 3/9/2017 | 03/29/2017 | 03/27/2017 to4/12/2017 |
| | | 03/23/2017 | 03/23/2017 to3/26/217 |
| | | 03/20/2017 | 03/20/2017 to 3/22/2017 |
| | | 03/17/2017 | 03/16/2017 to 3/19/2017 |
| K.B. | 9/13/2017 | NAR[8] | NAR |
| | | NAR | NAR |
| | | NAR | NAR |
| | | NAR | NAR |
| | | 09/25/2017 | 09/25/2017 to 10/26/2017 |
| | | 09/19/2017 | 09/19/2017 to 9/22/2017 |
| | | 09/14/2017 | 09/12/2017 to 9/18/2017 |
| D.C. | 10/11/2016 | 11/15/2016 | 11/15/2016 to11/26/2016 |
| | | 11/09/2016 | 11/09/2016 to 11/14/2016 |
| | | 11/08/2016 | 11/08/2016 to 11/8/2016 |
| | | 11/05/2016 | 11/05/2016 to11/7/2016 |
| | | 10/31/2016 | 10/31/2016 to 11/4/2016 |
| | | 10/27/2016 | 10/27/2016 to 11/3/2016 |
| | | 10/25/2016 | 10/25/2016 to10/26/2016 |
| | | 10/20/2016 | 10/20/2016 to 10/24/2016 |
| | | 10/18/2016 | 10/18/2016 to 10/19/2016 |
| | | 10/14/2016 | 10/14/2016 to 10/17/2016 |
| | | 10/09/2016 | 10/09/2016 to 10/15/2016 |

[8] "NAR" means "No Authorization Required." For some levels of service, UBH does not require prior authorization of the treatment regimen.

| | | | |
|---|---|---|---|
| C.C. | 3/10/2017 | 03/21/2017 | 03/22/2017 to3/29/2016 |
| | | 03/13/2017 | 03/14/2017 to 3/21/2016 |
| | | 03/10/2017 | 03/10/2017 to3/13/2016 |
| T.F. | 5/26/2017 | 06/07/2017 | 06/07/2017 to 6/14/2017 |
| | | 06/06/2017 | 06/06/2017 to 6/6/2017 |
| | | 06/01/2017 | 06/01/2017 to 6/5/2017 |
| | | 05/27/2017 | 05/27/2017 to 5/31/2017 |
| | | 09/25/2017 | 09/25/2017 to10/2/2017 |
| | | 09/15/2017 | 09/15/2017 to9/22/2017 |
| | | 09/07/2017 | 09/07/2017 to 9/14/2017 |
| | | 09/01/2017 | 09/01/2017 to 9/6/2017 |
| S.G. | 7/24/2017 | 09/23/2017 | 09/23/2017 to 10/26/2017 |
| | | 08/22/2017 | 08/22/2017 to9/22/2017 |
| | | 08/16/2017 | 08/16/2017 to8/21/2017 |
| | | 08/08/2017 | 08/08/2017 to 8/15/2017 |
| | | 08/02/2017 | 8/2/2017 to 8/7/2017 |
| | | 07/29/2017 | 07/29/2017 to 8/1/2017 |
| | | 07/25/2017 | 07/25/2017 to 7/28/2017 |
| T.G. | 5/8/2017 | 06/03/2017 | 06/03/2017 to 6/9/2017 |
| | | 05/20/2017 | 05/20/2017 to 6/2/2017 |
| | | 05/16/2017 | 05/16/2017 to5/19/2017 |
| | | 05/09/2017 | 05/09/2017 to 5/15/2017 |
| C.G. | 8/19/2016 | 09/22/2016 | 9/21/2016 |
| | | 09/12/2016 | 09/13/2016 to 9/20/2016 |
| | | 09/02/2016 | 09/05/2016 to 9/12/2016 |
| | | 09/01/2016 | 08/30/2016 to 9/2/2016 |
| | | 08/24/2016 | 08/24/2016 to 8/29/2016 |
| | | 08/22/2016 | 08/20/2016 to 8/23/16 |
| N.H. | 4/7/17,1/17/2018 | 01/27/2018 | 01/27/2018 to 1/30/2018 |
| | | 01/22/2018 | 01/22/2018 to 1/26/2018 |
| | | 01/18/2018 | 01/18/2018 to 1/21/2018 |
| M.H. | 6/7/2017 | 06/22/2017 | 06/22/2017 to 7/11/2017 |
| | | 06/20/2017 | 06/20/2017 to 6/21/2017 |
| | | 06/15/2017 | 06/15/2017 to 6/19/2017 |
| | | 06/12/2017 | 06/12/2017 to6/14/2017 |
| | | 06/07/2017 | 06/07/2017 to 6/11/2017 |
| | | 09/27/2017 | 09/27/2017 to 10/10/2017 |
| | | 09/16/2017 | 09/16/2017 to 9/26/2017 |
| | | 09/13/2017 | 09/13/2017 to 9/15/2017 |
| B.J. | 11/2/2016 | NAR | NAR |
| | | 12/02/2016 | 12/02/2016 to 12/5/2016 |

| | | | |
|---|---|---|---|
| | | 11/22/2016 | 11/22/2016 to 11/30/2016 |
| | | 11/16/2016 | 11/16/2016 to 11/21/2016 |
| | | 11/11/2016 | 11/12/2016 to 11/15/2016 |
| | | 11/07/2016 | 11/07/2016 to 11/11/2016 |
| | | 11/04/2016 | 11/03/2016 to 11/6/2016 |
| R.J. | 8/25/2017 | 09/23/2017 | 09/23/2017 to 9/28/2017 |
| | | 09/19/2017 | 9/19/2017 to 9/22/2017 |
| | | 09/14/2017 | 09/14/2017 to 9/18/2017 |
| | | 09/06/2017 | 09/06/2017 to 9/13/2017 |
| | | 08/30/2017 | 08/30/2017 to 9/5/2017 |
| G.K. | 1/19/2018 | 01/31/2018 | 01/31/2018 to 2/4/2018 |
| M.L. | 6/5/2017,10/16/17 | 07/05/2017 | 7/5/2017 to 7/7/2017 |
| | | 06/27/2017 | 06/27/2017 to 7/4/2017 |
| | | 06/21/2017 | 06/21/2017 to6/26/2017 |
| | | 06/16/2017 | 06/16/2017 to 6/20/2017 |
| | | 06/12/2017 | 06/12/2017 to 6/15/2017 |
| | | 06/07/2017 | 06/07/2017 to 6/11/2017 |
| | | 08/23/2017 | 08/23/2017 to9/4/2017 |
| | | 08/15/2017 | 08/15/2017 to 8/22/2017 |
| | | 08/09/2017 | 08/09/2017 to 8/14/2017 |
| | | 08/04/2017 | 8/4/2017 to 8/8/2017 |
| | | 07/31/2017 | 07/31/2017 to 8/3/2017 |
| | | 11/06/2017 | 11/06/2017 to 12/6/2017 |
| | | 10/31/2017 | 10/31/2017 to 11/5/2017 |
| | | 10/24/2017 | 10/24/2017 to 10/30/2017 |
| | | 10/20/2017 | 10/20/2017 to 10/23/2017 |
| B.L. | 2/3/2017 | 02/20/2017 | 2/20/2017 to 2/20/2017 |
| | | 02/14/2017 | 2/15/2017 to 2/19/2017 |
| | | 02/08/2017 | 2/7/2017 to 2/14/2017 |
| J.M. | 8/4/2017 | 08/25/2017 | 08/25/2017 to 8/31/2017 |
| | | 08/19/2017 | 08/19/2017 to 8/23/2017 |
| | | 08/11/2017 | 08/11/2017 to 8/18/2017 |
| | | 08/07/2017 | 08/07/2017 to 8/10/2017 |
| K.M. | 11/15/2017 | 12/05/2017 | 12/05/2017 to 12/12/2017 |
| | | 11/29/2017 | 11/29/2017 to 12/4/2017 |
| | | 11/27/2017 | 11/27/2017 to 11/28/2017 |
| | | 11/22/2017 | 11/22/2017 to 11/26/2017 |
| | | 11/18/2017 | 11/18/2017 to 11/21/2017 |
| | | 11/15/2017 | 11/15/2017 to 11/17/2017 |
| K.M. | 9/19/2016 | 9/19/2016 | 9/19/2016 to 10/3/2017 |
| | | 10/4/2016 | 10/4/2016 to 10/17/2016 |

| | | | |
|---|---|---|---|
| M.M. | 8/1/2016 | 8/1/2016 | 8/1/2016 to 8/5/2016 |
| | | 8/6/2016 | 8/6/2016 to 8/12/2016 |
| C.M. | 3/3/17,9/29/16,2/4/16 | 11/30/2016 | 12/05/2016 to 1/5/2017 |
| | | 11/17/2016 | 11/18/2016 to 12/1/2016 |
| | | 11/03/2016 | 11/04/2016 to 11/17/2016 |
| | | 10/26/2016 | 10/27/2016 to 10/3/2016 |
| | | 10/04/2016 | 10/05/2016 to 10/26/2016 |
| | | 09/30/2016 | 10/01/2016 to 10/04/2016 |
| | | 09/26/2016 | 09/26/2016 to 9/30/2016 |
| | | 09/20/2016 | 09/20/2016 to 8/25/2016 |
| | | 09/19/2016 | 09/19/2016 to 9/19/2016 |
| | | 09/15/2016 | 09/14/2016 to 9/18/2016 |
| N.M. | 6/2/2017 | 06/21/2017 | 06/21/2017 to 6/26/2017 |
| | | 06/16/2017 | 06/16/2017 to 6/20/2017 |
| | | 06/13/2017 | 06/13/2017 to 6/15/2017 |
| | | 06/03/2017 | 06/03/2017 to 6/12/2017 |
| A.M. | 1/12/2018 | 02/02/2018 | 02/02/2018 to 2/9/2018 |
| | | 01/26/2018 | 01/27/2018 to 2/1/2018 |
| | | 01/26/2018 | 01/26/2018 to 1/26/2018 |
| | | 01/24/2018 | 01/23/2018 to 1/25/2018 |
| | | 01/22/2018 | 01/22/2018 to1/22/2018 |
| | | 01/17/2018 | 01/18/2018 to1/21/2018 |
| | | 01/15/2018 | 01/13/2018 to1/17/2018 |
| S.M. | 4/3/18,2/15/17 | 03/02/2017 | 03/02/2017 to 3/6/2017 |
| | | 02/26/2017 | 02/26/2017 to 3/1/2017 |
| | | 03/09/2017 | 03/09/ to 3/13/2017 |
| | | 07/20/2018 | 07/20/2018 to 8/21/2017 |
| | | 07/06/2018 | 07/06/2018 to 7/19/2018 |
| | | 06/27/2018 | 06/27/2018 to7/5/2018 |
| | | 06/23/2018 | 06/23/2018 to 6/26/2018 |
| | | 06/19/2018 | 06/19/2018 to 6/22/2018 |
| | | 06/07/2018 | 06/07/2018 to 6/18/2018 |
| | | 05/05/2018 | 05/05/2018 to 6/6/2018 |
| | | 05/01/2018 | 05/01/2018 to 5/4/2018 |
| | | 04/20/2018 | 04/20/2018 to4/27/2018 |
| | | 04/14/2018 | 04/14/2018 to 4/19/2018 |
| | | 04/10/2018 | 04/10/2018 to4/13/2018 |
| | | 04/04/2018 | 04/04/2018 to 4/9/2018 |
| | | 09/25/2018 | 09/25/2018 to 10/25/2018 |
| | | 09/11/2018 | 09/11/2018 to 9/24/2018 |
| | | 08/28/2018 | 08/28/2018 to 9/10/2018 |

| | | | |
|---|---|---|---|
| | | 08/20/2018 | 08/20/2018 to 8/27/2018 |
| | | 08/15/2018 | 08/15/2018 to 8/19/2018 |
| | | 08/10/2018 | 08/10/2018 to 8/14/2018 |
| | | 8/6/2018 | 8/6/2018 to 8/9/2018 |
| K.N. | 3/1/17,10/13/17 | 11/11/2016 | 11/11/2016 to 11/18/2016 |
| | | 11/03/2016 | 11/03/2016 to 11/10/2016 |
| | | 10/28/2016 | 10/28/2016 to 11/2/2016 |
| | | 10/26/2016 | 10/26/2016 to 10/26/2016 |
| | | 10/21/2016 | 10/21/2016 to 10/25/2016 |
| | | 10/17/2016 | 10/17/2016 to 10/20/2016 |
| | | 03/31/2017 | 03/31/2017 to 4/6/2017 |
| | | 03/22/2017 | 03/22/2017 to 3/29/2017 |
| | | 03/15/2017 | 03/15/2017 to 3/21/2017 |
| | | 03/11/2017 | 03/11/2017 to 3/14/2017 |
| S.A.P. | 9/13/2016 | 01/14/2017 | 01/14/2017 to 2/14/2017 |
| | | 12/13/2016 | 12/13/2016 to 1/13/2017 |
| | | 11/10/2016 | 11/10/2016 to 12/12/2016 |
| | | 10/27/2016 | 10/27/2016 to 11/8/2016 |
| | | 10/14/2016 | 10/14/2016 to 10/26/2016 |
| | | 09/27/2016 | 09/27/2016 to 10/12/2016 |
| | | 09/22/2016 | 09/22/2016 to 9/26/2016 |
| | | 09/17/2016 | 09/17/2016 to 9/21/2016 |
| | | 09/14/2016 | 09/14/2016 to 9/16/2016 |
| S.P. | 2/26/2018 | 07/27/2018 | 07/27/2018 to 7/30/2018 |
| | | 06/19/2018 | 06/19/2018 to 7/26/2018 |
| | | 05/17/2018 | 05/17/2018 to 6/18/2018 |
| | | 05/11/2018 | 05/11/2018 to 5/16/2018 |
| | | 04/27/2018 | 04/27/2018 to 5/10/2018 |
| | | 03/29/2018 | 03/29/2018 to 4/26/2018 |
| | | 03/23/2018 | 03/23/2018 to 3/28/2018 |
| | | 03/20/2018 | 03/20/2018 to  3/22/2018 |
| | | 03/15/2018 | 03/15/2018 to 3/19/2018 |
| | | 03/10/2018 | 03/10/2018 to 3/14/2018 |
| | | 03/07/2018 | 03/07/2018 to 3/9/2018 |
| A.P. | Nov-16 | 11/08/2016 | 11/08/2016 to 11/16/2018 |
| | | 11/02/2016 | 11/01/2016 to 11/7/2016 |
| E.R. | 3/8/2018 | 01/26/2019 | 01/26/2019 to 2/26/2019 |
| | | 12/29/2018 | 12/29/2018 to 1/25/2019 |
| | | 11/29/2018 | 11/29/2018 to 12/28/2018 |
| | | 10/26/2018 | 10/26/2018 to 11/28/2018 |
| | | 09/25/2018 | 09/25/2018 to 10/25./2018 |

| | | | |
|---|---|---|---|
| | | 08/24/2018 | 08/24/2018 to 9/24/2018 |
| | | 07/24/2018 | 07/24/2018 to 8/23/2018 |
| | | 06/23/2018 | 06/23/2018 to 7/23/2018 |
| | | 05/26/2018 | 05/26/2018 to 6/22/2018 |
| | | 04/26/2018 | 04/26/2018 to 5/25/2018 |
| | | 04/17/2018 | 04/17/2018 to 4/25/2018 |
| | | 04/09/2018 | 04/09/2018 to 4/16/2018 |
| | | 04/02/2018 | 04/02/2018 to 4/7/2018 |
| | | 03/29/2018 | 03/29/2018 to 4/1/2018 |
| | | 03/23/2018 | 03/23/2018 to 3/28/2018 |
| | | 3/20/2018 | 3/20/2018 to 3/22/2018 |
| A.R. | 12/26/2017 | 12/27/2017 | 12/27/2017 to12/31/2017 |
| S.R. | 6/8/2018 | 09/07/2018 | 09/07/2018 to 10/18/2018 |
| | | 08/31/2018 | 08/31/2018 to 9/6/2018 |
| | | 08/25/2018 | 08/25/2018 to 8/30/2018 |
| | | 08/11/2018 | 08/11/2018 to 8/24/2018 |
| | | 07/30/2018 | 07/30/2018 to 8/10/2018 |
| | | 07/26/2018 | 07/26/2018 to 7/27/2018 |
| | | 07/12/2018 | 07/12/2018 to 7/25/2018 |
| | | 07/07/2018 | 07/07/2018 to 7/11/2018 |
| | | 07/02/2018 | 07/02/2018 to 7/6/2018 |
| | | 06/25/2018 | 06/25/2018 to 6/30/2018 |
| | | 06/21/2018 | 06/21/2018 to 6/24/2018 |
| | | 06/16/2018 | 06/16/2018 to 6/20/2018 |
| | | 06/13/2018 | 06/13/2018 to 6/15/2018 |
| | | 06/08/2018 | 06/08/2018 to 6/12/2018 |
| D.R. | 7/18/2016 | 7/18/2016 | 7/18/2016 to 7/21/2016 |
| | | 7/22/2016 | 7/22/2016 to 8/8/2016 |
| | | 8/9/2016 | 8/9/2016 to 8/15/2016 |
| | | 8/16/2016 | 8/16/2016 to 8/17/2016 |
| J.R. | 3/15/2017 | 06/17/2017 | 06/17/2017 to 6/29/2017 |
| | | 06/12/2017 | 06/12/2017 to 6/16/2017 |
| | | 05/22/2017 | 05/22/2017 to 6/9/2017 |
| | | 05/26/2017 | 05/26/2017 to 6/29/2017 |
| | | 05/19/2017 | 05/19/2017 to 5/25/2017 |
| | | 05/01/2017 | 05/01/2017 to 5/18/2017 |
| | | 04/22/2017 | 04/22/2017 to 4/28/2017 |
| | | 04/15/2017 | 04/15/2017 to 4/21/2017 |
| | | 04/08/2017 | 04/08/2017 to 4/14/2017 |
| | | 04/01/2017 | 04/01/2017 to 4/7/2017 |
| | | 03/28/0017 | 03/28/0017 to 3/31/2017 |

| | | 03/23/2017 | 03/23/2017 to 3/27/2017 |
|---|---|---|---|
| K.R. | 11/29/2016 | 01/10/2017 | 01/10/2017 to 2/10/2017 |
| | | 01/04/2017 | 01/04/2017 to 1/9/2017 |
| | | 12/21/2016 | 12/21/2016 to 1/2/2017 |
| | | 12/14/2016 | 12/14/2016 to 12/20/2016 |
| | | 12/13/2016 | 12/13/2016 to 12/13/2016 |
| | | 12/09/2016 | 12/09/2016 to 12/12/2016 |
| | | 12/05/2016 | 12/05/2016 to 12/8/2016 |
| K.A.R. | 7/21/2016 | 8/4/2016 | 8/4/2016 to 8/7/2016 |
| | | 8/8/2016 | 8/8/2016 to 8/11/2018 |
| E.S. | 2/28/18,4/16/18,11/12/18 | 03/17/2018 | 03/17/2018 to 3/26/2018 |
| | | 03/10/2018 | 03/10/2018 to 3/16/2018 |
| | | 03/05/2018 | 03/05/2018 to3/9/2018 |
| | | 05/31/2018 | 05/31/2018 to 6/8/2018 |
| | | 05/10/2018 | 05/10/2018 to 5/29/2018 |
| | | 05/04/2018 | 05/04/2018 to 5/9/2018 |
| | | 04/28/2018 | 04/28/2018 to 5/2/2018 |
| | | 04/21/2018 | 04/21/2018 to 4/27/2018 |
| | | 04/16/2018 | 04/16/2018 to 4/20/2018 |
| | | 11/20/2018 | 11/20/2018 to 12/3/2018 |
| | | 11/12/2018 | 11/12/2018 to 11/19/2018 |
| N.T. | 9/8/2016, 11/5/2016 | 11/7/2016 | 11/7/2016 to 11/12/2016 |
| B.W. | 4/29/16, 3/17/2017 | 05/08/2017 | 05/09/2017 to 6/6/2017 |
| | | 04/17/2017 | 04/18/2017 to 5/8/2017 |
| | | 04/13/2017 | 04/14/2017 to 4/17/2017 |
| | | 04/07/2017 | 03/28/2017 to 4/13/2017 |
| | | 03/28/2017 | 03/28/2017 to 4/5/2017 |
| | | 02/27/2018 | 02/28/2018 to 3/28/2018 |
| | | 01/25/2018 | 01/26/2018 to2/27/2018 |
| | | 12/28/2017 | 12/29/2017 to 1/25/2018 |
| | | 11/29/2017 | 11/30/2017 to 12/28/2017 |
| | | 10/31/2017 | 10/18/2017 to 11/29/2017 |
| | | 10/09/2017 | 10/04/2017 to 10/17/2017 |
| | | 09/22/2017 | 09/22/2017 to 10/3/2017 |
| | | 08/24/2017 | 08/26/2017 to 9/21/2017 |
| | | 07/21/2017 | 07/22/2017 to 8/25/2017 |
| | | 07/21/2017 | 07/20/2017 to 7/20/2017 |
| | | 07/07/2017 | 07/10/2017 to 7/19/2017 |
| | | 06/29/2017 | 06/29/2017 to 7/7/2017 |
| | | 06/22/2017 | 06/22/2017 to 6/28/2017 |
| | | 06/19/2017 | 06/19/2017 to 6/21/2017 |

| | | 06/13/2017 | 06/12/2017 to 6/16/2017 |
|---|---|---|---|
| J.W. | 9/12/16, 3/10/2017 | 9/17/2016 | 9/17/2016 to 9/20/2016 |
| | | 9/20/2016 | 9/21/2016 to 9/27/2016 |
| R.W. | 5/20/2018 | 06/11/2018 | 06/11/2018 to 6/18/2018 |
| | | 05/30/2018 | 05/30/2018 to 6/8/2018 |
| | | 05/26/2018 | 05/26/2018 to 5/29/2018 |
| | | 05/22/2018 | 05/22/2018 to 5/25/2018 |
| | | 05/17/2018 | 05/17/2018 to 5/21/2018 |
| B.Z. | 4/15/2016 | | |
| Z.Z. | 2/5/2017, 1/22/2018 | 02/06/2017 | 02/06/2017 to 2/9/2017 |
| | | 02/01/2017 | 02/01/2017 to 2/5/2017 |
| | | 02/26/2018 | 02/26/2018 to 3/19/2018 |
| | | 02/16/2018 | 02/16/2018 to 2/23/2018 |
| | | 02/13/2018 | 02/13/2018 to 2/15/2018 |
| | | 02/06/2018 | 02/06/2018 to 2/12/2018 |
| | | 02/02/2018 | 02/02/2018 to 2/5/2018 |

**Appendix II: Patients With Pending Claims or Benefits Denials**

| Patient Name | Date of VOB | Dates of Pre Authorization | Dates of Service Covered |
|---|---|---|---|
| B.B. | 6/6/2018 | 07/05/2018 | 07/04/2018 to 7/6/2018 |
| | | 06/26/2018 | 06/25/2018 to 7/3/2018 |
| | | 06/19/2018 | 06/19/2018 to 6/24/2018 |
| | | 06/19/2018 | 06/18/2018 to 6/18/2018 |
| | | 06/12/2018 | 06/11/2018 to 6/17/2018 |
| | | 06/07/2018 | 06/06/2018 to 6/10/2018 |
| C.G. | 10/16/2017 | 07/01/2018 | 7/1/2018 |
| | | 07/24/2018 | 07/24/2018 to 8/1/2018 |
| | | 07/06/2018 | 07/06/2018 to 7/16/2018 |
| | | 06/01/2018 | 06/01/2018 to 6/14/2018 |
| | | 05/18/2018 | 05/18/2018 to 5/31/2018 |
| | | 05/01/2018 | 05/01/2018 to 5/4/2018 |
| | | 07/17/2018 | 07/17/2018 to 7/23/2018 |
| | | 06/28/2018 | 06/28/2018 to 7/5/2018 |
| | | 06/15/2018 | 06/15/2018 to 6/27/2018 |
| | | 05/05/2018 | 05/05/2018 to 5/17/2018 |
| | | 04/17/2018 | 04/17/2018 to 4/30/2018 |
| | | 04/13/2018 | 04/13/2018 to 4/16/2018 |
| | | 03/30/2018 | 03/30/2018 to 4/12/2018 |
| | | 03/19/2018 | 03/19/2018 to 3/29/2018 |
| | | 03/10/2018 | 03/10/2018 to 3/16/2018 |
| | | 03/03/2018 | 03/03/2018 to 3/9/2018 |
| | | 02/19/2018 | 02/19/2018 to 3/2/2018 |
| | | 02/09/2018 | 02/09/2018 to 2/18/2018 |
| | | 01/31/2018 | 01/31/2018 to 2/17/2018 |
| | | 01/02/2018 | 01/02/2018 to 1/30/2018 |
| | | 12/19/2017 | 12/19/2017 to 1/1/2018 |
| | | 11/29/2017 | 11/29/2017 to 12/18/2017 |
| | | 11/18/2017 | 11/18/2017 to 11/28/2017 |
| | | 11/11/2017 | 11/11/2017 to 11/17/2017 |
| | | 11/07/2017 | 11/07/2017 to 11/10/2017 |
| | | 10/31/2017 | 10/31/2017 to 11/6/2017 |
| | | 10/19/2017 | 10/19/2017 to 10/30/2017 |
| | | 06/29/2017 | 06/29/2017 to 6/30/2017 |
| | | 08/02/2017 | 08/02/2017 to 8/15/2017 |
| | | 07/19/2017 | 07/19/2017 to 8/1/2017 |
| | | 07/01/2017 | 07/01/2017 to 7/18/2017 |
| D.D. | 5/11/2018 | 02/13/2019 | 02/13/2019 to 2/18/2019 |

| | | | |
|---|---|---|---|
| | | 01/26/2019 | 01/26/2019 to 2/25/2019 |
| | | 01/26/2019 | 01/26/2019 to 2/22/2019 |
| | | 12/29/2018 | 12/29/2018 to 01/25/2019 |
| | | 11/29/2018 | 11/29/2018 to 12/28/2018 |
| | | 10/26/2018 | 10/26/2018 to 11/28/2018 |
| | | 09/29/2018 | 09/29/2018 to 10/25/2018 |
| | | 08/28/2018 | 08/28/2018 to 9/28/2018 |
| | | 08/14/2018 | 08/14/2018 to 8/27/2018 |
| | | 07/31/2018 | 07/31/2018 to 8/13/2018 |
| | | 07/17/2018 | 07/17/201 to 7/30/20188 |
| | | 07/03/2018 | 07/03/2018 to 7/16/2018 |
| | | 06/30/2018 | 06/30/2018 to 7/2/2018 |
| | | 06/26/2018 | 06/26/2018 to 6/29/2018 |
| | | 06/12/2018 | 06/12/2018 to 6/25/2018 |
| | | 06/04/2018 | 06/04/2018 to 6/11/2018 |
| | | 05/21/2018 | 05/21/2018 to 6/3/2018 |
| A.E. | 8/10/2018 | | |
| W.G. | 8/15/2018 | 02/22/2019 | 02/22/2019 to 3/22/2019 |
| | | 01/25/2019 | 01/25/2019 to 2/21/2019 |
| | | 12/29/2018 | 12/29/2018 to 1/24/2019 |
| | | 11/29/2018 | 11/29/2018 to 12/28/2018 |
| | | 10/23/2018 | 10/23/2018 to 11/28/2018 |
| | | 09/21/2018 | 09/21/2018 to10/22/2018 |
| | | 09/07/2018 | 09/07/2018 to9/20/2018 |
| | | 08/30/2018 | 08/30/2018 to 9/6/2018 |
| | | 08/24/2018 | 08/24/2018 to 8/29/2018 |
| | | 08/20/2018 | 08/20/2018 to 8/23/2018 |
| | | 08/15/2018 | 08/15/2018 to 9/19/2018 |
| K.H. | 3/23/2018 | 06/01/2018 | 06/01/2018 to 6/29/2018 |
| | | 05/01/2018 | 05/01/2018 to 5/31/2018 |
| | | 04/25/2018 | 04/25/2018 to 4/30/2018 |
| | | 04/17/2018 | 04/17/2018 to 4/24/2018 |
| | | 04/10/2018 | 04/10/2018 to 4/16/2018 |
| | | 04/03/2018 | 04/03/2018 to 4/9/2018 |
| | | 03/29/2018 | 03/29/2018 to 4/2/2018 |
| | | 03/23/2018 | 03/23/2018 to 3/28/2018 |
| S.M. | 4/3/18, 2/15/17 | 03/02/2017 | 03/02/2017 to 3/6/2017 |
| | | 02/26/2017 | 02/26/2017 to 3/1/2017 |
| | | 03/09/2017 | 03/09/ to 3/13/2017 |
| | | 07/20/2018 | 07/20/2018 to 8/21/2017 |
| | | 07/06/2018 | 07/06/2018 to 7/19/2018 |

| | | 06/27/2018 | 06/27/2018 to7/5/2018 |
|---|---|---|---|
| | | 06/23/2018 | 06/23/2018 to 6/26/2018 |
| | | 06/19/2018 | 06/19/2018 to 6/22/2018 |
| | | 06/07/2018 | 06/07/2018 to 6/18/2018 |
| | | 05/05/2018 | 05/05/2018 to 6/6/2018 |
| | | 05/01/2018 | 05/01/2018 to 5/4/2018 |
| | | 04/20/2018 | 04/20/2018 to4/27/2018 |
| | | 04/14/2018 | 04/14/2018 to 4/19/2018 |
| | | 04/10/2018 | 04/10/2018 to4/13/2018 |
| | | 04/04/2018 | 04/04/2018 to 4/9/2018 |
| | | 09/25/2018 | 09/25/2018 to 10/25/2018 |
| | | 09/11/2018 | 09/11/2018 to 9/24/2018 |
| | | 08/28/2018 | 08/28/2018 to 9/10/2018 |
| | | 08/20/2018 | 08/20/2018 to 8/27/2018 |
| | | 08/15/2018 | 08/15/2018 to 8/19/2018 |
| | | 08/10/2018 | 08/10/2018 to 8/14/2018 |
| | | 8/6/2018 | 8/6/2018 to 8/9/2018 |
| M.M. | | 07/30/2018 | 07/30/2018 to 8/6/2018 |
| | | 07/23/2018 | 07/23/2018 to 7/28/2018 |
| | | 07/19/2018 | 07/19/2018 to 7/22/2018 |
| | | 07/13/2018 | 07/13/2018 to 7/18/2018 |
| | | 07/09/2018 | 07/09/2018 to 7/12/2018 |
| A.N. | 10/15/2018 | 11/07/2018 | 11/07/2018 to 11/14/2018 |
| | | 10/31/2018 | 10/31/2018 to 11/6/2018 |
| | | 10/23/2018 | 10/24/2018 to 10/30/2018 |
| | | 10/19/2018 | 10/19/2018 to 10/23/2018 |
| | | 10/16/2018 | 10/15/2018 to 10/18/2018 |
| S.P. | 2/26/2018 | 07/27/2018 | 07/27/2018 to 7/30/2018 |
| | | 06/19/2018 | 06/19/2018 to 7/26/2018 |
| | | 05/17/2018 | 05/17/2018 to 6/18/2018 |
| | | 05/11/2018 | 05/11/2018 to 5/16/2018 |
| | | 04/27/2018 | 04/27/2018 to 5/10/2018 |
| | | 03/29/2018 | 03/29/2018 to 4/26/2018 |
| | | 03/23/2018 | 03/23/2018 to 3/28/2018 |
| | | 03/20/2018 | 03/20/2018 to  3/22/2018 |
| | | 03/15/2018 | 03/15/2018 to 3/19/2018 |
| | | 03/10/2018 | 03/10/2018 to 3/14/2018 |
| | | 03/07/2018 | 03/07/2018 to 3/9/2018 |
| E.R. | 3/8/2018 | 01/26/2019 | 01/26/2019 to 2/26/2019 |
| | | 12/29/2018 | 12/29/2018 to 1/25/2019 |
| | | 11/29/2018 | 11/29/2018 to 12/28/2018 |

| | | 10/26/2018 | 10/26/2018 to 11/28/2018 |
|---|---|---|---|
| | | 09/25/2018 | 09/25/2018 to 10/25./2018 |
| | | 08/24/2018 | 08/24/2018 to 9/24/2018 |
| | | 07/24/2018 | 07/24/2018 to 8/23/2018 |
| | | 06/23/2018 | 06/23/2018 to 7/23/2018 |
| | | 05/26/2018 | 05/26/2018 to 6/22/2018 |
| | | 04/26/2018 | 04/26/2018 to 5/25/2018 |
| | | 04/17/2018 | 04/17/2018 to 4/25/2018 |
| | | 04/09/2018 | 04/09/2018 to 4/16/2018 |
| | | 04/02/2018 | 04/02/2018 to 4/7/2018 |
| | | 03/29/2018 | 03/29/2018 to 4/1/2018 |
| | | 03/23/2018 | 03/23/2018 to 3/28/2018 |
| | | 3/20/2018 | 3/20/2018 to 3/22/2018 |
| S.R. | 6/8/2018 | 09/07/2018 | 09/07/2018 to 10/18/2018 |
| | | 08/31/2018 | 08/31/2018 to 9/6/2018 |
| | | 08/25/2018 | 08/25/2018 to 8/30/2018 |
| | | 08/11/2018 | 08/11/2018 to 8/24/2018 |
| | | 07/30/2018 | 07/30/2018 to 8/10/2018 |
| | | 07/26/2018 | 07/26/2018 to 7/27/2018 |
| | | 07/12/2018 | 07/12/2018 to 7/25/2018 |
| | | 07/07/2018 | 07/07/2018 to 7/11/2018 |
| | | 07/02/2018 | 07/02/2018 to 7/6/2018 |
| | | 06/25/2018 | 06/25/2018 to 6/30/2018 |
| | | 06/21/2018 | 06/21/2018 to 6/24/2018 |
| | | 06/16/2018 | 06/16/2018 to 6/20/2018 |
| | | 06/13/2018 | 06/13/2018 to 6/15/2018 |
| | | 06/08/2018 | 06/08/2018 to 6/12/2018 |
| E.S. | 2/28/18,4/16/1 8,11/12/18 | 03/17/2018 | 03/17/2018 to 3/26/2018 |
| | | 03/10/2018 | 03/10/2018 to 3/16/2018 |
| | | 03/05/2018 | 03/05/2018 to3/9/2018 |
| | | 05/31/2018 | 05/31/2018 to 6/8/2018 |
| | | 05/10/2018 | 05/10/2018 to 5/29/2018 |
| | | 05/04/2018 | 05/04/2018 to 5/9/2018 |
| | | 04/28/2018 | 04/28/2018 to 5/2/2018 |
| | | 04/21/2018 | 04/21/2018 to 4/27/2018 |
| | | 04/16/2018 | 04/16/2018 to 4/20/2018 |
| | | 11/20/2018 | 11/20/2018 to 12/3/2018 |
| | | 11/12/2018 | 11/12/2018 to 11/19/2018 |
| C.W. | 10/4/2018 | 10/23/2018 | 10/20/2018 to 11/16/2018 |
| | | 10/17/2018 | 10/17/2018 to 10/19/2018 |

| | | | |
|---|---|---|---|
| | | 10/08/2018 | 10/08/2018 to 10/16/2018 |
| | | 10/05/2018 | 10/04/2018 to 10/07/2018 |
| Ke.W. | 2/19/2017, 8/20/2018 | 02/22/2017 | 02/2 to 3/1/20/17 |
| | | 02/15/2017 | 02/15/2017 to 2/21/2017 |
| | | 10/01/2018 | 10/1/2018 to 10/11/2018 |
| | | 09/21/2018 | 09/21/2018 to 9/.28/2018 |
| | | 09/15/2018 | 09/15/2018 to9/20/2018 |
| | | 09/12/2018 | 09/12/2018 to 9/14/2018 |
| | | 09/08/2018 | 09/08/2018 to 9/11/2018 |
| | | 09/04/2018 | 09/04/2018 to 9/7/2018 |
| D.T. | 12/21/2018 | 01/01/2019 | 01/01/2019 to 1/4/2019 |
| | | 12/29/2018 | 12/29/2018 to 12/31/2018 |
| | | 12/21/2018 | 12/21/2018 to 12/28/2018 |
| J.D. | 10/22/2018 | 11/03/2018 | 11/03/2018 to 11/14/2018 |
| | | 10/31/2018 | 10/31/2018 to 11/2/2018 |
| | | 10/26/2018 | 10/26/2018 to 10/30/2018 |
| | | 10/22/2018 to 10/25/2018 | 11/15/2018 to 11/22/2018 |

**<u>Appendix III. Legend of United's Recrods Request "Denial Codes"</u>**

"Missing Documentation" Codes: M52, N682, N705, HK, 16, 252, 151, 226, N394, M50N163, M50, N237, N464, M127, N77.

Dated: September 25, 2019

/s/  *Irwin R. Gilbert*_____
Irwin R. Gilbert
Fla. Bar No. 99473